EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Aprobación de las<br>Reglas de Procedimiento Civil<br>de Puerto Rico | 2009 TSPR 143<br><br><br>176 DPR ____ |

Número del Caso: ER-2009-3

Fecha: 4 de septiembre de 2009

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aprobación de las
Reglas de Procedimiento Civil
de Puerto Rico                    ER-2009-03

RESOLUCIÓN

San Juan, Puerto Rico, a 4 de septiembre de 2009.

Al amparo de la facultad inherente que nos confiere el Art. V, Sec.6, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, este Tribunal adopta unas nuevas Reglas de Procedimiento Civil para el Tribunal General de Justicia.

En virtud de la Resolución EC-2005-01, In re: Comité Asesor Permanente de Reglas de Procedimiento Civil, 165 D.P.R. 536 (2005), designamos al Comité Asesor Permanente de Reglas de Procedimiento Civil con la encomienda de evaluar las Reglas de Procedimiento Civil de 1979 a la luz de la Ley de la Judicatura de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24 *et seq.*, según enmendada, y con el propósito principal de agilizar los procedimientos. El Comité fue constituido por los y las juristas siguientes:

Lcdo. José A. Andréu García, Presidente
Lcda. Lady Alfonso de Cumpiano
Lcdo. Francisco G. Bruno Rovira
Hon. Héctor J. Conty Pérez

Lcdo. José A. Cuevas Segarra
Lcda. Waleska Delgado Marrero
Lcdo. Rafael Hernández Colón
Hon.  Luis E. Maldonado Guzmán
Lcdo. Manuel Martínez Umpierre
Lcdo. José E. Otero Matos
Lcdo. Harold D. Vicente González
Lcda. Sylvia Vilanova Hernández

Desde su creación en el 2005, el Comité Asesor Permanente trabajó arduamente y con dedicación para el cumplimiento de la encomienda que le delegamos. El Comité enmarcó el intenso proceso de revisión y análisis en el estudio de la jurisprudencia alusiva a las Reglas; las recomendaciones propuestas en los Informes de Reglas de Procedimiento Civil de 1994 y 1996; las Reglas de Procedimiento Civil Federal; las reglas de procedimiento civil de algunos estados de los Estados Unidos; y las últimas tendencias en otras jurisdicciones. Además, tomó en consideración las recomendaciones sugeridas por la Comisión Futurista de los Tribunales en su Informe *Visión en Ruta al Futuro*; las investigaciones de las asesoras legales del Secretariado de la Conferencia Judicial y Notarial y el insumo recibido de distintos sectores de la comunidad jurídica. Así, también, el Comité consideró los proyectos de ley para enmendar las Reglas vigentes presentados en la Cámara de Representantes y en el Senado de Puerto Rico.

Como parte del proceso de revisión, el Comité se enfocó en transformar el procedimiento ordinario civil tradicional en uno más dinámico y proactivo y de diseñar unas reglas que le permitirán al juez o jueza tomar el control del caso desde una etapa temprana. Además, se propuso establecer mecanismos que faciliten que los casos y las controversias se tramiten de una forma más ágil y eficiente, evitando así la dilación de los procedimientos de naturaleza civil y los altos costos que han caracterizado al ordenamiento procesal vigente.

Igualmente, el Comité tuvo como norte la creación de unas nuevas reglas que fomenten el más amplio acceso de la ciudadanía a su sistema de justicia con el reconocimiento de la representación por derecho propio y una revisión integrada de los procesos de descubrimiento de prueba, en especial, la intervención del tribunal cuando éstos se convierten en opresivos y abusivos. Se concibió además insoslayable la adaptación de las reglas al Siglo XXI, incorporando los avances tecnológicos en los medios de comunicación, indispensables para la agilización y flexibilización de algunos trámites procesales y, el desarrollo de la evidencia electrónica como parte de lo que se puede descubrir en la etapa del descubrimiento de prueba.

Concluida su encomienda, el 26 de diciembre de 2007, el Comité Asesor Permanente hizo entrega formal de su Informe de Reglas de Procedimiento Civil y, mediante Resolución del 18 de enero de 2008, EC-2008-02, agradecimos a los miembros del Comité Asesor la dedicación y el empeño con que descargaron su encomienda, y dimos por cumplida la tarea que le asignamos en septiembre del 2005.

Posteriormente, mediante Resolución del 11 de enero de 2008, EC-2008-01, este Tribunal convocó a los jueces y juezas del Tribunal General de Justicia y del Tribunal de Apelaciones y a los miembros de la Conferencia Judicial, a la Vigésima Cuarta Sesión Ordinaria de la Conferencia Judicial, que se celebró durante el 14 y 15 de febrero de 2008. Los trabajos de esta Conferencia se enmarcaron en la presentación de los proyectos de reglas procesales en materia civil y penal y derecho probatorio.

A manera de preludio de los trabajos de la Vigésima Cuarta Conferencia Judicial, se realizó un conversatorio en la Academia Judicial Puertorriqueña para discutir el Proyecto presentado por el Comité Asesor Permanente de Reglas de Procedimiento Civil. De ese conversatorio, en el cual participaron jueces y juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, surgieron varias recomendaciones que fueron acogidas por el Comité Asesor Permanente e incorporadas al Proyecto de Reglas que habían presentado en diciembre de 2007.

El 14 de febrero de 2008, durante el primer día de la Vigésima Cuarta Conferencia Judicial, el Comité Asesor Permanente de Procedimiento Civil presentó ante la Judicatura allí convocada un resumen de sus propuestas fundamentales. De la interacción surgida durante la presentación, y de las sesiones de discusión entre jueces y juezas, celebradas el segundo día de la Conferencia, surgieron recomendaciones adicionales, las cuales fueron sometidas y evaluadas por el Secretariado de la Conferencia Judicial.

Previamente, a principios del 2008, habíamos instruido a la Directora del Secretariado, Lcda. Lilia M. Oquendo Solís, a divulgar el Proyecto y tomar las medidas necesarias para conceder a la comunidad jurídica y a la ciudadanía la oportunidad de examinar el Informe y someter sus recomendaciones. A raíz de ello, se crearon enlaces cibernéticos para que la ciudadanía pudiera acceder el Informe Final, el Resumen Ejecutivo y el Proyecto de Reglas en el Portal de la Rama Judicial. Además, se remitieron copias impresas y digitales del Informe Final a diversas entidades y sectores de la comunidad jurídica y de la sociedad civil para que sometieran sus reacciones, comentarios y sugerencias a través de un buzón electrónico, o directamente por escrito al Secretariado de la Conferencia Judicial y Notarial. Entre otras entidades, se

solicitaron reacciones al Departamento de Justicia, a la Oficina del Procurador General y del Fiscal General, al Colegio de Abogados de Puerto Rico, a Pro Bono, Inc., a la Comisión de Derechos Civiles, al Departamento de la Familia, a la Administración para el Sustento de Menores y a las cuatro Escuelas de Derecho, así como a sus clínicas de asistencia legal. Como parte de dicho proceso, internamente se remitieron copias impresas y digitales a la Directora de la Oficina de la Administración de los Tribunales (OAT), a los Jueces Administradores y Juezas Administradoras, así como a las bibliotecas de todas las Regiones Judiciales y del Tribunal de Apelaciones, a la Oficina de Asuntos Legales y a la Oficina de Legislación y Reglamentos de la OAT.

Simultáneamente, el Comité Asesor presentó el Proyecto de Reglas de Procedimiento Civil en conversatorios y conferencias auspiciadas por el Colegio de Abogados de Puerto Rico, el Departamento de Justicia, la Escuela de Derecho de la Universidad de Puerto Rico y la Academia Judicial Puertorriqueña, entre otras.

Una vez finalizada la etapa de divulgación y recopilación de información, el Secretariado de la Conferencia Judicial analizó cada uno de los comentarios y sugerencias, y remitió a este Tribunal sus recomendaciones tomando en consideración las reacciones de todos los sectores consultados.

Analizado el Proyecto y todas las recomendaciones recibidas, este Tribunal adopta las siguientes *Reglas de Procedimiento Civil de Puerto Rico*, que incluyen un Apéndice de Formularios para ilustrar la forma y el contenido de algunos escritos, y se hacen formar parte integral de esta Resolución.

Se ordena a la Secretaria del Tribunal que, conforme al mandato del Art. V, Sec. 6, de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, remita estas Reglas de Procedimiento Civil de Puerto Rico a la consideración de la Asamblea Legislativa durante la presente Sesión Ordinaria.

Publíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rivera Pérez y Martínez Torres disienten del texto aprobado de la Regla 4.3 por entender que el archivo debe ser *sin perjuicio.* La Juez Asociada señora Pabón Charneco disiente del lenguaje de la Regla 9.3. El Juez Asociado señor Rivera Pérez disiente del texto aprobado de la Regla 10.1 porque entiende que se debe eliminar el término de 60 días que se le concede al ELA, y uniformar todas las alegaciones responsivas a 30 días. El Juez Asociado señor

Rivera Pérez disiente del texto de la Regla 15.3. El Juez Asociado señor Rivera Pérez y la Juez Asociada señora Pabón Charneco disienten del segundo párrafo del texto del inciso (d) de la Regla 52.2. Las Juezas Asociadas señoras Fiol Matta y Rodríguez Rodríguez disienten de la Regla 60 por entender que la cuantía de $15,000 es muy alta, y es en perjuicio de los menos pudientes.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

# REGLAS DE PROCEDIMIENTO CIVIL

## CAPÍTULO  I.  ALCANCE DE ESTAS REGLAS

### REGLA 1.  ALCANCE DE ESTAS REGLAS

Estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento.

## CAPÍTULO II.  INICIACIÓN DEL PLEITO

### REGLA 2.  FORMA DE INICIAR UN PLEITO

Un pleito se inicia con la presentación de una demanda en el tribunal.

### REGLA 3.  JURISDICCIÓN; COMPETENCIA Y TRASLADO

### Regla 3.1. Jurisdicción

(a)  El Tribunal General de Justicia tendrá jurisdicción:

    (1)  sobre todo asunto, caso o controversia que surja dentro de la demarcación territorial del Estado Libre Asociado de Puerto Rico, y

    (2)  sobre las personas domiciliadas y las no domiciliadas que tengan cualquier contacto que haga la jurisdicción compatible con las disposiciones constitucionales aplicables.

(b)  El tribunal tendrá facultad para conocer de procedimientos de jurisdicción voluntaria. Se podrá acudir al tribunal en un recurso de jurisdicción voluntaria con el fin de consignar y perpetuar un hecho que no sea en ese momento objeto de una controversia judicial y que no pueda resultar en perjuicio de una persona cierta y determinada.

**Regla 3.2. Competencia**

Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.

Todo pleito podrá tramitarse en la sala en que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.

**Regla 3.3. Pleitos que afecten la propiedad inmueble**

Los pleitos en relación con el título o algún derecho o interés en bienes inmuebles deberán presentarse en la sala correspondiente a aquella en que radique el objeto de la acción, o parte del mismo.

**Regla 3.4.  Pleitos según el sitio de origen de la causa del litigio**

Los pleitos contra el Estado Libre Asociado de Puerto Rico y contra las compañías de seguros o de fianza, y aquellos para recobrar daños y perjuicios, deberán presentarse en la sala en que radique el objeto del seguro o de la fianza o en que la causa del litigio o alguna parte de ella tuvo su origen.

**Regla 3.5. Pleitos según la residencia de las partes**

En todos los demás casos, el pleito deberá presentarse en la sala en que tengan establecidas sus residencias las partes demandadas, o alguna de ellas, con excepción de los casos de reclamación de salarios en los que el pleito se tramitará en la sala correspondiente a la residencia de la parte demandante. En los casos de alimentos, el pleito se tramitará en la sala correspondiente a la residencia de los(las) menores. Si ninguna de las partes demandadas reside en Puerto Rico o si la parte demandante ignora el lugar donde residen, el pleito se presentará en cualquier sala del Tribunal de Primera Instancia. En caso de que sean comerciantes, sociedades, corporaciones y asociaciones que tengan oficina o agente en diferentes lugares, podrán ser demandados en la sala del lugar en que tengan su centro de operaciones, oficina principal o agente, o en el lugar en que se hayan obligado.

## Regla 3.6. Traslado de pleitos

(a)     Presentado un pleito en una sala que no sea la apropiada, si la parte demandada desea impugnar la falta de competencia de dicha sala, deberá presentar una moción, dentro de un término no mayor de treinta (30) días a partir de la fecha de la notificación de la demanda y el emplazamiento, para que el pleito sea trasladado a la sala correspondiente. La moción deberá establecer en detalle los hechos que fundamentan la solicitud de traslado, a menos que de la faz de la demanda, o de los autos del caso, surjan los hechos en que se funda la referida moción. De no presentarse escrito alguno en oposición a la moción de traslado dentro de los diez (10) días de haberse notificado la referida moción, el caso será trasladado a la sala correspondiente.

La presentación de cualquier moción o de una alegación responsiva dentro del referido término de treinta (30) días no se considerará como una renuncia al derecho a solicitar el traslado.

(b)     Cuando la conveniencia de las personas testigos o los fines de la justicia así lo requieran, el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala.

## REGLA 4.  EL EMPLAZAMIENTO

## Regla 4.1. Expedición

La parte demandante presentará el formulario de emplazamiento conjuntamente con la demanda, para su expedición inmediata por el Secretario o Secretaria. A requerimiento de la parte demandante, el Secretario o Secretaria expedirá emplazamientos individuales o adicionales contra cualesquiera partes demandadas.

## Regla 4.2. Forma

El emplazamiento deberá ser firmado por el Secretario o Secretaria, llevará el nombre y el sello del tribunal, con especificación de la sala, y los nombres de las partes, sujeto a lo dispuesto en la Regla 8.1. Se dirigirá a la parte demandada y hará constar el nombre, la dirección postal, el número de teléfono, el número de fax, la dirección electrónica y el número de colegiado(a) del abogado o abogada de la parte demandante, si tiene, o de ésta si no tiene abogado o abogada, y el plazo dentro del cual estas reglas exigen

que comparezca la parte demandada al tribunal, apercibiéndole que de así no hacerlo podrá dictarse sentencia en rebeldía en su contra concediéndose el remedio solicitado en la demanda o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

**Regla 4.3. Quién puede diligenciarlo; término para el diligenciamiento**

(a) El emplazamiento personal será diligenciado por el alguacil o alguacila, o por cualquiera otra persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir y que no sea la parte ni su abogado o abogada, ni sus parientes dentro del cuarto grado de consanguinidad o segundo de afinidad, ni tenga interés en el pleito.

(b) Cuando, conforme a la Regla 3.1 o a otras disposiciones de ley, el Tribunal de Primera Instancia tenga jurisdicción para entender en una demanda contra una parte demandada que no se encuentre en Puerto Rico, el emplazamiento se diligenciará de una de las maneras siguientes:

(1) mediante la entrega personal en la forma prescrita en el inciso (a) de esta regla;

(2) de la manera prescrita por ley en el lugar en que se llevará a cabo el emplazamiento en sus tribunales de jurisdicción general;

(3) mediante carta rogatoria al país extranjero donde se encuentre la parte demandada;

(4) por edictos según lo dispuesto en la Regla 4.5, o

(5) conforme disponga el tribunal.

(c) El emplazamiento será diligenciado en el término de ciento ochenta (180) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una

solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo con perjuicio.

**Regla 4.3.1. Renuncia al emplazamiento personal; deber de la parte demandada de evitar los gastos del diligenciamiento de un emplazamiento**

(a)     Una persona mayor de edad, una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica que sea notificada de que se ha presentado una acción civil ordinaria en su contra, tiene el deber de evitar los gastos del diligenciamiento del emplazamiento personal. A tales fines, podrá renunciar al emplazamiento bajo las circunstancias que se describen más adelante. La renuncia al diligenciamiento del emplazamiento personal no conlleva una renuncia a presentar cualquier defensa por falta de jurisdicción o a solicitar el traslado a otra sala por razón de competencia.

(b)     La parte demandante podrá notificar a la parte demandada que ha presentado una acción en su contra y solicitarle que renuncie a ser emplazada. La notificación y solicitud de renuncia deberá:

(1) Hacerse por escrito y dirigirse a la parte demandada, si es una persona natural mayor de edad, o a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos, si se trata de una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica.

(2) Enviarse por correo certificado con acuse de recibo y entrega restringida a la parte demandada o a la persona autorizada por ésta.

(3) Estar acompañada de copia de la demanda, debidamente sellada con la fecha y hora de presentación, e identificar el tribunal en el que fue presentada.

(4) Notificar a la parte demandada de las consecuencias de cumplir o de no cumplir con la solicitud de renuncia.

(5) Informar a la parte demandada que si acepta la renuncia deberá firmar la solicitud y devolverla dentro del término de veinte (20) días desde la fecha en que se envió la solicitud, o de treinta (30)

días si la parte demandada se encuentra fuera de Puerto
Rico.

(6) Proveer a la parte demandada una copia
adicional de la solicitud de renuncia, así como un sobre
pre dirigido.

Si la parte demandada no completa la solicitud de
renuncia, el tribunal le impondrá el pago de los gastos
en que se haya incurrido en el diligenciamiento del
emplazamiento, a menos que demuestre justa causa para no
completar la solicitud.

(c)    Una parte demandada que devuelva la renuncia
al emplazamiento dentro del término establecido en el
subinciso (5) anterior, deberá notificar su contestación
a la demanda dentro de los veinte (20) días después de la
fecha en que se devuelva la solicitud de renuncia, o de
treinta (30) días si se encuentra fuera de Puerto Rico.

(d)    La parte demandante presentará la solicitud
de renuncia al diligenciamiento del emplazamiento ante el
tribunal y la acción debe proceder como si el
emplazamiento y la demanda se hubiesen diligenciado al
momento de la aceptación de la renuncia, y no podrá
requerirse prueba alguna del diligenciamiento del
emplazamiento.

(e)    Una parte demandada que incumpla con la
solicitud de renuncia al emplazamiento pagará aquellos
gastos en que incurra la parte demandante para el
diligenciamiento del emplazamiento, además de los gastos
en honorarios de abogado o abogada para la preparación de
la moción solicitando el pago por los gastos del
emplazamiento.

(f)    El mecanismo de solicitud de renuncia al
emplazamiento dispuesto en los incisos (a) al (e) que
anteceden no podrá utilizarse para emplazar al Estado
Libre Asociado de Puerto Rico, sus agencias,
corporaciones, instrumentalidades, municipios o
funcionarios(as) públicos en su carácter oficial o
personal, ni a menores de edad o incapaces. En todos
estos casos se les emplazará conforme lo dispone la Regla
4.4.


**Regla 4.4. Emplazamiento personal**

El emplazamiento y la demanda se diligenciarán
conjuntamente. Al entregar la copia de la demanda y del
emplazamiento, ya sea mediante su entrega física a la
parte demandada o haciéndolas accesibles en su inmediata
presencia, la persona que lo diligencie hará constar al

dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:

(a)    A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un(a) agente autorizado(a) por ella o designado(a) por ley para recibir un emplazamiento.

(b)    A una persona menor de catorce (14) años de edad, entregando copia del emplazamiento y de la demanda a su padre o madre con patria potestad, o tutor(a). Si éstos o éstas no se encuentran en Puerto Rico, se emplazará en su lugar a cualquiera de las personas que tengan al menor a su cargo o su cuidado o con quien viva. Si el padre, la madre o el(la) tutor(a) se encuentra en Puerto Rico, pero la persona menor no vive en su compañía, se emplazará además a cualquiera de las personas antes mencionadas.

A un(a) menor de edad de catorce (14) años o más, entregando copia del emplazamiento y de la demanda a dicho(a) menor personalmente y a su padre o madre con patria potestad, o a su tutor(a). Si el padre, la madre o el(la) tutor(a) no se encuentra en Puerto Rico, se emplazará en su lugar a cualquiera de las personas que tengan al(a la) menor a su cargo o cuidado, o con quien viva.

(c)    A una persona que haya sido declarada judicialmente incapacitada y se le haya nombrado un(a) tutor(a), entregando copia del emplazamiento y de la demanda a dicha persona y a su tutor(a). Si una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona y al(a la) director(a) de la institución. En todos los demás casos en que la parte demandante, su abogado o abogada, o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2(b).

(d)    A una persona recluida en una institución correccional, entregando copia del emplazamiento y de la demanda a ella personalmente y al(a la) director(a) de la institución.

(e)    A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial,

gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos. A la Sociedad Legal de Gananciales, entregando copia del emplazamiento y de la demanda a ambos cónyuges.

(f)    Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.

(g)    A un(a) funcionario(a) o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho(a) funcionario(a) o al(a la) jefe(a) ejecutivo(a) de dicha instrumentalidad. Además, será requisito indispensable que en todos los pleitos que se insten contra un(a) funcionario(a) o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe. Si la instrumentalidad es una corporación pública, entregando las copias según lo dispuesto en la Regla 4.4(e).

(h)    A una corporación municipal o instrumentalidad de ésta con poder para demandar y ser demandada, entregando una copia del emplazamiento y de la demanda a su jefe(a) ejecutivo(a) o a la persona que designe.

**Regla 4.5.  Emplazamiento por edictos y su publicación**

(a)    Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la

Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

(b) El contenido del edicto tendrá la información siguiente:

(1) Título – Emplazamiento por Edicto

(2) Sala del Tribunal de Primera Instancia

(3) Número del caso

(4) Nombre de la parte demandante

(5) Nombre de la parte demandada a emplazarse

(6) Naturaleza del pleito

(7) Nombre, dirección y número de teléfono del abogado o abogada de la parte demandante

(8) Nombre de la persona que expidió el edicto

(9) Fecha de expedición

(10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño

diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste.

Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada que haya sido emplazada por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso.

(c) Cuando se trate de partes demandadas desconocidas su emplazamiento se hará por edictos en conformidad con lo dispuesto en esta Regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.

## Regla 4.6. Prueba del diligenciamiento

La persona que diligencie el emplazamiento presentará en el tribunal la constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. Si el diligenciamiento lo realizó un alguacil o alguacila, su prueba consistirá en una certificación al efecto; si lo realizó una persona particular, ésta consistirá en su declaración jurada. En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. En los casos de emplazamiento comprendidos en la Regla 4.3(b)(2) y (5) se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.5, se presentará el acuse de recibo de la parte demandada. La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba.

## Regla 4.7. Enmienda

En cualquier momento, a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento.

## CAPÍTULO III.   ALEGACIONES Y MOCIONES

**REGLA 5.   LAS ALEGACIONES PERMITIDAS**

**Regla 5.1. Alegaciones**

Las alegaciones permitidas serán la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones.

No se permitirá ninguna otra alegación, pero el tribunal podrá exigir que se presente una réplica a una contestación o a una contestación de tercero.

**Regla 5.2. Pleito por estipulación de hechos**

Cuando exista una controversia que pueda dar lugar a un pleito, las partes, sin necesidad de presentar sus alegaciones, podrán presentar al tribunal una estipulación de hechos acompañada de una declaración jurada acreditativa de que existe una controversia real y efectiva entre ellas, y de que dicha estipulación se presenta de buena fe para que el tribunal determine los derechos de las partes. Si el tribunal determina que existe dicha controversia, los procedimientos se regirán por estas reglas.

**REGLA 6.   NORMAS GENERALES PARA LAS ALEGACIONES**

**Regla 6.1. Solicitud de remedio**

Una alegación que exponga una solicitud de remedio contendrá:

(1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y

(2) una solicitud del remedio a que crea tener derecho.

Podrán ser solicitados remedios alternativos o de diversa naturaleza.

**Regla 6.2. Defensas; modo de negar**

(a)     La parte a quien corresponda presentar una alegación responsiva admitirá o negará las aseveraciones en que descanse la parte contraria y expondrá sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas.

(b)     En caso de que la parte que presente una alegación responsiva incumpla total o parcialmente con los requisitos impuestos en el inciso (a) de esta regla, el tribunal, a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las exigencias de dicho inciso.

(c)     Si la parte no tiene el conocimiento o la información suficiente para formar una opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, por tratarse de hechos que no pueden constatarse dentro del término concedido para contestar, así lo hará constar.     La parte que proceda de este modo estará obligada a investigar la veracidad o falsedad de la aseveración negada por falta de información y conocimiento, y a enmendar su alegación dentro del término que fije el tribunal en la conferencia inicial o, en o antes de la fecha señalada para la conferencia con antelación al juicio. Si a la parte respondiente no le es posible constatar las aseveraciones así negadas, luego del uso de los métodos de descubrimiento disponibles y de otras diligencias razonables, deberá enmendar su alegación para negarla.  Si la alegación no se enmienda para admitir o negar las aseveraciones negadas por falta de información y conocimiento, éstas se considerarán admitidas.

(d)     Las negaciones impugnarán en lo sustancial las aseveraciones correspondientes y expresarán afirmativamente la versión de los hechos negados por la parte que presenta la alegación responsiva.  Cuando la parte que presenta una alegación responsiva intente negar solamente una parte de una aseveración o una condición a una aseveración, especificará aquella parte de ella que sea cierta y material, y negará el resto. La parte respondiente podrá negar específicamente cada una de las aseveraciones o párrafos de la alegación, o podrá negar, en forma general, todas las aseveraciones o párrafos de dicha alegación, excepto aquellas aseveraciones o párrafos que ella admita expresamente.  Sin embargo, si la parte se propone negar todas las aseveraciones expuestas en dicha alegación, podrá hacerlo mediante una negación general, sujeto a lo establecido en la Regla 9.

**Regla 6.3. Defensas afirmativas**

Al responder a una alegación, las siguientes defensas deberán expresarse afirmativamente: (a) transacción, (b) aceptación como finiquito, (c) laudo y adjudicación, (d) asunción de riesgo, (e) negligencia, (f) exoneración por quiebra, (g) coacción, (h) impedimento, (i) falta de causa, (j) fraude, (k) ilegalidad, (l) falta de diligencia, (m) autorización, (n) pago, (o) exoneración, (p) cosa juzgada, (q) prescripción adquisitiva o extintiva, (r) renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa. Estas defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas.

Cuando la parte denomine equivocadamente una defensa como una reconvención, o una reconvención como una defensa, el tribunal, cuando así lo requiera la justicia y bajo los términos que estime apropiados, considerará la alegación como si se hubiese denominado correctamente.

## Regla 6.4. Consecuencias de no negar

Las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva.

Las aseveraciones contenidas en una alegación que no requiera ni admita una alegación responsiva, se tendrán por negadas.

## Regla 6.5. Alegación concisa y directa; incompatibilidad

(a) Cada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones. Todas las alegaciones se interpretarán con el propósito de hacer justicia.

(b) Sujeto a lo dispuesto en la Regla 9, una parte podrá formular en la alternativa cuantas reclamaciones o defensas tenga aunque sean incompatibles.

**Regla 6.6.  Normas sobre prórrogas**

Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas.  Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2.  El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.

**REGLA 7.  ASEVERACIÓN DE MATERIAS ESPECIALES**

**Regla 7.1. Capacidad**

No es necesario aseverar la capacidad de la parte para demandar o ser demandada, la autoridad de una parte para demandar o ser demandada en una capacidad representativa ni la existencia legal de una persona jurídica que se haga parte. Cuando una parte desee controvertir la existencia legal de otra, la capacidad de cualquier otra parte para demandar o ser demandada o la autoridad de una parte para demandar o ser demandada en una capacidad representativa, lo aseverará específicamente y afirmará aquellos pormenores que estén dentro de su peculiar conocimiento.

**Regla 7.2.  Fraude, error o estado mental**

En todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente. La malicia, la intención, el conocimiento y cualquier otra actitud o estado mental de una persona puede aseverarse en términos generales.

**Regla 7.3.  Tiempo y lugar**

A los fines de determinar la suficiencia de una alegación, las aseveraciones de tiempo y lugar son esenciales y recibirán la misma consideración que las demás aseveraciones de carácter esencial.

**Regla 7.4. Daños especiales**

Cuando se reclamen daños especiales, se detallará el concepto de las distintas partidas.

**Regla 7.5. Descripción de inmuebles**

Una alegación en que se reclame un derecho sobre un inmueble deberá describir el inmueble con tal precisión que pueda ser identificado.

**REGLA 8.   FORMA DE LAS ALEGACIONES Y MOCIONES**

**Regla 8.1. Encabezamiento**

Toda alegación tendrá un encabezamiento en el que se consignará el nombre del tribunal, con especificación de la sala, el nombre de las partes, el número de presentación, la naturaleza, la materia o el asunto del pleito. La demanda incluirá los nombres de todas las partes, pero en los demás escritos será suficiente exponer el nombre del(de la) primer(a) litigante de cada parte con una referencia demostrativa de la existencia de otras partes. En los procedimientos de jurisdicción voluntaria se incluirá el nombre completo de la parte peticionaria sobre la frase *Ex parte.*

**Regla 8.2. Párrafos; exposiciones separadas**

Todas las aseveraciones de reclamaciones o de defensas se expondrán en párrafos numerados, limitándose el contenido de cada párrafo, en cuanto sea posible, a un solo conjunto de circunstancias, pudiendo hacerse referencia a cualquier párrafo por su número en todas las alegaciones subsiguientes. Cada reclamación basada en un acto, una omisión o un evento independiente, y cada defensa que no constituya una mera negación, se hará constar como una reclamación o defensa separada, siempre que la separación facilite una formulación más clara de los asuntos expuestos.

**Regla 8.3. Adopción por referencia y *exhibit***

Cualquier aseveración hecha en una alegación podrá adoptarse por referencia en cualquier otra aseveración de la misma alegación o en otra alegación o moción. Una copia de cualquier documento o escrito que se acompañe como *exhibit* a una alegación se considerará para todos los efectos como parte de ésta.

**Regla 8.4. Mociones**

La petición para que se expida una orden se hará mediante una moción, la cual, a menos que se haga durante una vista o un juicio, se hará por escrito, haciendo constar con particularidad los fundamentos legales y argumentos en que se basa y exponiendo el remedio o la orden que se interesa. Deberá, además, estar acompañada de cualquier documento o affidávit que sea necesario para su resolución.

Cualquier parte que se oponga a una moción deberá presentar su oposición fundamentada dentro de los veinte (20) días siguientes a ser notificada de la moción. La oposición deberá acompañarse de cualquier documento o affidávit necesario para su resolución. Si no se presenta una oposición dentro de dicho término de veinte (20) días, se entenderá que la moción queda sometida.

Toda moción se considerará sometida para resolución sin la celebración de vista a menos que el tribunal a iniciativa propia o a solicitud de una parte, resuelva a su discreción señalarla para vista. Esta regla no será aplicable a aquellas mociones que por disposición de ley y estas reglas requieran la celebración de una vista.

**Regla 8.5. Mociones de suspensión o de transferencia de vista**

Toda moción de suspensión o de transferencia de vista antes del juicio se hará por escrito y expondrá los fundamentos para tal solicitud. Sólo podrá formularse una solicitud de suspensión verbalmente el día de la vista, fundada en circunstancias extraordinarias no anticipables y fuera del control de las partes o de sus abogados o abogadas. Será deber de la parte que haga tal solicitud sugerir al menos tres fechas para el nuevo señalamiento, después de haber verificado que la parte contraria no tenga conflicto respecto a las fechas sugeridas.

Cualquier estipulación para suspender una vista requerirá la aprobación del juez o jueza que preside la sala.

**Regla 8.6. Escritos al expediente judicial**

Las partes podrán hacer constar en autos cualquier asunto relativo al trámite judicial con relación al cual, en ese momento o etapa procesal, no se requiera la atención del juzgador o juzgadora, mediante un escrito titulado o dirigido "AL EXPEDIENTE JUDICIAL".

A tales escritos se les dará el mismo trato que a las mociones, salvo que luego de unidos en los autos no se elevarán a la consideración del juez o jueza. En cualquier etapa posterior del trámite y adjudicación, el tribunal podrá tomar conocimiento de su contenido y fecha fehaciente de presentación.

## Regla 8.7. Idioma

Las alegaciones, solicitudes y mociones deberán formularse en español. Aquellos escritos que deba suscribir una parte u otra persona que no conozca el idioma español, podrán formularse en el idioma vernáculo de dicha parte o persona, siempre que se acompañen de las copias necesarias en español.

## Regla 8.8. Forma de los escritos

Las reglas aplicables a encabezamientos, firmas y otras cuestiones de forma en las alegaciones son aplicables a las mociones y demás escritos.

## REGLA 9. LA REPRESENTACIÓN LEGAL

## Regla 9.1. Firma e información de los escritos

Cuando la parte en el pleito tenga representación legal, todo escrito será firmado al menos por un abogado o abogada de autos, quien incluirá en el escrito su nombre, su número de colegiado(a), número de teléfono y número de fax, y su dirección postal y dirección electrónica, según consten en el registro del Tribunal Supremo de Puerto Rico. Además, en el primer escrito que presente el abogado o abogada, deberá notificar la dirección física y postal y el número de teléfono de la parte que representa. Cuando una persona natural sea parte en el pleito y no esté representada por abogado o abogada, firmará su escrito y expresará su número de teléfono, número de fax, y su dirección postal y dirección electrónica, si los tiene.

El abogado o abogada o la parte deberá notificar inmediatamente al tribunal, mediante una moción bajo el epígrafe del caso, cualquier cambio en su número de teléfono, número de fax, y en su dirección postal o dirección electrónica.

Excepto cuando se requiera específicamente por alguna disposición legal, no será necesario jurar escrito alguno o acompañarlo de una declaración jurada. La firma

del abogado o abogada o de la parte equivale a certificar que está hábil y disponible para cumplir con los señalamientos y las órdenes del tribunal, que ha leído el escrito y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente, y que no se ha presentado con propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio.

Si un escrito se firma en violación de esta regla el tribunal, a moción de parte o a iniciativa propia, impondrá a la persona que lo firmó, a la parte representada o a ambas, cualquier sanción conforme lo dispuesto en la Regla 9.3, o podrá incluir una orden para pagar a la otra parte o partes una suma razonable en concepto de gastos incurridos con motivo de la presentación del escrito, incluso una cantidad razonable para honorarios de abogado.

Si se determina que un escrito se ha presentado con información falsa, simulada, difamatoria o indecorosa o se utiliza lenguaje ofensivo o soez, el tribunal impondrá cualquier sanción conforme lo dispuesto en la Regla 9.3.

**Regla 9.2.  Representación legal**

El abogado o abogada que asuma la representación profesional de una parte en un procedimiento pendiente ante el tribunal, deberá presentar una moción a esos efectos, en la cual incluirá su número de colegiado(a), número de teléfono, número de fax, y dirección postal y dirección electrónica.

Cuando un abogado o abogada que haya comparecido ante un tribunal en representación de un(a) cliente(a) solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. El abogado o abogada expondrá las razones por las cuales debe permitirse su renuncia e informará el número de teléfono y la dirección postal de quien represente. Hará constar, además, que ha notificado la renuncia a su cliente(a) y que ha cumplido con las exigencias de los cánones del Código de Ética Profesional. El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento.

**Regla 9.3.  Conducta**

El tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los abogados y abogadas que postulan ante sí, podrá, a iniciativa propia o a solicitud de parte, imponer sanciones económicas o de otra naturaleza, o descalificar a un abogado o abogada que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o infrinja sus deberes hacia el tribunal, sus representados(as) o sus compañeros(as) abogados(as). La comparecencia de un abogado o abogada a cualquier vista, conferencia o procedimiento sin estar debidamente preparado(a) se considerará conducta constitutiva de obstáculo para la sana administración de la justicia.

## Regla 9.4. Representación por derecho propio

Las personas naturales en los casos civiles ordinarios podrán autorrepresentarse. La persona que se autorrepresenta deberá cumplir con los requisitos siguientes:

(a) que la persona no está representada por abogado o abogada;

(b) que la decisión de autorrepresentarse es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;

(c) que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;

(d) que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y

(e) que la autorrepresentación no va a causar o contribuir a una demora indebida o una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, las partes o sus abogados o abogadas.

El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. El incumplimiento con alguno de estos requisitos será causa justificada para suspender su autorrepresentación. Cuando el tribunal suspenda la autorrepresentación de una persona, le

ordenará que en determinado plazo comparezca representada por abogado o abogada.

Si una parte durante el transcurso de un proceso desea autorrepresentarse, deberá solicitar autorización al tribunal, pero además de cumplir con los incisos (a) al (e) anteriores, deberá satisfacer los criterios siguientes:

> (1) que la persona ha solicitado autorrepresentarse de forma oportuna, y

> (2) que la persona ha manifestado de manera expresa e inequívoca el propósito o interés de comenzar con su autorrepresentación.

La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada. El tribunal no está obligado a ilustrar a la persona que se representa por derecho propio acerca de las leyes o reglas, ni a nombrarle abogados o abogadas para que le asesoren durante el proceso, ni a inquirir respecto a las razones por las cuales ha elegido la representación por derecho propio, aunque en los casos que estime conveniente podría así hacerlo.


## REGLA 10. LAS DEFENSAS Y OBJECIONES

## Regla 10.1.  Cuándo se presentan

Una parte demandada que se encuentre en Puerto Rico deberá notificar su contestación dentro de veinte (20) días de habérsele entregado copia del emplazamiento y de la demanda o de haberse publicado el edicto, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.5. Si la parte demandada se encuentra fuera de Puerto Rico, presentará su contestación dentro de los treinta (30) días de ser emplazada. La parte a la cual se notifique una alegación que contenga una demanda contra coparte en su contra, notificará copia de su contestación a la misma dentro de diez (10) días de haber sido notificada. La parte demandante notificará su réplica a una reconvención, así denominada en la contestación, dentro de los diez (10) días de notificada la contestación. Cuando el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no fuese una corporación pública y los municipios de Puerto Rico sean parte de un pleito, cualquier parte notificará su contestación a la demanda,

su contestación a una demanda contra coparte en su contra o su réplica a una reconvención, dentro del término de sesenta (60) días de habérsele entregado copia del emplazamiento y la demanda, prorrogable por justa causa.

La notificación de una moción permitida por estas reglas o bajo la Regla 36, altera los términos arriba prescritos del modo siguiente, a menos que por orden del tribunal se fije un término distinto: (1) si el tribunal deniega la moción o pospone su resolución hasta que se celebre el juicio en sus méritos, la alegación correspondiente deberá ser notificada dentro de los diez (10) días siguientes a la notificación de la orden del tribunal; (2) si el tribunal declara "con lugar" una moción para una exposición más definida, deberá notificarse copia de la alegación responsiva dentro de los diez (10) días siguientes a la notificación de la exposición más definida.

**Regla 10.2. Cómo se presentan**

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.

Ninguna defensa u objeción se considerará renunciada por haberse formulado conjuntamente con otra u otras defensas u objeciones en una alegación responsiva o moción. Si en una alegación se formula una reclamación contra la cual la parte no está obligada a presentar una alegación responsiva, dicha parte podrá mantener en el juicio cualquier defensa de hechos o de derecho contra tal reclamación. Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

**Regla 10.3. Moción para que se dicte sentencia por las alegaciones**

Después que se hayan presentado todas las alegaciones, cualquier parte podrá solicitar al tribunal que dicte sentencia parcial o total por las alegaciones, sujeto a las disposiciones de la Regla 42.3. Si en una moción en la que se solicite sentencia por las alegaciones se exponen materias no contenidas en dichas alegaciones y éstas no son excluidas por el tribunal, la moción deberá considerarse como una solicitud de sentencia sumaria y estará sujeta hasta su resolución final a todos los trámites ulteriores dispuestos en la Regla 36, y todas las partes tendrán una oportunidad razonable de presentar todo asunto pertinente a dicha moción conforme a lo provisto en la citada regla.

## Regla 10.4. Moción para solicitar una exposición más definida

Si una alegación contra la cual se permita una alegación responsiva es tan vaga o ambigua que no sería razonable exigirle a una parte que formule una alegación responsiva, dicha parte podrá solicitar una exposición más definida antes de presentar su alegación responsiva. La moción deberá estar debidamente fundamentada y señalará los defectos de la alegación y las especificaciones interesadas. Si el tribunal declara "con lugar" la moción y no se cumple la orden dentro de diez (10) días de notificada, o dentro de cualquier otro plazo que fije el tribunal, éste podrá eliminar la alegación contra la cual iba dirigida la moción o resolver lo que en justicia proceda.

## Regla 10.5. Moción eliminatoria

El tribunal podrá ordenar que se elimine de una alegación cualquier defensa insuficiente o cualquier materia redundante, inmaterial, impertinente o difamatoria, y cualesquiera documentos en apoyo de las mismas, por iniciativa propia en cualquier momento, o a moción de una parte, presentada antes de contestar una alegación o dentro de los diez (10) días de habérsele notificado dicha alegación si no se permite una alegación responsiva.

**Regla 10.6.   Determinaciones preliminares**

Las defensas indicadas del (1) al (6) en la Regla 10.2, que deban presentarse o estén presentadas mediante alegación o por moción, la moción para que se dicte sentencia mencionada en la Regla 10.3 y la moción eliminatoria mencionada en la Regla 10.5, se dilucidarán en los méritos en o antes de la conferencia inicial.

**Regla 10.7.   Acumulación de defensas**

La parte que presente una moción de acuerdo con esta Regla 10, puede unirla con las demás mociones que en la misma se disponen y a las cuales tenga entonces derecho. La parte que presente una moción de acuerdo con esta Regla 10 y no incluya en ella cualquiera de las defensas y objeciones a que tenga derecho y que esta Regla 10 le permita presentar mediante moción, no podrá presentar luego una moción fundada en las defensas u objeciones así omitidas, excepto las provistas en las Reglas 10.2(1) y 10.8(b).

**Regla 10.8.   Renuncia de defensas**

(a)   La defensa de falta de jurisdicción sobre la persona, insuficiencia del emplazamiento o insuficiencia del diligenciamiento del emplazamiento se entenderá renunciada:

(1) si no se incluye en una moción de acumulación de defensas bajo la Regla 10.7, ó

(2) si no es formulada mediante una moción como se dispone en esta Regla 10 ni se incluye en una alegación responsiva o mediante una enmienda que no requiera permiso del tribunal, conforme lo dispuesto por la Regla 13.1.

(b)   La defensa de haber dejado de exponer una reclamación que justifique la concesión de un remedio, la defensa de haber omitido acumular una parte indispensable como se dispone en la Regla 16 y la objeción de haber omitido exponer una defensa legal a una reclamación, pueden hacerse mediante cualquier alegación permitida u ordenada según lo dispuesto en la Regla 5.1, o mediante una moción para que se dicte sentencia por las alegaciones, o en el juicio.

(c)     Siempre que surja, por indicación de las
partes o de algún otro modo, que el tribunal carece de
jurisdicción sobre la materia, éste desestimará el
pleito.

**REGLA 11.    RECONVENCIÓN Y DEMANDA CONTRA COPARTE**

**Regla 11.1.    Reconvenciones compulsorias**

Una alegación contendrá por vía de reconvención
cualquier reclamación que la parte que la formula tenga
contra cualquier parte adversa al momento de notificar
dicha alegación, siempre que surja del acto, de la
omisión o del evento que motivó la reclamación de la
parte adversa y no requiera para su adjudicación la
presencia de terceros sobre quienes el tribunal no pueda
adquirir jurisdicción. Sin embargo, no será necesario
incluir dicha reclamación mediante reconvención si al
momento de comenzarse el pleito tal reclamación era ya
objeto de otro pleito pendiente.

**Regla 11.2.    Reconvenciones permisibles**

Una alegación podrá exponer como reconvención contra
una parte adversa cualquier reclamación que no surja del
acto, de la omisión o del evento que motivó la
reclamación de dicha parte.

**Regla 11.3.     Alcance de la reconvención**

Una reconvención puede disminuir o derrotar la
reclamación de la parte adversa y también puede reclamar
un remedio por cantidad mayor o de naturaleza diferente
al solicitado en la alegación de la parte adversa.

**Regla 11.4.     Reconvención luego de presentada la alegación
       responsiva**

Una reclamación propia para alegarse por
reconvención, cuya exigibilidad surja después de la parte
haber notificado su alegación, podrá presentarse por vía
de reconvención con el permiso del tribunal.

**Regla 11.5.  Reconvención omitida**

Cuando la parte que presente una alegación deje de formular una reconvención por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia, dicha parte podrá, con el permiso del tribunal, formular la reconvención mediante una enmienda.

**Regla 11.6. Demanda contra coparte**

Una demanda contra coparte podrá contener cualquier reclamación que surja del acto, de la omisión o del evento que motive la demanda original, o de una reconvención en el pleito, o que esté relacionada con cualquier propiedad que constituya el objeto de la demanda original. La referida demanda contra coparte podrá contener una reclamación al efecto de que la parte contra la cual se dirige es, o puede ser, responsable a la parte demandante contra coparte de la totalidad o de parte de una reclamación en su contra alegada en el pleito.

La demanda contra coparte podrá presentarse, sin permiso del tribunal, dentro de los treinta (30) días contados a partir de la fecha de presentación de la contestación de todas las partes demandadas. Transcurrido este término, la parte deberá solicitar permiso al tribunal para presentar dicha demanda, previa demostración de justa causa.

**Regla 11.7.  Inclusión de partes adicionales**

Podrán añadirse como partes a una reconvención o demanda contra coparte, personas adicionales a aquellas que ya sean partes en el pleito, de acuerdo con lo dispuesto en las Reglas 16 y 17.

**REGLA 12. ALEGACIONES EN CUANTO A TERCERAS PARTES**

**Regla 12.1. Cuándo podrá una parte demandada hacer parte a un tercero**

La parte demandada podrá notificar, como demandante contra tercero, un emplazamiento y demanda a una persona que no sea parte en el pleito y que sea o pueda ser responsable a la parte demandada por la totalidad o parte de la reclamación de la parte demandante, o que sea o pueda ser responsable a cualquier parte en el pleito.

La demanda contra tercero podrá presentarse sin permiso del tribunal dentro de los treinta (30) días contados a partir de la fecha de la presentación de la contestación a la demanda o de la réplica a una reconvención. Transcurrido dicho término, deberá solicitarse permiso al tribunal para presentar la demanda, previa demostración de justa causa.

La persona así emplazada, quien en lo sucesivo se denominará "tercero(a) demandado(a)", presentará sus defensas a la reclamación del(de la) demandante contra tercero según se dispone en la Regla 10, y presentará su reconvención a la reclamación del(de la) demandante contra tercero y las reclamaciones contra coparte que tenga contra cualquier otro(a) tercero(a) demandado(a) según se dispone en la Regla 11.

El(La) tercero(a) demandado(a) podrá oponer contra la parte demandante cualesquiera defensas que el(la) demandante contra tercero tenga contra la reclamación de la parte demandante. El(La) tercero(a) demandado(a) podrá también presentar contra la parte demandante cualquier reclamación que surja del acto, de la omisión o del evento que motive la reclamación original en el pleito. La parte demandante podrá presentar cualquier reclamación contra el(la) tercero(a) demandado(a) que surja del acto, de la omisión o del evento que motive su reclamación original en el pleito y el(la) tercero(a) demandado(a) deberá, entonces, presentar sus defensas como se dispone en la Regla 10 y su reconvención y reclamaciones contra coparte según se dispone en la Regla 11.

Cualquier parte podrá solicitar que se le separe, que se le conceda un juicio por separado o la desestimación de la reclamación contra tercero, y el tribunal podrá dictar sentencia bien sobre la reclamación original o sobre la reclamación contra tercero solamente de acuerdo con la Regla 42.3. Un(a) tercero(a) demandado(a) podrá proceder de acuerdo con esta Regla 12 contra cualquier persona que no sea parte en el pleito y que sea o pueda serle responsable o a cualquier litigante en el pleito por la totalidad o parte de la reclamación hecha en el pleito.

**Regla 12.2. Cuándo podrá la parte demandante hacer parte a un tercero**

Cuando por cualquier parte en el pleito se presente contra la parte demandante una reclamación, ésta podrá proceder en la misma forma que la parte demandada de acuerdo con la Regla 12.1.

**REGLA 13.   ALEGACIONES ENMENDADAS**

**Regla 13.1. Enmiendas**

Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

**Regla 13.2. Enmiendas para conformar las alegaciones con la prueba**

Cuando con el consentimiento expreso o implícito de las partes se sometan a juicio cuestiones no suscitadas en las alegaciones, aquéllas se considerarán para todos los efectos como si se hubieran suscitado en las alegaciones. La enmienda a las alegaciones que sea necesaria para conformarlas a la evidencia a los efectos de que las alegaciones reflejen las cuestiones suscitadas, podrá hacerse mediante una moción de cualquiera de las partes en cualquier momento, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones. Si se objeta la evidencia en el juicio por el fundamento de ser ajena a las cuestiones suscitadas en las alegaciones, el tribunal podrá permitir las enmiendas, siempre que con ello se facilite la presentación del caso y la parte que presente la enmienda demuestre justa causa por la cual no pudo presentar la enmienda en el momento oportuno del proceso y que la admisión de tal prueba no perjudicará la reclamación o defensa de la otra parte. Al resolver la moción, el tribunal tomará en consideración el efecto de la enmienda sobre el resultado del caso y el perjuicio que le causa a la parte que se opone a la suspensión o continuación de la vista.

En todo caso en que haya alguna parte en rebeldía por falta de comparecencia se estará a lo dispuesto en las Reglas 42.4 y 67.1.

## Regla 13.3.  Retroactividad de las enmiendas

Siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si, además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedida de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del(de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra.

## REGLA 14. ACUMULACIÓN DE RECLAMACIONES

## Regla 14.1.  Acumulación de reclamaciones

Cualquier parte podrá acumular en su alegación tantas reclamaciones independientes o alternativas como tenga contra la parte adversa.

## Regla 14.2.   Acumulación de reclamaciones contingentes

Cuando se trate de una reclamación que dependa para su ejercicio de que se prosiga otra reclamación hasta su terminación, estas dos reclamaciones podrán acumularse en el mismo pleito. El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal.

## CAPÍTULO IV.  PARTES

## REGLA 15.   LEGITIMACIÓN

## Regla 15.1. Legitimación activa

Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquella para cuyo beneficio se hace la reclamación; y

cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no haberse tramitado a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la presentación del pleito, o se una al mismo, o se sustituya en lugar de la parte promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiese incoado por la persona con derecho.

**Regla 15.2.  Menores y personas incapacitadas**

(a)      Un(a) menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor(a) general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor(a) general. Sin embargo, el tribunal podrá nombrarle un(a) defensor(a) judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.

(b)      En los casos previstos en la última oración de la Regla 4.4(c) y en la Regla 22.2, el tribunal determinará sobre el estado mental de la parte y, si es conveniente y procede, el nombramiento de un(a) defensor(a) judicial.

**Regla 15.3.  Partes demandadas bajo un nombre común**

Cuando dos o más personas operen un negocio bajo un nombre común, comprenda éste o no los nombres de dichas personas, éstas podrán ser demandadas bajo el referido nombre común, siendo suficiente emplazar a una de ellas.

**Regla 15.4.  Parte demandada de nombre desconocido**

Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

**REGLA 16.   ACUMULACIÓN INDISPENSABLE DE PARTES**

**Regla 16.1.   Acumulación indispensable**

Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.

**Regla 16.2.   Acumulación no indispensable**

El tribunal podrá ordenar la comparecencia de aquellas personas sujetas a su jurisdicción quienes, a pesar de no ser partes indispensables, deban ser acumuladas si se ha de conceder un remedio completo a las personas que ya sean partes en el pleito.

**REGLA 17.   ACUMULACIÓN PERMISIBLE DE PARTES**

**Regla 17.1.   Acumulación permisible**

Podrá acumularse en un pleito cualquier número de personas, como demandantes o como demandadas, si reclaman o se reclama contra ellas conjunta o separadamente, o en la alternativa, cualquier derecho a un remedio relacionado con o que surja del mismo acto, omisión, evento o serie de actos, omisiones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, haya de surgir en el pleito. No será requisito que una parte demandante o parte demandada tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de una o más partes demandantes de acuerdo con sus respectivos derechos a un remedio y contra una o más partes demandadas de acuerdo con sus respectivas responsabilidades.

**Regla 17.2.      Órdenes para evitar perjuicios**

El tribunal podrá dictar las órdenes que crea oportunas para evitar dificultades, dilación o gastos a una parte debido a la inclusión de otra contra quien nada reclama y quien nada reclama contra ella, podrá ordenar juicios por separado o dictar cualquiera otra providencia para evitar dilación o perjuicio y podrá dictar sentencia sobre una reclamación de o contra una o más partes de acuerdo con lo dispuesto por la Regla 42.3.

**REGLA 18. ACUMULACIÓN INDEBIDA DE PARTES**

La acumulación indebida de partes no constituirá motivo para desestimar un pleito. Cualquier parte podrá ser incluida o eliminada por orden del tribunal, a iniciativa de éste o a moción de parte en cualquier estado del procedimiento, bajo las condiciones que sean justas. Cualquier reclamación contra una parte puede ser separada y proseguirse independientemente.

**REGLA 19.    PROCEDIMIENTOS PARA OBLIGAR A PARTES RECLAMANTES ADVERSAS A LITIGAR ENTRE SÍ**

Todas aquellas personas que tengan reclamaciones justiciables contra la parte demandante podrán ser unidas como partes demandadas y requerírseles para que litiguen entre sí dichas reclamaciones, cuando sean éstas de tal naturaleza que la parte demandante estaría o podría estar expuesta a una doble o múltiple responsabilidad. No será motivo para objetar a la acumulación el que las reclamaciones de los distintos reclamantes a los títulos en los cuales descansan sus reclamaciones no tengan un origen común o no sean idénticos sino adversos e independientes entre sí, o que la parte demandante asevere que no es responsable en todo o en parte de lo solicitado por cualquiera de las partes reclamantes. Una parte demandada que se halle expuesta a una responsabilidad similar puede obtener el mismo remedio a través de una reclamación contra coparte, contra tercero o reconvención. Las disposiciones de esta regla suplementan y no limitan la acumulación de partes permitida en la Regla 17.

**REGLA 20. PLEITOS QUE AFECTAN A UNA CLASE**

**Regla 20.1.    Requisitos para un pleito de clase**

Uno(a) o más miembros de una clase podrán demandar o ser demandados(as) como representantes de todos(as) los(las) miembros de la clase solamente si (1) la clase es tan numerosa que la acumulación de todos(as) los(las) miembros resulta impracticable; (2) existen cuestiones de hecho o de derecho comunes a la clase; (3) las reclamaciones o defensas de los y las representantes son típicas de las reclamaciones o defensas de la clase, y (4) los y las representantes protegerían los intereses de la clase de manera justa y adecuada.

**Regla 20.2.    Pleitos de clase sostenibles**

Un pleito podrá sostenerse como un pleito de clase si los requisitos de la Regla 20.1 son satisfechos, y además:

(a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de,

(1) adjudicaciones inconsistentes o variadas con respecto a los y las miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o

(2) adjudicaciones con respecto a miembros individuales de la clase, quienes para todos los fines prácticos dispondrían de los intereses de los(las) otros(as) miembros que no sean partes en las adjudicaciones, o empeorarían o impedirían sustancialmente su habilidad para proteger sus intereses; o

(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general, o

(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los y las miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:

(1) El interés de los y las miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;

(2) la naturaleza y el alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;

(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico, y

(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

**Regla 20.3.  Determinación mediante orden si el pleito de clase se mantendrá; notificación; sentencia; pleitos parcialmente tramitados como pleitos de clase**

(a)      Tan pronto como sea factible, luego del comienzo de un pleito traído como pleito de clase, el tribunal, previa celebración de vista, determinará si se mantendrá como tal. La resolución bajo este inciso podrá ser condicional y podrá ser alterada o enmendada antes de la decisión en los méritos.

(b)      En cualquier pleito de clase mantenido bajo la Regla 20.2(c), el tribunal dirigirá a los y las miembros de la clase la mejor notificación posible dentro de las circunstancias, incluyendo la notificación individual a todos(as) los(las) miembros que puedan ser identificados(as) mediante esfuerzo razonable, excepto cuando por ser tan oneroso dificulte la tramitación del pleito en cuyo caso el tribunal dispondrá la forma de hacer tal notificación. La notificación avisará a cada miembro que:

(1) el tribunal lo excluirá de la clase en una fecha específica si él o ella así lo solicita;

(2) la sentencia, sea favorable o no, incluirá a todos(as) los(las) miembros que no soliciten la exclusión, y

(3) cualquier miembro que no solicite la exclusión podrá, si así lo desea, comparecer a través de su abogado o abogada.

(c)      La sentencia en un pleito tramitado como pleito de clase bajo la Regla 20.2(a) o (b), sea o no favorable a la clase, incluirá y describirá a aquellos(as) a quienes el tribunal determine que son miembros de la clase. La sentencia en un pleito tramitado como pleito de clase bajo la Regla 20.2(c), sea o no favorable a la clase, incluirá y especificará o describirá a aquellos(as) a quienes fue dirigida la notificación dispuesta en la Regla 20.3(b), que no han solicitado la exclusión, y quienes el tribunal determine que son miembros de la clase.

(d)     Cuando sea apropiado, un pleito podrá ser presentado o tramitado como pleito de clase con respecto a cuestiones específicas, o una clase podrá ser dividida en subclases y cada subclase tratada como una clase, y las disposiciones de esta regla serán entonces interpretadas y aplicadas de conformidad.

## Regla 20.4.  Órdenes en la tramitación de pleitos de clase

En la tramitación de pleitos a los cuales aplica esta regla, el tribunal podrá dictar órdenes apropiadas para:

(a)     determinar el curso de los procedimientos o adoptar medidas para evitar la repetición o complicación indebida en la presentación de evidencia o argumentación;

(b)     exigir, para la protección de los y las miembros de la clase o para la justa tramitación del pleito, que se notifique a algunos(as) o a todos(as) los(las) miembros de la clase, en la forma que el tribunal ordene, de cualquier actuación en el pleito, o del propuesto alcance de la sentencia o de la oportunidad de los y las miembros para indicar si consideran la representación justa y adecuada para intervenir y presentar reclamaciones o defensas, o para unirse al pleito en cualquier otra forma;

(c)     imponer condiciones a los(las) representantes o interventores(as);

(d)     requerir que las alegaciones sean enmendadas con el propósito de eliminar aseveraciones en cuanto a la representación de personas ausentes, y que el pleito prosiga de conformidad;

(e)     dictar reglas especiales para el procedimiento y los términos a seguir para el descubrimiento de prueba, o

(f)     resolver asuntos similares de procedimiento.

Las órdenes podrán ser combinadas con una orden bajo la Regla 37 y podrán ser modificadas o enmendadas de tiempo en tiempo, según sea conveniente.

**Regla 20.5.       Desistimiento o transacción**

Un pleito de clase no podrá ser desistido o transigido sin el consentimiento del tribunal, y todos(as) los(las) miembros de la clase serán notificados del propuesto desistimiento o transacción en la forma que disponga el tribunal.

**REGLA 21. INTERVENCIÓN**

**Regla 21.1. Como cuestión de derecho**

Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito: (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; o (b) cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito.

**Regla 21.2.   Intervención permisible**

Mediante oportuna solicitud podrá permitirse a cualquier persona intervenir en un pleito:

(a)     cuando por ley se le confiera un derecho condicional a intervenir; o

(b)     cuando la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho.

Cuando una parte base su reclamación o defensa en cualquier ley u orden ejecutiva cuya ejecución está a cargo de un(a) funcionario(a) o una agencia gubernamental o en un reglamento, una orden, un requerimiento o un acuerdo promulgado, expedido o celebrado de acuerdo con dicha ley u orden ejecutiva, el tribunal ordenará a dicha parte que notifique fehacientemente la reclamación o defensa al(a la) funcionario(a) o agencia y podrá permitírsele al(a la) funcionario(a) o agencia intervenir en el pleito mediante solicitud oportuna. Al ejercer su discreción, el tribunal considerará si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales.

**Regla 21.3. Validez de disposición constitucional, ley, orden ejecutiva, franquicia o reglamento administrativo**

Siempre que la constitucionalidad de una ley, orden ejecutiva, franquicia o reglamento administrativo del Estado Libre Asociado de Puerto Rico se impugne en algún pleito en que éste o algún funcionario o funcionaria o agencia del mismo no sea parte, el tribunal notificará dicha impugnación al Secretario o Secretaria de Justicia y permitirá la intervención del Estado Libre Asociado de Puerto Rico. El tribunal, de así estimarlo necesario, ordenará a comparecer al Estado Libre Asociado de Puerto Rico.

**Regla 21.4. Procedimiento**

Toda persona que desee intervenir notificará su solicitud de intervención a todas las partes conforme lo dispuesto en la Regla 67. La solicitud expondrá las razones en que se base y se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención.

**Regla 21.5. Derecho de intervención de terceros que reclaman bienes muebles e inmuebles embargados**

Siempre que un alguacil o alguacila proceda a cumplimentar una orden de ejecución, de embargo o cualquier otra orden contra alguna propiedad mueble o inmueble, y dicha propiedad o cualquier parte de ella, o algún interés en ella, sea reclamada por un tercero, éste tendrá derecho a presentar una demanda de intervención. El procedimiento de intervención relacionado con bienes muebles e inmuebles se regirá por estas reglas.

**Regla 21.6. Moción para entrega de bienes y fianza**

En aquellos casos en que la parte interventora desee obtener la posesión de la propiedad embargada, deberá presentar una moción al efecto, la cual se resolverá ofreciendo a las partes la oportunidad de una vista para expresarse sobre la solicitud del(de la) interventor(a). Si se declara "con lugar" dicha moción, la parte interventora deberá prestar fianza por el importe del embargo más cualquier otra suma que el tribunal estime apropiada para garantizar los derechos a la parte afectada como condición para recuperar la posesión de dicha propiedad.

**Regla 21.7. Condiciones de la fianza**

La fianza se constituirá con la condición de que si la parte reclamante no logra justificar su derecho, devolverá la propiedad al(a la) funcionario(a) que haya efectuado el embargo, al(a la) sucesor(a) de éste(a) o al(a la) depositario(a) de los bienes, y deberá responder por cualquier deterioro o menoscabo que haya sufrido la propiedad, incluso por su pérdida total. Asimismo, la parte reclamante satisfará cualquier otra compensación que el tribunal estime justa y razonable, si ésta procede según los hechos específicos del caso.

Si la parte reclamante logra justificar su derecho, se cancelará la fianza.

## REGLA 22.   SUSTITUCIÓN DE PARTES

### Regla 22.1. Muerte

(a)    Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia desestimando el pleito.

(b)    Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los(Las) causahabientes o representantes podrán presentar la solicitud de sustitución del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.

(c)    De fallecer una o más partes demandantes, o una o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista sólo a favor de las partes demandantes o en contra de las partes demandadas que sobrevivan, el pleito no finalizará. Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o en contra de las partes sobrevivientes.

**Regla 22.2.  Incapacidad**

Si una parte queda incapacitada, el tribunal, previa
moción notificada en la forma dispuesta en la Regla 22.1,
podrá permitir que continúe el pleito por o contra su
tutor(a) o defensor(a) judicial.

**Regla 22.3.   Cesión de interés**

En caso de cualquier cesión de interés, podrá
continuarse el pleito por o contra la parte original a
menos que el tribunal, previa solicitud al efecto,
disponga que el(la) cesionario(a) sea sustituido(a) en el
pleito o acumulado(a) a la parte original. La solicitud
será notificada conforme se dispone en la Regla 22.1.

**Regla 22.4.   Funcionarios(as) públicos**

Cuando un(a) funcionario(a) de Estados Unidos de
América, del Estado Libre Asociado de Puerto Rico, de sus
municipios o de cualquiera de sus agencias o
instrumentalidades, sea parte en un pleito en su
capacidad oficial, y mientras esté pendiente el pleito
fallezca, renuncie o de cualquier otro modo cese en el
desempeño de su cargo, el pleito no se desestimará y su
sucesor(a) quedará automáticamente sustituido(a) como
parte.

**CAPÍTULO V.   PROCEDIMIENTOS ANTERIORES AL JUICIO**

**REGLA 23.   DISPOSICIONES GENERALES RESPECTO AL DESCUBRIMIENTO DE
PRUEBA**

**Regla 23.1.   Alcance del descubrimiento**

El alcance del descubrimiento de prueba, a menos que
sea limitado de algún modo por el tribunal, en
conformidad con las disposiciones de estas reglas, será
como sigue:

(a)   *En general.* Las partes podrán hacer
descubrimiento sobre cualquier materia, no privilegiada,
que sea pertinente al asunto en controversia en el pleito
pendiente, ya se refiera a la reclamación o defensa de
cualquier otra parte, incluso la existencia, descripción,
naturaleza, custodia, condición y localización de
cualesquiera libros, información almacenada
electrónicamente, documentos u otros objetos tangibles y
la identidad y dirección de personas que conozcan hechos
pertinentes.   No constituirá objeción el que la

información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

(b) *Documentos, objetos y otra prueba obtenida en preparación para el juicio.* Sujeto a las disposiciones del inciso (c) de esta regla, una parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el(la) representante de dicha parte, incluyendo a su abogado o abogada, consultor(a), fiador(a), asegurador(a) o agente. Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o abogada o de cualquier otro(a) representante de una parte. Una parte podrá requerir de la otra una lista de las personas testigos que la parte solicitada intenta utilizar en el juicio, así como un resumen breve de lo que se propone declarar cada uno. Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte. Asimismo, tanto las partes como las personas testigos pueden obtener copia de cualquier declaración prestada por ellos anteriormente. Para los propósitos de esta regla, una declaración prestada con anterioridad al juicio incluye cualquier declaración escrita, firmada o aprobada por la persona que la prestó, o cualquier tipo de grabación de una declaración o la transcripción de la misma.

(c) *Persona Perita.* El descubrimiento de prueba pericial podrá llevarse a cabo como sigue:

(1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre y la dirección de las personas peritas que haya consultado y de las que intente presentar en el juicio. Respecto a estos últimos, podrá requerirse a la parte que exprese la materia sobre la cual la persona perita se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen las opiniones. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables.

(2) Una parte podrá hacer uso de los métodos de descubrimiento en relación a hechos conocidos u opiniones de una persona perita que ha sido contratada por otra parte con anterioridad al pleito o en preparación para el juicio y la cual no habrá de ser llamada a testificar solamente si se demuestra circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones sobre la misma materia, por otros medios o en el caso que dispone la Regla 32.2.

(3) El tribunal ordenará a la parte que solicita el descubrimiento que pague a la persona perita honorarios razonables por el tiempo invertido durante el descubrimiento. Si la parte que interese el descubrimiento de prueba pericial demuestra al tribunal que carece de los medios económicos para sufragar dichos honorarios, el tribunal podrá ordenar el descubrimiento en los términos y las condiciones que estime justos y razonables.

(4) El tribunal tendrá facultad para citar testigos periciales ajenos a los de las partes con sujeción a aquellas condiciones que discrecionalmente considere apropiadas, incluyendo el disponer su compensación por una o ambas partes litigantes.

(d) *Obligación de preservar prueba sujeta al descubrimiento.* Una persona apercibida de una posible reclamación en su contra tiene la obligación de preservar prueba. También tiene dicha obligación si existe un deber legal o ético que le exija preservar prueba, si voluntariamente asumió la obligación o si surge de las circunstancias particulares del caso. Asimismo, una parte tiene la obligación de preservar prueba que podría estar sujeta al descubrimiento, aunque ésta no se le haya requerido. La obligación de preservar información almacenada electrónicamente estará sujeta a lo dispuesto en la Regla 34.3.

(e) *Obligación continua de actualizar, corregir o enmendar la prueba que se ha descubierto y de notificarla.* Una parte que haya respondido a una solicitud de descubrimiento tiene el deber continuo de actualizar, corregir o enmendar sus respuestas y notificar a la parte contraria toda información adicional que obtenga con posterioridad a dicha solicitud y que esté relacionada con dicho descubrimiento, siempre que el tribunal se lo ordene o que ocurra lo siguiente:

(1) Que la parte tenga conocimiento de que el material entregado está incorrecto o incompleto y que la información adicional o correctiva no se ha dado a conocer a la otra parte.

(2) Que la parte tenga conocimiento de que la información provista en la contestación del interrogatorio, el requerimiento de producción de documentos o el requerimiento de admisiones está incompleta o incorrecta y que la información adicional o correctiva no se ha dado a conocer.

El incumplimiento de la parte con su obligación de preservar prueba estará sujeto a sanciones económicas o de cualquier otra índole que el tribunal estime a su discreción, incluyendo el desacato, según lo dispone la Regla 34.3. El incumplimiento de la parte con su obligación de actualizar, corregir o enmendar conlleva la exclusión en el juicio de la prueba no actualizada si surge que, antes del juicio, la parte tenía conocimiento o debió tenerlo de la información adicional o correctiva y no la actualizó, corrigió ni enmendó. No obstante, de así interesarlo, la parte que solicitó dicho descubrimiento podrá hacer uso evidenciario de dicha prueba. Si el descubrimiento de la prueba surge durante el juicio, se proveerá el remedio que corresponda.

**Regla 23.2. Limitaciones y órdenes protectoras**

(a) El tribunal, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente: (i) que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa; (ii) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita; (iii) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o (iv) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.

(b) A solicitud de una parte o de la persona en relación con la cual se utiliza el descubrimiento, presentada mediante moción acompañada de una certificación indicativa de que ésta ha intentado de buena fe resolver la controversia sobre el descubrimiento conforme lo dispuesto en la Regla 34.1, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier molestia o gasto indebido. La orden del tribunal podrá incluir una o más de las medidas siguientes:

(1) Que no se lleve a cabo el descubrimiento.

>    (2) Que el descubrimiento se realice en
>        conformidad con los términos y las
>        condiciones que se dispongan, incluyendo
>        la designación de fecha y sitio.
>
>    (3) Que se lleve a cabo el descubrimiento por
>        un método diferente al seleccionado por la
>        parte que lo interesa.
>
>    (4) Que no se lleve a cabo el descubrimiento
>        de ciertas materias, que se limite su
>        alcance o que son irrelevantes y no
>        conducen al descubrimiento de evidencia
>        admisible.
>
>    (5) Que se realice el descubrimiento en
>        presencia de aquellas personas autorizadas
>        para ello por el tribunal.
>
>    (6) Que una deposición, una vez sellada, sea
>        abierta únicamente por orden del tribunal.
>
>    (7) Que un secreto comercial u otra
>        información confidencial no sea divulgada
>        o que lo sea únicamente bajo ciertas
>        condiciones.
>
>    (8) Que las partes presenten simultáneamente,
>        en sobre sellado, determinados documentos
>        o informes para ser abiertos de acuerdo
>        con las instrucciones del tribunal.

Si la moción solicitando una orden protectora es denegada en todo o en parte, el tribunal podrá, bajo aquellos términos y condiciones que sean justos, ordenar que la parte solicitante provea o permita el descubrimiento así interesado. Las disposiciones de la Regla 34 serán de aplicación en lo concerniente a la concesión de gastos y honorarios en relación con dicha moción.

## Regla 23.3. Reclamo de privilegios

(a) *Información retenida*. Cuando una parte retiene información requerida, reclamando que es materia privilegiada o protegida en contemplación de la preparación para el juicio, deberá hacer su reclamo de manera expresa y fundamentada especificando la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos o revelados, de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos.

(b)      *Información producida por inadvertencia.*
Cuando una parte produce información inadvertidamente
durante el descubrimiento de prueba que sea objeto de un
reclamo de privilegio o de protección, la parte
promovente del reclamo notificará a la parte que la
recibió su reclamo y los fundamentos. Al ser notificada,
la parte deberá devolver la información inmediatamente,
retenerla o destruirla, así como cualquier copia que
tenga, y no podrá utilizarla ni divulgarla hasta que el
reclamo sea resuelto. La parte promovida podrá presentar
inmediatamente la información al tribunal en un sobre
sellado para la adjudicación del reclamo. Si la parte
promovida hubiese divulgado la información antes de
recibir el reclamo, deberá tomar las medidas razonables
correspondientes para recuperar la información. La parte
que produjo la información deberá preservarla hasta que
el reclamo sea adjudicado.

## Regla 23.4.    Forma de llevar a cabo el descubrimiento

Los métodos de descubrimiento de prueba podrán ser
utilizados en cualquier orden. El hecho de que una parte
esté llevando a cabo un descubrimiento por cualquier
método no tendrá el efecto de dilatar o posponer el
descubrimiento de cualquier otra parte, a menos que el
tribunal, a solicitud de parte, y para conveniencia de
éstas y las personas testigos, y en interés de la
justicia, ordene lo contrario.

## REGLA 24. DEPOSICIONES ANTES DE INICIARSE EL PLEITO O DURANTE LA APELACIÓN

## Regla 24.1. Antes del inicio del pleito

(a)      *Petición.* Quien desee perpetuar su propio
testimonio o el de otra persona con relación a un asunto
en el cual pueda entender el tribunal, podrá presentar
ante éste una petición jurada al efecto. Se intitulará la
petición con el nombre de la persona peticionaria y en
ella se hará constar:

(1) que la persona peticionaria espera ser
parte en un pleito en el cual puede
entender el tribunal, pero que por el
presente le es imposible iniciarlo o lograr
que lo inicie otra persona;

(2) la cuestión implicada en el pleito en
expectativa y su interés en éste;

(3) los hechos que desea establecer mediante el testimonio propuesto y las razones que tenga para interesar su perpetuación;

(4) los nombres o una descripción de las personas que la persona peticionaria espera que habrán de ser partes adversas y sus direcciones, si son conocidas, y

(5) los nombres y las direcciones de las personas que han de ser interrogadas y la sustancia del testimonio que espera obtener de cada una.

(b) *Notificación.* Presentada la solicitud, la persona peticionaria la notificará por escrito a cada una de las personas mencionadas en ella como probables partes adversas. La notificación será diligenciada en la forma prescrita por la Regla 4.4 para diligenciar un emplazamiento y fijará un término no menor de quince (15) días en que las partes notificadas podrán comparecer a oponerse a la solicitud; pero si a pesar de la debida diligencia no puede notificarse a alguna de las personas mencionadas en la petición, el tribunal podrá dictar la orden que considere justa para que la notificación se haga mediante publicación o en cualquier otra forma, y tomará las medidas que estime razonables para proteger los intereses de las personas que no hayan sido notificadas. Si alguna de las personas es un(a) menor o incapacitado(a) se aplicarán las disposiciones de la Regla 15.2.

(c) *Orden e interrogatorio.* Si el tribunal queda satisfecho de que la perpetuación del testimonio puede impedir un fracaso o una dilación de la justicia, dictará una orden en la que designe o describa las personas cuyas deposiciones podrán ser tomadas, y especifique los asuntos sobre los cuales versará el interrogatorio, así como si las deposiciones deberán ser tomadas mediante interrogatorio oral o escrito. Se podrán entonces tomar las deposiciones de acuerdo con estas reglas y el tribunal podrá dictar órdenes similares a las dispuestas en las Reglas 31 y 32. A los efectos de la aplicación de estas reglas a las deposiciones para perpetuar testimonio, toda referencia en éstas al tribunal ante el cual el pleito esté pendiente, se entenderá que significa el tribunal ante el cual se presentó la petición para la toma de tales deposiciones.

(d) *Uso de la deposición.* Si una deposición para perpetuar un testimonio es tomada de acuerdo con estas reglas o, aunque no haya sido así tomada, es admisible en evidencia en los tribunales de la jurisdicción en que fue tomada, podrá ser usada en cualquier pleito incoado

posteriormente que involucre el mismo asunto, con arreglo a las disposiciones de la Regla 29.1.

## Regla 24.2.    Durante la apelación o revisión

Si se ha interpuesto una apelación contra una sentencia del tribunal, o antes de interponerse una apelación si el plazo para tal acción no ha expirado, el tribunal que haya dictado la sentencia podrá permitir que se tomen deposiciones de testigos para perpetuar sus testimonios y usarlos en casos de ulteriores procedimientos ante la misma. En tal caso, la parte que desee perpetuar el testimonio podrá presentar ante el tribunal una moción en la que solicite permiso para tomar las deposiciones, con igual aviso y notificación a la parte contraria como si el pleito estuviera pendiente ante dicho tribunal. En la moción se hará constar: (1) los nombres y las direcciones de las personas que han de ser interrogadas y la sustancia del testimonio que se espera obtener de cada una, y (2) las razones para la perpetuación de sus testimonios. Si el tribunal estima que la perpetuación del testimonio es necesaria para evitar un fracaso o dilación de la justicia, podrá dictar una orden para autorizar la toma de las deposiciones y podrá dictar órdenes similares a las que disponen las Reglas 31 y 32, y desde entonces estas deposiciones podrán ser tomadas y usadas del mismo modo y bajo las mismas condiciones dispuestas en estas reglas para deposiciones en pleitos pendientes.

## REGLA 25.  PERSONAS ANTE QUIENES PODRÁN TOMARSE DEPOSICIONES

## Regla 25.1.    En Puerto Rico

En la jurisdicción del Estado Libre Asociado de Puerto Rico se tomarán las deposiciones ante una persona autorizada para tomar juramentos por las leyes de Puerto Rico o ante la persona especialmente designada por la sala ante la cual esté pendiente el pleito. La persona así designada tendrá facultad para tomar juramentos, recibir testimonios y dirigir la toma de la deposición. No es necesario que la persona que administre el juramento permanezca en la toma de la deposición una vez el o la deponente sea juramentado(a).

Cuando una persona haya sido reconocida como litigante insolvente, el tribunal podrá ordenar la toma de la deposición bajo las circunstancias que estime convenientes.

**Regla 25.2.     Fuera de Puerto Rico**

Fuera de la jurisdicción del Estado Libre Asociado de Puerto Rico se tomarán las deposiciones previa notificación:

(1)    ante una persona autorizada a tomar juramentos en Puerto Rico o en el lugar donde se vaya a tomar la deposición;

(2)    ante la persona o el(la) funcionario(a) que pueda ser designado(a) por un tribunal mediante comisión para esos fines, o

(3)    por medio de una suplicatoria.

Una comisión o suplicatoria será expedida solamente cuando sea necesario o conveniente, mediante petición, bajo los términos y de acuerdo con las instrucciones que sean justas y apropiadas. Los funcionarios o funcionarias podrán designarse en las notificaciones o comisiones por su nombre o por su título descriptivo, y las suplicatorias podrán ser dirigidas "A la Autoridad Judicial Competente en (aquí el nombre del lugar)". La prueba obtenida como resultado de una suplicatoria no debe ser excluida meramente por el fundamento de que no constituye una transcripción *verbatim*, o porque el testimonio no se tomó bajo juramento o por no cumplir con algún requisito similar a los exigidos para las deposiciones tomadas dentro de Puerto Rico.

**Regla 25.3.  Descalificación por causa de interés**

No se tomará deposición alguna ante una persona que sea pariente dentro del cuarto grado de consanguinidad o segundo de afinidad, o empleado(a), o abogado o abogada de cualquiera de las partes, salvo lo dispuesto en la Regla 26, o que sea pariente dentro de los grados ya indicados o empleado(a) de tal abogado(a), o que tenga interés pecuniario en el pleito.

## REGLA 26. ESTIPULACIONES REFERENTES A DEPOSICIONES Y OTROS MÉTODOS DE DESCUBRIMIENTO

Siempre que no sean contrarias a la orden de calendarización que establece la Regla 37.3, las partes podrán estipular que:

(1) las deposiciones sean tomadas ante cualquier persona, en cualquier fecha o lugar, notificadas por cualquier medio y llevadas a cabo de cualquiera forma, y cuando así sea, podrán ser utilizadas de la misma manera que las otras deposiciones;

(2) que el procedimiento dispuesto por estas reglas para cualquier otro método de descubrimiento, pueda ser modificado, o

(3) que cualquiera de los abogados o abogadas presentes pueda tomarle juramento o afirmación al(a la) deponente o taquígrafo(a).

## REGLA 27. DEPOSICIONES MEDIANTE EXAMEN ORAL

### Regla 27.1. Cuándo podrán tomarse

(a) Luego de iniciado un pleito, cualquier parte podrá tomar el testimonio de cualquier persona, incluyendo el de una parte, mediante una deposición en forma de examen oral sin el permiso del tribunal, excepto que la parte demandante no podrá tomar ninguna deposición sin el permiso del tribunal dentro de los veinte (20) días siguientes a la fecha del emplazamiento de la parte demandada. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación. Las personas testigos podrán ser obligadas a comparecer mediante citaciones expedidas de acuerdo con las disposiciones de la Regla 40. La deposición de una persona que esté recluida en prisión podrá ser tomada solamente con el permiso previo del tribunal y bajo las condiciones que éste prescriba.

(b) La parte demandante podrá tomar la deposición de cualquier persona sin permiso del tribunal dentro de los veinte (20) días luego de emplazarse a la parte demandada si la notificación expresa que el o la deponente se propone salir de Puerto Rico y que no estará disponible luego para ser examinado(a) oralmente. El abogado o abogada de la parte demandante firmará la notificación y la firma equivaldrá a una certificación al efecto de que, según su mejor información y creencia, los

hechos expuestos en la notificación son ciertos. La firma estará también sujeta a las disposiciones de la Regla 9.

**Regla 27.2.    Notificación; fecha, lugar y método**

La parte que desee tomar la deposición de alguna persona mediante un examen oral notificará por escrito con no menos de veinte (20) días de anticipación a todas las otras partes en el pleito. En la notificación se hará constar la fecha, la hora, el lugar y el método que se utilizará para tomar la deposición y el nombre y la dirección de cada una de las personas que habrán de ser examinadas, si son conocidas. Si el nombre no es conocido, constará una descripción general suficiente para identificar la persona o la clase o grupo particular a que dicha persona pertenece. El aviso de toma de deposición a una parte podrá ir acompañado de un requerimiento para la producción de documentos u objetos, en conformidad con las disposiciones de la Regla 31. Si el o la deponente no es una parte y se le notifica una citación para la producción de documentos u objetos en ocasión de la toma de la deposición, estos documentos u objetos deben ser relacionados en la notificación a las partes. El lugar del examen y la citación para la toma de la deposición se regirán por las disposiciones de la Regla 40.4.

**Regla 27.3.    Medios de reproducción**

La deposición podrá ser tomada o grabada mediante taquigrafía, estenografía o cualquier otro método de grabación video-magnetofónico o digital que garantice la preservación e integridad del proceso y permita la reproducción de la grabación.

**Regla 27.4.   Deposiciones orales por teléfono, videoconferencia u otros medios electrónicos a distancia**

Las partes podrán estipular por escrito o, a solicitud de parte, el tribunal podrá ordenar que la deposición mediante examen oral se realice por teléfono, videoconferencia o por cualquier otro método electrónico a distancia. La parte que desea tomar la deposición notificará por escrito, con no menos de veinte (20) días de anticipación, al o a la deponente y a todas las demás partes en el pleito. En la notificación se hará constar la fecha, la hora, el lugar y el método en que será tomada la deposición. Las personas testigos podrán ser obligadas a comparecer mediante citaciones expedidas de acuerdo con las disposiciones de la Regla 40.

El aviso de toma de deposición podrá ir acompañado de un requerimiento para la producción de documentos u objetos los cuales deberán ser provistos con razonable anticipación a la fecha de toma de la deposición a la parte que la convocó. Una vez tenga disponibles los documentos u objetos requeridos al o a la deponente, la parte promovente facilitará copia de los documentos a la persona que grabará la deposición y a las demás partes notificadas.

Si la parte promovente decide comparecer por teléfono, videoconferencia u otro método electrónico a distancia, deberá realizar los arreglos pertinentes para que cualquier parte pueda comparecer de igual manera. Si la parte promovente decide comparecer en persona al lugar de la toma de deposición, cualquier parte podrá comparecer por teléfono, videoconferencia u otro método electrónico a distancia, siempre que realice los arreglos necesarios con la persona que grabará la deposición y con la parte que la convocó. Si la deposición se toma por estos medios, el lugar de la deposición será donde el o la deponente contesta las preguntas ante una persona autorizada por ley para tomar juramento y recibir el testimonio.

**Regla 27.5. Reglamentación por el tribunal**

A solicitud de una parte que haya sido notificada, el tribunal podrá, por causa justificada, prorrogar o acortar el plazo para tomar la deposición. El tribunal podrá, asimismo, regular la fecha, el sitio y el orden para la toma de deposiciones, además de todas las otras materias cubiertas por las Reglas 27.2 y 27.3, de acuerdo con la conveniencia de las partes, de las personas testigos y de la justicia.

**Regla 27.6. Deposiciones a corporaciones u organizaciones**

En la notificación para la toma de deposición o en la citación al efecto, una parte podrá señalar como deponente a cualquier corporación pública o privada o a cualquier sociedad, asociación o agencia gubernamental, y describirá con razonable particularidad las cuestiones sobre las cuales se interesa el examen. En ausencia de designación de la persona o las personas a ser examinadas por la parte interesada, la organización señalada nombrará a la persona o las personas con el mayor conocimiento sobre las cuestiones que se examinarán para que testifique en su nombre o a nombre de la organización, y podrá señalar las materias sobre las cuales testificará cada persona en su representación. Si la organización no es parte en el litigio, la citación

deberá advertir su deber de hacer tal nombramiento o designación. La persona nombrada testificará sobre las cuestiones disponibles a la organización o las conocidas por ésta.

**Regla 27.7. Forma del interrogatorio; acta del examen; juramento; objeciones y conducta**

(a) *Forma, acta y juramento*. Una persona testigo podrá ser examinada mediante un interrogatorio directo y repreguntas. La persona testigo será juramentada por la persona descrita en la Regla 25 y ésta, personalmente o por medio de alguien que actúe bajo su dirección, levantará un acta del testimonio de la persona testigo. En caso de que la persona ante quien se tome la deposición se ausente de ésta en conformidad con la Regla 25.1, el acta será levantada por la persona que tome o grabe la deposición. El testimonio de la persona testigo será tomado por cualquiera de los métodos establecidos en la Regla 27.3. Independientemente del método que se utilice para reproducirla, toda deposición deberá ser transcrita salvo que todas las partes estipulen lo contrario. La parte promovente pagará el costo de la comparecencia del(de la) taquígrafo(a), de la transcripción y de la copia del(de la) deponente. La parte promovente deberá suplir copias adicionales de la transcripción a costo de la parte solicitante, a menos que el tribunal disponga lo contrario.

(b) *Objeciones y conducta*

(1) *Objeciones en general*. Durante el curso de una deposición sólo podrán presentarse y fundamentarse aquellas objeciones que estén relacionadas con materia protegida por algún privilegio o aquellas que se entiendan renunciadas si no se interponen. Las demás objeciones sólo se anotarán en el récord y la contestación será dada, sujeto a la objeción, quedando preservado el derecho de la parte a solicitar del tribunal el remedio apropiado.

(2) *Objeciones en la toma de deposición para perpetuar testimonio*. No obstante lo dispuesto en el inciso (a) que antecede, cuando la deposición se toma con el propósito de perpetuar el testimonio de una parte o testigo, deberán presentarse las objeciones que sean necesarias para que la parte que pretende perpetuar dicho testimonio pueda reformular su pregunta y salvar las objeciones de entenderlo procedente.

(3) *Limitación en cuanto al fundamento de las objeciones explicadas*. Toda objeción interpuesta durante el curso de una deposición será consignada en una forma

clara, sencilla y sucinta, y será articulada de manera que no le sugiera la contestación al o a la deponente. Durante el transcurso de una deposición, ninguna persona podrá hacer comentarios o manifestaciones que interfieran con el interrogatorio del(de la) deponente.

(4) *Negativa a contestar*. Un(a) deponente está obligado(a) a contestar todas las preguntas que se le formulen durante el transcurso de una deposición, excepto: (i) para preservar un privilegio, (ii) para poner en vigor alguna limitación impuesta mediante orden del tribunal o, (iii) cuando la pregunta es claramente impropia y contestarla causaría gran perjuicio a una persona. Por consiguiente, un abogado o abogada no instruirá al o a la deponente que no conteste, salvo para preservar un privilegio o poner en vigor alguna limitación impuesta mediante orden del tribunal. Cualquier negativa a contestar o instrucción para que no se conteste una pregunta deberá estar acompañada con una expresión clara y sucinta para el récord de los fundamentos en que se basa la negativa o la instrucción. Si un(a) deponente se niega a contestar una pregunta, las partes podrán iniciar una conferencia telefónica con el juez o jueza que preside la sala ante la cual se ventila el caso, a los fines de obtener una resolución del tribunal con respecto al asunto en controversia. En tal caso, las partes actuarán en conformidad con lo dispuesto por el tribunal en ese momento, el cual levantará un acta a esos efectos que será notificada a las partes. De no estar disponible el tribunal, la deposición continuará sobre todo aquel asunto no relacionado con la objeción.

(5) *Conducta de los abogados y abogadas*. Ningún abogado o abogada podrá interrumpir una deposición con el propósito de comunicarse con el o la deponente, salvo que todas las partes así lo estipulen, en cuyo caso, la estipulación debe surgir claramente del récord. Comenzada la deposición, ningún abogado o abogada o parte podrá ordenar que se detenga el récord, salvo que medie una estipulación de todas las partes.

En lugar de participar personalmente, una parte podrá enviar un pliego de interrogatorio en un sobre cerrado, que la persona ante la cual se va a tomar la deposición presentará a la persona testigo para su contestación.

## Regla 27.8.   Examen, lectura, enmienda y firma de la deposición

Transcrita la deposición, ésta será entregada por el(la) taquígrafo(a) a la parte que la tomó en un término no mayor de cuarenta y cinco (45) días de haberse concluido la deposición. A partir de la entrega, se presentará al o a la deponente para su examen y lectura

dentro de diez (10) días, a menos que dicho examen y lectura sean renunciados por el o la deponente y por las partes, lo que se hará constar en el acta. Cualesquiera enmiendas de forma o de contenido que el o la deponente desee hacer deberán presentarse dentro de los treinta (30) días siguientes a la notificación de la transcripción.

En los casos en que se haya estipulado que no se transcribirá la deposición y cuando el testimonio haya sido reproducido mediante cinta, video u otro método de grabación, el o la deponente deberá examinarlo dentro de los treinta (30) días a partir de la entrega, a menos que dicho examen sea renunciado por el o la deponente y por las partes, lo que se hará constar en el acta. Las enmiendas de forma o de contenido que el o la deponente desee hacer deberán presentarse dentro del término antes dispuesto, en un documento que acompañará la copia de la cinta, video o método de grabación utilizado.

Las enmiendas serán anotadas en la transcripción de la deposición o en el documento preparado por la persona ante quien se tomó la deposición, o en ausencia de ésta, por la persona que tomó o grabó la deposición, quien hará constar los fundamentos dados por el o la deponente para formularlas. La transcripción de la deposición o el documento será firmado por el o la deponente, a menos que las partes, mediante estipulación, renuncien a su firma o que el o la deponente esté enfermo(a), no pueda ser localizado(a) o se niegue a ello. Si el o la deponente no firma la transcripción de la deposición o el documento, se anotará en el récord la razón para dicha negativa y la deposición podrá entonces ser utilizada para todos los fines legales, a menos que mediante una solicitud para suprimir la deposición según dispone la Regla 29.3, el tribunal sostenga que las razones ofrecidas por el o la deponente para negarse a firmar requieren que la deposición se rechace en todo o en parte.

## Regla 27.9. Certificación y notificación de la deposición

(a) La persona ante quien se tomó la deposición o, en ausencia de ésta, la persona que tomó o grabó la deposición certificará que el o la deponente fue debidamente juramentado(a) y que la transcripción o reproducción de la deposición es una fiel y exacta de su testimonio. Cuando la deposición haya sido transcrita, colocará el original de la deposición en un sobre y, después de cerrarlo de manera segura, hará constar en el sobre el título del pleito marcándolo "deposición de (aquí se insertará el nombre de la persona testigo)". Entregará la transcripción a la parte que la tomó dentro del término dispuesto en la Regla 27.8, quien tendrá la

obligación de notificar a todas las demás partes que la transcripción le ha sido entregada al(a la) deponente. Además, tendrá la obligación de conservar el original y producirlo en el juicio.

(b)  Los documentos y objetos que se produzcan para la inspección durante la toma de una deposición, a solicitud de parte, serán marcados para identificación y unidos a la transcripción o a la cinta, video o método de grabación utilizado. Dichos documentos y objetos podrán ser inspeccionados y copiados por cualquier parte. La persona que produce los documentos u objetos puede sustituirlos por copias que sean marcadas para identificación, siempre que le dé oportunidad a las demás partes a verificar que son copias fieles y exactas de los originales. Igualmente, si la persona que produce estos documentos y objetos solicita que sean devueltos, cada parte tendrá oportunidad de inspeccionarlos o copiarlos, y serán devueltos a la persona que los produjo, luego de ser debidamente marcados por las partes, y así podrán ser usados como si estuvieran unidos a la deposición.

(c)  La persona ante quien se tomó la deposición o, en ausencia de ésta, la persona que tomó o grabó la deposición suministrará una copia de ésta a cualquier parte en el pleito o al(a la) deponente, mediante el pago de los honorarios correspondientes por quien lo solicita.

(d)   En los casos en que se estipule que la deposición no se transcriba, la parte promovente tendrá la obligación de conservar y producir en el juicio el contenido del testimonio en la forma en que fue originalmente tomado.


**REGLA 28. DEPOSICIONES MEDIANTE PREGUNTAS ESCRITAS**

**Regla 28.1.  Notificación y entrega de las preguntas**

La parte que desee tomar la deposición de alguna persona por medio de preguntas escritas, hará entrega de estas preguntas a cada una de las otras partes con una notificación haciendo constar el nombre y la dirección de la persona que ha de contestarlas y el nombre o título descriptivo y la dirección de la persona que habrá de tomar el juramento de la deposición, y el nombre y la dirección de la persona que tomará o grabará la deposición. Dentro de los diez (10) días siguientes al de la notificación, la parte así notificada podrá entregar repreguntas a la parte que propuso la toma de la deposición. Dentro de los cinco (5) días siguientes a la entrega de las repreguntas, la parte a quien le fueron notificadas podrá entregar preguntas adicionales a la

parte que le hizo entrega de dichas repreguntas. Dentro de tres (3) días después de haber recibido las preguntas adicionales, una parte podrá entregar repreguntas adicionales a la parte que propuso la toma de la deposición.

## Regla 28.2.  Toma de respuestas; levantamiento de acta; deberes

Una copia de la notificación y una copia de todas las preguntas notificadas serán entregadas por la parte que ha de tomar la deposición a la persona ante quien se tomará la misma conforme a la Regla 27.7.  Dicha persona o, en ausencia de ésta, la persona que tomará o grabará la deposición procederá prontamente con la continuación de los procedimientos prescritos por las Reglas 27.7, 27.8 y 27.9 a tomar el testimonio de la persona testigo en contestación a las preguntas y a preparar, certificar y disponer de la deposición, uniendo a ésta la copia de la notificación y de las preguntas recibidas por ella.

Tan pronto como la deposición se entregue a la parte que la tomó, ésta tendrá la obligación de notificar este hecho a todas las demás partes. Además, tendrá la obligación de conservar el original y producirlo en el juicio.

## Regla 28.3.   Órdenes para la protección de partes y deponentes

Con posterioridad a la notificación y entrega de interrogatorios y antes de tomar el testimonio del(de la) deponente, la sala ante la cual esté pendiente el pleito podrá, mediante una moción prontamente formulada por una parte o por un(a) deponente, previa notificación y por justa causa, dictar cualquier orden especificada en la Regla 23.2 que sea adecuada y justa, o una orden para que la deposición no sea tomada ante la persona designada en la notificación o para disponer que no sea tomada excepto mediante examen oral.

## REGLA 29.   USO DE LAS DEPOSICIONES EN LOS PROCEDIMIENTOS ANTE EL TRIBUNAL

## Regla 29.1.   Uso de las deposiciones

En el juicio, o al celebrarse la vista de una moción o de un procedimiento interlocutorio, la totalidad o cualquier parte de una deposición, en cuanto sea admisible de acuerdo con las Reglas de Evidencia, aplicadas como si el o la deponente estuviese testificando en corte, podrá utilizarse contra cualquier parte que haya estado presente o representada en la toma de la deposición, o que haya sido debidamente notificada

de dicho acto, de acuerdo con cualquiera de las disposiciones siguientes:

(a)     Cualquier deposición podrá utilizarse por cualquier parte con el propósito de contradecir o impugnar el testimonio del(de la) deponente como testigo.

(b)     La deposición de una parte o la de cualquier persona que en la fecha en que se tomó la deposición era un(a) oficial, funcionario(a), director(a) o agente administrador(a), o persona designada bajo la Regla 27.6 para testificar a nombre de una corporación pública o privada, sociedad, asociación o agencia gubernamental que sea parte en el pleito, podrá utilizarse por la parte adversa para cualquier propósito.

(c)     La deposición de una persona testigo, ya sea parte o no, podrá utilizarse por cualquiera de las partes para cualquier propósito si el tribunal determina:

(1)     que la persona testigo ha fallecido;

(2)     que se ha demostrado que sería oneroso requerir la presencia en el juicio de una persona testigo que se encuentra fuera de Puerto Rico, a menos que se pruebe que la ausencia de la persona testigo fue motivada por la parte que ofrece la deposición;

(3)     que la persona testigo no puede comparecer a declarar por razón de su avanzada edad, enfermedad o incapacidad física;

(4)     que la parte que ofrece la deposición no ha podido conseguir la comparecencia de la persona testigo mediante una citación, o

(5)     mediante solicitud y notificación demostrativas de que existen circunstancias de tal forma excepcionales que hacen deseable en interés de la justicia y dando la debida consideración a la importancia de presentar oralmente el testimonio de los o las deponentes en corte abierta, que se permita el uso de la deposición.

(d)     Si una parte ofrece en evidencia solamente un fragmento de una deposición, la parte adversa podrá exigirle que presente cualquier otro fragmento de la deposición que sea relevante y admisible, y que en

justicia deba ser considerado con el fragmento ya
ofrecido, y de igual forma, cualquier parte podrá ofrecer
cualesquiera otros fragmentos de dicha deposición.

La sustitución de parte no afectará el derecho a
usar deposiciones previamente tomadas, y cuando un pleito
incoado ante el Tribunal General de Justicia o ante una
corte de Estados Unidos de América o de cualquiera de sus
estados, territorios o posesiones ha sido sobreseído, y
luego se presente un nuevo pleito que involucre la misma
cuestión litigiosa entre las mismas partes o sus
representantes o causahabientes, todas las deposiciones
legalmente tomadas y debidamente archivadas en el pleito
anterior se podrán usar en el nuevo pleito como si
hubiesen sido originalmente tomadas para éste.

## Regla 29.2.    Objeciones a la admisibilidad

Con sujeción a las disposiciones de estas reglas,
podrá presentarse objeción en el juicio o vista a la
admisión en evidencia de cualquier deposición o fragmento
de ésta, por cualquiera de los fundamentos que requeriría
su exclusión si la persona testigo está entonces
prestando declaración en persona.

## Regla 29.3.    Efecto de errores e irregularidades en las deposiciones

(a) *En cuanto a la notificación.* Todos los errores
e irregularidades en la notificación para la toma de una
deposición se considerarán renunciados a menos que se
entregue prontamente una objeción por escrito a la parte
que hizo la notificación.

(b) *En cuanto a la capacidad de la persona ante
quien se toma.* La objeción a la toma de una deposición
por causa de incapacidad de la persona ante quien ha de
ser tomada, se entenderá renunciada a menos que se
presente antes de comenzar la toma de la deposición o tan
pronto como la incapacidad sea conocida o pudo ser
descubierta mediante diligencia razonable.

(c) *En cuanto a la toma de la deposición*

(1) Las objeciones a la competencia de una
persona testigo o a la admisibilidad de un testimonio no
se entenderán renunciadas por no haber sido presentadas
antes de o durante la toma de la deposición a menos que
el fundamento de la objeción haya podido obviarse o
eliminarse de haberse presentado en aquel momento.

(2) Los errores e irregularidades cometidos en el examen oral, en la manera de tomar la deposición, en la forma de las preguntas o de las contestaciones, en el juramento o afirmación, o en la conducta de las partes, y los errores de cualquier clase que hayan podido ser obviados, eliminados o subsanados si se hubiese objetado prontamente, quedarán renunciados a menos que se hubiese presentado oportunamente una objeción contra ellos durante la toma de la deposición.

(3) Las objeciones a la forma de las preguntas escritas, presentadas de acuerdo con la Regla 28, quedarán renunciadas a menos que sean notificadas por escrito a la parte que las propuso dentro del plazo concedido para la notificación de las subsiguientes repreguntas u otras preguntas escritas y dentro de los cinco (5) días siguientes a la notificación de las últimas preguntas escritas permitidas.

(d) *En cuanto a la tramitación de la deposición.* Los errores e irregularidades cometidos en la transcripción o reproducción del testimonio o en la forma en que la deposición ha sido preparada, firmada, certificada, sellada, endosada, transmitida o presentada, se entenderán renunciados a menos que se presente una moción para suprimir la deposición, o alguna parte de ella, dentro de los treinta (30) días a partir de que dicho defecto fuera o que mediante la debida diligencia haya podido ser descubierto.

**REGLA 30.          INTERROGATORIOS A LAS PARTES**

**Regla 30.1.     Procedimiento para su uso**

Una parte podrá notificar interrogatorios por escrito a cualquier otra parte para ser contestados por la parte así notificada, o si ésta es una corporación pública o privada o una sociedad, asociación o agencia gubernamental, por cualquier(a) oficial, funcionario(a) o agente de éstas, quien suministrará aquella información que esté al alcance de la parte. Los interrogatorios podrán ser notificados a la parte demandante luego del comienzo del pleito sin el permiso del tribunal. Los interrogatorios podrán también ser notificados a cualquier otra parte, siempre que ésta haya sido debidamente emplazada o éstos se acompañen con el emplazamiento dirigido a dicha parte. Cada interrogatorio será contestado por escrito, en forma separada y completa, y bajo juramento, a menos que sea objetado.

Si el interrogatorio es objetado, se expondrán mediante moción las razones para ello en sustitución de la contestación, y se deberá acompañar copia del interrogatorio objetado.

Si sólo se objeta parte del interrogatorio, la parte que lo objeta deberá incluir literalmente la pregunta así como los fundamentos en que se basa la objeción. En este caso, la parte objetante, junto con sus objeciones, deberá notificar a la parte que sometió el interrogatorio las contestaciones a la parte no objetada de éste.

Las contestaciones deberán ser firmadas y juradas por la persona que las da. La parte a la cual le sean notificados los interrogatorios deberá entregar una copia de las contestaciones, o de las objeciones, si algunas, o de ambas conjuntamente, a la parte que formuló dicho interrogatorio dentro del término de treinta (30) días a partir de la fecha de notificación del interrogatorio. El tribunal podrá, previa moción al efecto y por razones justificadas, ampliar o acortar este término.

La parte que somete un interrogatorio podrá objetar las contestaciones, sujeto a lo dispuesto en la Regla 34.1, mediante una moción al tribunal que incluya una transcripción literal de la pregunta y de la contestación concernida y los fundamentos en que se basa la objeción.

La parte que somete un interrogatorio puede solicitar una orden bajo las disposiciones de la Regla 34 con relación a cualquier objeción u omisión en la contestación a un interrogatorio.

## Regla 30.2.     Alcance; uso en el juicio

Los interrogatorios pueden referirse a cualquier asunto que pueda ser investigado bajo las disposiciones de la Regla 23 y las contestaciones pueden ser usadas según lo permitan las Reglas de Evidencia. Un interrogatorio que de otra forma sea apropiado no es necesariamente objetable porque su contestación implique una opinión o contención relacionada con hechos o conclusiones de derecho, pero el tribunal, por causa justificada, podrá ordenar que dicho interrogatorio no sea contestado o lo sea en el tiempo y dentro de las circunstancias que estime razonable.

## Regla 30.3.  Opción de producir libros, documentos, récords o información almacenada electrónicamente

Cuando la contestación a un interrogatorio pueda encontrarse en libros, documentos, récords o en información almacenada electrónicamente, por la parte a la cual se le ha formulado el interrogatorio, y el peso de obtener dicha contestación es sustancialmente igual para la parte interrogante que para la parte interrogada, constituye suficiente contestación a dicho interrogatorio el precisar la parte específica de los récords, libros, documentos o de la información almacenada electrónicamente de los cuales la contestación puede ser obtenida y ofrecerle a la parte interrogante una oportunidad razonable para el examen, la inspección o la auditoría de éstos y para la preparación de copias, compilaciones, resúmenes o impresos.

## REGLA 31.  DESCUBRIMIENTO DE DOCUMENTOS Y OBJETOS PARA SER INSPECCIONADOS, COPIADOS O FOTOGRAFIADOS

## Regla 31.1. Alcance

Además de tener derecho a que se produzca cualquier documento o cosa para ser inspeccionado con relación a un examen bajo la Regla 27, o interrogatorios bajo la Regla 30, una parte podrá notificar a otra, sujeto a lo dispuesto en la Regla 23.2, una solicitud para que:

(1)     produzca y permita inspeccionar, copiar o fotografiar, por o a nombre de la parte promovente,

determinados documentos, papeles, información almacenada electrónicamente, convertida en información comprensible, de ser necesario, para el que la solicite, libros, cuentas, cartas, fotografías, objetos o cosas tangibles, de naturaleza no privilegiada, que constituyan o contengan evidencia relacionada con cualquiera de las materias que estén dentro del alcance del examen permitido por la Regla 23.1 y que estén en o bajo su posesión, custodia o dominio, o

(2)    permita la entrada en terreno designado u otra propiedad en su posesión o bajo su dominio, con el propósito de inspeccionar, medir, mensurar o tomar fotografías de la propiedad o de cualquier objeto u operación que se esté realizando en ésta dentro del alcance permitido por la Regla 23.1.

La solicitud especificará la fecha, la hora, el lugar y el modo de hacer la inspección, tomar las fotografías y hacer las copias, y podrá prescribir los términos y las condiciones que se estimen justos para ello.

## Regla 31.2.    Procedimiento

La solicitud será notificada a la parte demandante, sin el permiso del tribunal, luego de comenzado el pleito, y a cualquier otra parte al momento de su emplazamiento o posteriormente. La solicitud expresará los objetos a ser inspeccionados, los cuales serán descritos con razonable particularidad, y especificará la fecha, la hora, el sitio y la manera, siguiendo criterios de razonabilidad.

La parte que reciba tal solicitud deberá responder a la parte que la formula dentro del término de quince (15) días. En la respuesta se expresará, con respecto a cada objeto especificado en la solicitud, que se permitirá la inspección, a menos que ésta se objete, en cuyo caso se deberán exponer las razones para la objeción. La parte que solicita la inspección puede solicitar una orden bajo la Regla 34.2 sobre cualquier reparo u objeción presentado por la parte promovida o en relación con cualquier falta de respuesta adecuada a la solicitud o a parte de ella, así como a cualquier negativa a permitir la inspección solicitada.

La parte que produce los documentos deberá presentarlos tal y como se mantiene en el curso ordinario de los negocios, pudiendo solamente organizarlos e identificarlos para que correspondan con cada objeto especificado en la solicitud.

En caso de que la solicitud requiera información almacenada electrónicamente, la parte requerida podrá producir la información en la forma o formas en que ordinariamente son mantenidas o en la forma o formas que se pueda usar o comprender razonablemente. La parte que tenga la información almacenada electrónicamente en más de una forma sólo la producirá en una de dichas formas.

## REGLA 32. EXAMEN FÍSICO Y MENTAL DE PERSONAS

### Regla 32.1.    Orden para el examen

En un pleito en el cual el estado mental o físico, incluyendo el grupo sanguíneo o la estructura genética de una parte o de una persona bajo su tutela, custodia o patria potestad esté en controversia, la sala ante la cual esté pendiente el pleito podrá ordenarle que se someta a un examen físico o mental por un(a) profesional autorizado(a) por ley para efectuarlo, o para que presente para examen a la persona que esté bajo su tutela, custodia o patria potestad. En los casos en que la parte formule alegaciones sobre su estado físico o mental, se entenderá que ha renunciado a su derecho a la intimidad sobre aquellos expedientes médicos o sicológicos relacionados con la controversia. La orden se podrá dictar a solicitud de parte, previa moción y notificación a la parte que haya de ser examinada y a todas las demás partes y en ella se especificarán la fecha, la hora, el lugar, el modo, las condiciones y el alcance del examen y el(la) profesional o los(las) profesionales que habrán de hacerlo.

### Regla 32.2.    Informe del examinador o examinadora

(a)  La parte a cuya instancia se hizo el examen le entregará a la parte examinada una copia de un informe del examinador o examinadora, por escrito y detallado, haciendo constar sus determinaciones en un plazo no mayor de cuarenta y cinco (45) días de la fecha del examen o prueba. Después de tal entrega, la parte a cuya instancia se hizo el examen tendrá derecho a recibir de la parte examinada un informe similar de cualquier examen del mismo estado mental o físico, efectuado anterior o posteriormente que existiese. Si la parte examinada rehúsa entregar dicho informe, el tribunal, mediante moción debidamente notificada, podrá dictar una orden exigiendo que se haga dicha entrega bajo aquellas condiciones que sean justas, y si el(la) profesional autorizado(a) por ley que efectuó el examen deja de, o se niega a rendir tal informe, el tribunal podrá excluir su testimonio si éste es ofrecido en el juicio.

(b)   Al obtener un informe del examen así ordenado o al tomar una deposición al examinador o examinadora, la parte examinada renuncia a cualquier privilegio que pueda tener en ese pleito o en cualquiera otro que involucre la misma controversia, con relación al testimonio de toda otra persona que le haya examinado o pueda examinarle en el futuro sobre el mismo estado mental o físico.

## REGLA 33. REQUERIMIENTO DE ADMISIONES

(a)   *Requerimiento de admisión.* A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de ser emplazada.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea

cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación enmendada. El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla 34.2(c) son de aplicación a la imposición de gastos en que se incurra con relación a la moción.

(b) *Efecto de la admisión.* Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin, ni podrá ser usada en su contra en ningún otro procedimiento.

## REGLA 34. CONTROVERSIAS EN TORNO AL DESCUBRIMIENTO; NEGATIVA A DESCUBRIR LO SOLICITADO Y SUS CONSECUENCIAS

## Regla 34.1. Controversias en torno al descubrimiento

Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte

promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado o abogada de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

## Regla 34.2. Moción para que se ordene a descubrir lo solicitado

Luego de que la parte promovente haya realizado con prontitud esfuerzos razonables y de buena fe con la parte adversa y ésta se niega a descubrir lo solicitado, la parte promovente de una moción bajo esta regla podrá requerir al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado, según se dispone a continuación.

(a) *Moción.* Si un(a) deponente se niega a contestar alguna pregunta que le sea hecha o sometida según lo dispuesto en las Reglas 27 y 28, o una corporación u organización deja de designar una persona según dispone la Regla 27.6, o una parte deja de contestar cualquier interrogatorio que se le haya sometido bajo la Regla 30, o si la parte en su contestación a una orden dictada bajo la Regla 31 deja de responder a la solicitud para efectuar una inspección o no permita efectuarla, la parte promovente podrá solicitar que se obligue a dicha parte a contestar o especificar lo solicitado, o que se dicte una orden para obligar a que se cumpla con la inspección solicitada. Cuando se tome la deposición de una persona mediante un examen oral, la parte proponente de la pregunta podrá completar el examen oral o suspenderlo, antes de solicitar la orden.

(b) *Respuesta evasiva o incompleta.* Para los propósitos de este inciso, una respuesta evasiva o incompleta se considerará como si se deja de contestar lo solicitado.

(c) *Concesión de gastos.* Si se declara "con lugar" la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, podrá imponer a la parte o deponente que incumplió, o a la parte o al abogado o abogada que haya aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto.

Si se declara "sin lugar" la moción, el tribunal, después de dar a las partes la oportunidad de ser oídas, podrá imponer a la parte promovente o al abogado o abogada que la aconsejó, o a ambos, el pago a la parte o deponente que se opuso a la moción, del importe de los gastos razonables incurridos en la oposición a la moción, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para presentar la moción o que dentro de las circunstancias el pago de los gastos resultaría injusto.

Cuando las circunstancias lo justifiquen, el tribunal podrá prorratear los gastos incurridos entre las partes o las personas involucradas, o entre ambas.

## Regla 34.3.    Negativa a obedecer la orden

(a) *Desacato.* Si cualquier deponente rehúsa prestar juramento o se niega a contestar alguna pregunta después de haber el tribunal ordenado que lo haga, la negativa podrá ser considerada como desacato.

(b)      *Otras consecuencias.* Si una parte o un(a) funcionario(a) o agente administrador(a) de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:

(1)      Una orden para que las materias comprendidas en las órdenes antes mencionadas o cualesquiera otros hechos designados por el tribunal, sean considerados como probados a los efectos del pleito, en conformidad con la reclamación de la parte que obtuvo la orden.

(2)      Una orden para impedir a la parte que incumpla, que sostenga o se oponga a determinadas reclamaciones o defensas, o para prohibirle la presentación de determinada materia en evidencia.

(3)      Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, o para desestimar el pleito o procedimiento o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.

(4)      En lugar de cualquiera de las órdenes anteriores o adicional a ellas, una orden para considerar

como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes, excepto una orden para someterse a examen físico o mental.

(5)      Cuando una parte deja de cumplir con una orden bajo la Regla 32 requiriéndole que presente para examen a otra persona bajo su tutela, custodia o patria potestad, cualesquiera de las órdenes mencionadas en los subincisos (1), (2) y (3) de este inciso, excepto que la parte que incumpla demuestre que está impedida de presentar tal persona para examen.

(6)      Una orden, bajo las condiciones que estime justas, para imponer a cualquier parte, testigo, abogado o abogada una sanción económica como resultado de sus actuaciones.

(c)      En lugar de cualquiera de las órdenes anteriores o adicional a ellas, el tribunal impondrá a la parte que incumpla la orden o al abogado o abogada que la aconsejó, o a ambos, el pago del importe de los gastos incurridos, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para el incumplimiento o que dentro de las circunstancias, el pago de los gastos resultaría injusto.

(d)      Si la parte promovente del descubrimiento de prueba pertinente a las alegaciones o defensas justifica con prueba fehaciente que la parte promovida se niega a descubrir lo solicitado por haber destruido o incumplido con su deber de preservar prueba pendiente de litigio o razonablemente utilizable en un pleito futuro, estará sujeta a las sanciones dispuestas en estas reglas. El tribunal no podrá ordenar la imposición de sanciones bajo esta regla a una parte por no proveer información almacenada electrónicamente, que demuestre que se ha perdido como resultado de la operación rutinaria de buena fe del sistema de almacenamiento electrónico de información, salvo que antes de efectuar dicha operación se le haya requerido a la parte preservar la prueba.    En tal caso, la parte requerida tendrá el peso de demostrar que la información almacenada electrónicamente no pudo ser producida por las razones indicadas anteriormente.

**Regla 34.4.      Gastos por negarse a admitir**

Si una parte se niega a admitir la autenticidad de cualquier documento o la veracidad de cualquier asunto requerido bajo la Regla 33 y la parte requirente prueba posteriormente la autenticidad de tal documento o la veracidad del asunto, dicha parte podrá solicitar del tribunal una orden para exigir de la otra parte el pago de los gastos razonables incurridos en obtener tal

prueba, incluyendo honorarios de abogado. El tribunal
concederá dicha compensación excepto cuando determine
que:

(1)    el requerimiento era objetable según lo
dispuesto en la Regla 33(a); o

(2)    las admisiones que se solicitaron carecen de
valor sustancial; o

(3)    la parte que se negó a admitir tenía razones
justificadas para creer que prevalecería en el asunto, o

(4)    existía alguna otra razón válida para la
negativa.

## Regla 34.5. Falta de comparecencia o de presentación de contestaciones a los interrogatorios o a la inspección solicitada; falta de comparecencia o notificación de la citación

Si una parte, o un(a) funcionario(a) o agente
administrador(a) de una parte o una persona designada
para testificar a su nombre según disponen las
Reglas 27.6 ó 28, deja de:

(1)    comparecer ante la persona ante quien se ha
de tomar su deposición después de haber sido debidamente
notificada, o

(2)    presentar contestaciones u objeciones a los
interrogatorios sometidos de acuerdo con la Regla 30
después de habérseles notificado debidamente, o

(3)    presentar una contestación por escrito a una
solicitud para efectuar una inspección después de
habérsele notificado debidamente, el tribunal, a
solicitud de parte, podrá dictar, con relación al
incumplimiento, aquellas órdenes que sean justas, entre
ellas, podrá tomar cualquier acción de las autorizadas en
los subincisos (1), (2) y (3) del inciso (b) de la Regla
34.3. En lugar de cualquiera de las órdenes anteriores o
adicional a ellas, el tribunal impondrá a la parte que
incumpla o al abogado o abogada que la aconsejó, o a
ambos, el pago del importe de los gastos razonables
ocasionados por la negativa, incluyendo honorarios de
abogado, a menos que el tribunal determine que existía
una justificación válida para el incumplimiento o, que
dentro de las circunstancias, el pago de los gastos
resultaría injusto.

No será excusable la falta de cumplimiento a que se
refiere esta regla, por el fundamento de que lo

solicitado es objetable, a menos que la parte que incumpla haya obtenido una orden protectora de acuerdo con la Regla 23.2.

Si una parte que notificó la toma de una deposición deja de comparecer y otra parte comparece en persona o por medio de abogado o abogada conforme a dicha notificación, el tribunal podrá ordenar a la parte que hizo la notificación que pague a la otra el importe de los gastos razonables en que hayan incurrido para comparecer, incluyendo una suma razonable para honorarios de abogado.

Si una parte que notificó la toma de una deposición a una persona testigo deja de entregarle una citación y ésta, por razón de tal omisión, no comparece, y si otra parte asiste en persona o por medio de abogado o abogada porque espera que la deposición de dicha persona testigo ha de ser tomada, el tribunal podrá ordenar a la parte que hizo la notificación que pague a la otra el importe de los gastos razonables en que hayan incurrido para comparecer, incluyendo una suma razonable para honorarios de abogado.

## Regla 34.6. Gastos y honorarios de abogado al Estado Libre Asociado de Puerto Rico

De acuerdo con esta regla, podrá imponerse gastos y honorarios de abogado al Estado Libre Asociado de Puerto Rico.

**REGLA 35. OFERTA DE SENTENCIA Y DE PAGO**

**Regla 35.1.      Oferta de sentencia**

En cualquier momento antes de los veinte (20) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. La oferta deberá cumplir con los requisitos siguientes:

(1)      Hacerse por escrito, notificando a la parte a quien se le hace mediante correo certificado.

(2)      Especificar quién hace la oferta y la parte a la que va dirigida.

(3)      Establecer la cantidad, si alguna, que se ofrece por concepto de daños.

(4)      Especificar la cantidad total o propiedad y condiciones ofrecidas.

(5)      Establecer la cantidad por concepto de costas devengadas hasta el momento.

Si dentro de los diez (10) días siguientes a la notificación la parte adversa notifica por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el Secretario o Secretaria del tribunal dictará sentencia. Si no es así aceptada, será considerada como retirada y no será admisible en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado o en un procedimiento para obligar al cumplimiento de una sentencia dictada, producto de una oferta de sentencia.

En todo caso en que la sentencia que obtenga finalmente la parte a quien se le hizo la oferta sea igual o menos favorable, ésta tendrá que pagar las costas, los gastos y los honorarios de abogado incurridos con posterioridad a la oferta.

El hecho de que se haga una oferta y ésta no se acepte no impide que se haga otra subsiguiente. Cuando la responsabilidad de una parte haya sido adjudicada mediante sentencia pero queda aún por resolverse en procedimientos ulteriores la cuantía de los daños o la extensión de dicha responsabilidad, la parte cuya responsabilidad se haya adjudicado podrá notificar una oferta de sentencia y ésta tendrá el mismo efecto que una

oferta hecha antes del juicio si se notifica dentro de un término razonable no menor de veinte (20) días antes del comienzo de la vista.

**Regla 35.2.      Oferta de pago**

Cuando en el pleito para obtener únicamente el cobro de dinero, la parte demandada alegue en su contestación que antes de presentarse la demanda ofreció a la parte demandante la suma total a que tiene derecho e inmediatamente la deposita en el tribunal y resulta que dicha alegación es cierta, la parte demandante no podrá cobrar costas y tendrá que pagarlas a la parte demandada, así como también los gastos y honorarios de abogado.

**Regla 35.3.      Depósito en el tribunal**

En un pleito en que cualquier parte del remedio que se solicite sea una sentencia mediante la cual se ordene el pago de una suma de dinero o la disposición de cualquier otra cosa que pueda ser objeto de entrega, una parte, previa notificación a cada una de las otras partes y con el permiso del tribunal, podrá depositar en el tribunal la totalidad de dicha suma o cosa, o cualquier parte de ésta, para ser retenida por el Secretario o Secretaria sujeta a ser retirada, en todo o en parte, en cualquier momento por orden del tribunal.

**Regla 35.4.    Pronunciamiento de sentencia por consentimiento**

(a)      Podrá dictarse sentencia sin la celebración de un juicio o sin haberse iniciado un pleito, fundada en el consentimiento de una persona, ya sea por dinero debido o que haya de deber, o para asegurar a otra contra responsabilidades eventuales contraídas a favor de la parte demandada, o por ambas cosas, en la forma prescrita en esta regla. Dicha sentencia será registrada y notificada por el Secretario o Secretaria del tribunal y advendrá final y firme desde la fecha de su registro.

(b)      Dicho consentimiento deberá aparecer de un escrito firmado bajo juramento por la parte demandada, haciendo constar lo siguiente:

(1)      Su autorización para que se dicte sentencia en su contra por una suma determinada.

(2)      Si es por dinero debido o que haya de deberse, expondrá concisamente los hechos y el origen de la deuda, y demostrará que la suma consentida se debe o se deberá en justicia.

(3)    Si es con el fin de garantizar a la parte demandante contra una responsabilidad eventual, expondrá concisamente los hechos constitutivos de la responsabilidad y demostrará que la suma consentida no excede del importe de la responsabilidad.


## REGLA 36. SENTENCIA DICTADA SUMARIAMENTE

## Regla 36.1.    A favor de la parte reclamante

Una parte que solicite un remedio podrá, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.


## Regla 36.2.    A favor de la parte contra quien se reclama

Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.


## Regla 36.3.    Moción y procedimiento

(a)  La moción de sentencia sumaria será notificada a la parte contraria y deberá contener lo siguiente:

(1)    una exposición breve de las alegaciones de las partes;

(2)    los asuntos litigiosos o en controversia;

(3)   la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;

(4)   una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5)   las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

(6)   el remedio que debe ser concedido.

(b)  La contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación y deberá contener lo siguiente:

(1)   lo indicado en los subincisos (1), (2) y (3) del inciso anterior;

(2)   una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3)   una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal, y

(4)   las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

(c) Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente.  De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.

(d) Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla.

El tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen.  Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.

(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes.  Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito.

Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.

**Regla 36.4.    Pleito no decidido en virtud de moción**

Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.

A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.

**Regla 36.5.    Forma de las declaraciones juradas; testimonio adicional**

Las declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del(de la) declarante. Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el(la) declarante está cualificado(a) para testificar en cuanto a su contenido. Copias juradas o certificadas de todos los documentos, o de partes de éstos en que se haga referencia en una declaración jurada, deberán unirse a la misma o notificarse junto con ésta. El tribunal podrá permitir que las declaraciones juradas se complementen o se impugnen mediante deposiciones o declaraciones juradas adicionales.

**Regla 36.6.   Cuando no puedan obtenerse declaraciones juradas**

Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración concediéndole a la parte promovida un término razonable para que pueda obtener declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia, o dictar cualquier otra orden que sea justa.

**Regla 36.7.      Declaraciones juradas hechas de mala fe**

Si se prueba a satisfacción del tribunal que cualquiera de las declaraciones juradas ha sido presentada de mala fe, o solamente con propósitos dilatorios, el tribunal ordenará inmediatamente a la parte responsable pagar a la otra parte el importe de los gastos razonables en que ésta incurrió como resultado de la presentación de dichas declaraciones juradas, incluyendo honorarios de abogado razonables. Cualquier parte o abogado o abogada que así proceda podrá condenársele por desacato, además de cualquier otra medida o sanción dispuesta en estas reglas.

**REGLA 37. EL MANEJO DEL CASO**

**Regla 37.1. Reunión para el manejo del caso**

En todos los casos contenciosos, con excepción de aquellos bajo las Reglas 45 y 60, los casos de relaciones de familia u otros regulados por leyes especiales, se celebrará una reunión entre los abogados o abogadas de las partes, no más tarde de los cuarenta (40) días desde la última contestación de la parte demandada o del(de la) último(a) codemandado(a) emplazado(a) o tercero(a) demandado(a), o de que haya expirado el plazo para contestar. El abogado o abogada de la parte demandante coordinará con el abogado o abogada de la parte demandada la fecha de la reunión y en ésta llevarán a cabo los asuntos siguientes:

(a)      Intercambiar copia legible de todo documento, material audiovisual o información almacenada electrónicamente bajo custodia, posesión o control, que cualquier parte pueda usar en apoyo de las alegaciones o defensas formuladas.

(b)      En los casos de división y liquidación de bienes, intercambiar un inventario, una descripción y la valoración estimada por las partes, y copia de todos aquellos documentos requeridos mediante ley o reglamento para la tramitación del caso.

(c)      Intercambiar el nombre, la dirección y el número de teléfono de toda persona que pueda tener información relevante del caso que pueda ser objeto de descubrimiento de prueba, y un resumen de dicha información.

(d)  Evaluar la necesidad o conveniencia de designar un(a) comisionado(a), bien sea un(a) administrador(a)

judicial, contador(a) partidor(a), liquidador(a), tasador(a), síndico(a), árbitro(a), tutor(a), perito(a), comisionado(a) especial, administrador(a) ad hoc o cualquier otro recurso humano, para lo cual incluirán el nombre de un(a) candidato(a) por acuerdo o de dos candidatos(as) con quienes previamente hayan conversado y que estén disponibles para aceptar la encomienda.

(e) Intercambiar el nombre, la dirección, el número de teléfono y el currículum vítae de cualquier persona perita consultada o de aquellas que se proponen utilizar, incluso los(las) peritos(as) de ocurrencia. Proveer un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que las sostienen y el término para la presentación de los informes periciales.

(f) Preparar un plan itinerario de todo descubrimiento de prueba que se propongan realizar, incluyendo las fechas para su cumplimiento y para las deposiciones de partes, testigos y personas peritas, si alguna han de hacer. Incluirán los mecanismos de descubrimiento de prueba que utilizarán, si alguno, y el término dentro del cual se realizará.

(g) Evaluar el caso conforme a la reglamentación relativa a los métodos alternos para la solución de conflictos.

(h) Informar los pleitos relacionados pendientes, por presentarse o sujetos a consolidación.

(i) Estipulaciones para facilitar la tramitación del litigio.

(j) Transacciones.

Como resultado de la reunión, los abogados o abogadas de las partes prepararán un documento conjunto titulado *Informe para el manejo del caso,* que incluya los acuerdos alcanzados en ésta, y lo presentarán a la Secretaría del tribunal dentro de los diez (10) días siguientes a la reunión. Se podrá preparar el *Informe para el manejo del caso* por la vía telefónica, vía fax, por correo electrónico, por teleconferencia o por cualquier otro método. En virtud de este informe, el tribunal calendarizará la conferencia inicial, la conferencia con antelación al juicio o el juicio.

Las partes estarán obligadas a actualizar, suplementar, corregir o enmendar la prueba o información que deben intercambiar conforme lo dispuesto en esta regla. De incumplir con dicha obligación podrán ser sancionadas conforme lo dispuesto en la Regla 23.1(e).

Los términos señalados en esta regla serán de estricto cumplimiento, sujeto a lo dispuesto en la Regla 37.7.

**Regla 37.2.    Conferencia inicial**

En todos los casos contenciosos, con excepción de aquellos bajo la Regla 60 u otros regulados por leyes especiales, el tribunal señalará una conferencia inicial no más tarde de los sesenta (60) días después de presentado el *Informe para el manejo del caso*. En la conferencia inicial se considerará, entre otras cosas:

(a) Las controversias sobre jurisdicción o competencia.

(b) La acumulación de partes o reclamaciones.

(c) Las enmiendas a las alegaciones.

(d) Las estipulaciones sobre los hechos y documentos, de tal forma que se evite un descubrimiento adicional y la presentación de prueba innecesaria.

(e) Los hechos materiales controvertidos y el derecho aplicable.

(f) Evaluar el caso conforme a la reglamentación relativa a los métodos alternos para la solución de conflictos.

(g) Los límites, el alcance y el término final para concluir el descubrimiento de prueba pendiente.

(h) La expedición de órdenes protectoras.

(i) El término para presentar mociones dispositivas.

(j) El término para presentar enmiendas a las alegaciones, conforme lo dispuesto en la Regla 6.2 (c).

(k) La separación de las controversias para adjudicación independiente.

(l) Los pleitos relacionados pendientes, por presentarse o su consolidación.

(m) El intercambio del inventario, la descripción y valoración estimada por las partes de los bienes, y copia de todos aquellos documentos requeridos mediante ley o reglamento para la tramitación del caso.

(n) La posibilidad de certificar el caso como un caso de litigación compleja.

(o) La conveniencia de someter preliminarmente cuestiones litigiosas a un(a) comisionado(a), administrador(a) judicial, contador(a) partidor(a), liquidador(a), tasador(a), síndico(a), árbitro(a), tutor(a), perito(a), administrador(a) ad hoc o cualquier otro recurso humano.

(p) Las estipulaciones para facilitar la tramitación del caso.

(q) Las transacciones.

(r) Señalar la fecha del juicio.

(s) Cualesquiera otras medidas para facilitar la más pronta tramitación del pleito.

Nada de lo dispuesto en esta regla impide que el tribunal, en virtud de lo expuesto en el *Informe para el manejo del caso*, sustituya el señalamiento de la conferencia inicial por el de la conferencia con antelación al juicio o el juicio, u ordene la celebración de conferencias adicionales con el propósito de dirigir los procedimientos relacionados con el descubrimiento de prueba.


**Regla 37.3.    Orden de calendarización**

(a)    En los casos señalados para la conferencia inicial, el tribunal emitirá una orden para la calendarización del proceso que recogerá las disposiciones y los acuerdos.

(b)    En aquellos casos en que no se señale la celebración de la conferencia inicial, el tribunal emitirá una orden de calendarización en la cual adoptará las disposiciones y acuerdos incluidos en el *Informe para el manejo del caso*.

(c)     Los términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7.

## Regla 37.4. Reunión en preparación para la conferencia con antelación al juicio

En los casos señalados para conferencia con antelación al juicio, los abogados o abogadas de las partes se reunirán entre sí informalmente por lo menos quince (15) días antes de la fecha señalada para la conferencia con el propósito de preparar, con arreglo al *Informe para el manejo del caso*, a los acuerdos en la orden de calendarización y de los incidentes posteriores a éstos, un *Informe preliminar entre abogados y abogadas* que incluya lo siguiente:

(a)     Nombres, direcciones, teléfonos, fax y correo electrónico de los abogados y abogadas que intervendrán en representación de las partes en la vista en su fondo del caso.

(b)     Una breve relación de los hechos pertinentes a las reclamaciones o defensas de las partes, y si se reclaman daños, un desglose detallado de éstos.

(c)     Estipulaciones sobre los hechos, documentos y asuntos sobre los cuales no exista controversia y que eviten la presentación de evidencia innecesaria.

(d)     Una exposición breve de la posición de las partes con respecto a los hechos, documentos y asuntos sobre los cuales exista controversia y la base legal que apoye tal posición.

(e)     Un resumen del derecho aplicable a los hechos específicos del caso, un resumen de las cuestiones de derecho que las partes anticipen habrán de plantearse o que ya se hayan planteado, señalando aquellos en que exista desacuerdo y sus opiniones, y la jurisprudencia específica aplicable.

(f)     Una relación detallada de la prueba documental debidamente identificada, incluyendo las deposiciones u otra prueba que se ofrecerá y respecto a cuya admisión en evidencia no exista controversia.

     (g)    Una relación de la prueba documental que ofrecerá cada parte y respecto a cuya admisión en evidencia exista controversia, incluyendo una sucinta exposición de los fundamentos en que se base la objeción.

     (h)    Una lista de cada parte con los nombres y las direcciones de las personas testigos, incluso los(las) peritos(as) de ocurrencia, que testificarán en el juicio (excepto testigos de impugnación o de refutación) incluyendo un resumen de su testimonio.

     (i)    Una lista de cada parte con los nombres de las personas peritas que testificarán en el juicio, incluyendo un resumen de su testimonio.

     (j)    Las reclamaciones o defensas que cada parte alegue que se han desistido o renunciado.

     (k)    Una lista de todas las mociones presentadas y aquellas que consideren someter, sujeto a la discreción del tribunal, para permitirlas en esta etapa del procedimiento.

     (l)    Las enmiendas a las alegaciones y los fundamentos por los cuales éstas no se presentaron con anterioridad.

     (m)    Un estimado del número de días y horas requeridas para la presentación de la prueba de cada una de las partes en el juicio en su fondo.

     (n)    La posibilidad de una transacción.

     (o)    Considerar cualesquiera otras medidas que puedan facilitar la más pronta terminación del pleito.

Los abogados o abogadas de las partes podrán discutir los asuntos requeridos en el *Informe* mediante teléfono, teleconferencia, fax, correo electrónico o cualquier otro método.

Los abogados o abogadas de las partes someterán a la Secretaría del tribunal el *Informe* aquí requerido diez (10) días antes de la fecha señalada para la conferencia con antelación al juicio.

A menos que se demuestre justa causa, el tribunal no permitirá la presentación en el juicio de aquellos documentos, testigos o controversias no identificadas conforme lo requiere esta regla, y tendrá por renunciadas

aquellas objeciones y defensas que no hayan sido
especificadas en el *Informe*.


**Regla 37.5.      Conferencia con antelación al juicio**

La conferencia con antelación al juicio se celebrará
al menos treinta (30) días antes de la fecha señalada
para la vista en su fondo. El tribunal podrá requerir la
asistencia de las partes con sus respectivos abogados o
abogadas. En la conferencia se discutirán los asuntos
especificados en el *Informe preliminar entre abogados y
abogadas* y los asuntos siguientes:

(a) La transacción del litigio.

(b) La adjudicación de todas las controversias
pendientes que surjan del *Informe*, incluyendo la
admisibilidad de la prueba.

(c) Establecer el plan para la celebración del
juicio.

El tribunal dictará una orden en que expondrá lo
acordado y dispuesto en la conferencia, las enmiendas que
se hayan permitido a las alegaciones y las estipulaciones
de las partes en relación con cualquiera de los asuntos
considerados y que limiten las cuestiones litigiosas a
ser consideradas en el juicio, a aquellas no resueltas
mediante admisiones o estipulaciones de los abogados o
abogadas. Dicha orden, una vez dictada, gobernará el
curso subsiguiente del pleito, a menos que sea modificada
en el juicio para impedir manifiesta injusticia.


**Regla 37.6.      Conferencia sobre transacción**

En cualquier momento que estime oportuno el tribunal
podrá ordenar la celebración de una conferencia para
considerar la transacción del caso con la asistencia de
las partes y sus abogados o abogadas.


**Regla 37.7.      Sanciones**

Si una parte o su abogado o abogada incumple con los
términos y señalamientos de esta regla, o incumple
cualquier orden del tribunal para el manejo del caso sin
que medie justa causa, el tribunal impondrá a la parte o
su abogado o abogada la sanción económica que
corresponda.

## CAPÍTULO VI. EL JUICIO

**REGLA 38. CONSOLIDACIÓN; JUICIOS POR SEPARADO**

**Regla 38.1.      Consolidación**

Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

**Regla 38.2.  Juicios por separado**

El tribunal por razón de conveniencia, o para evitar perjuicio, o para evitar gastos innecesarios, o para facilitar la más pronta terminación del litigio, podrá ordenar un juicio por separado de cualesquiera demandas, demandas contra coparte, reconvenciones, demandas contra tercero o de cualesquiera cuestiones litigiosas independientes, y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 42.3.

**REGLA 39. DESISTIMIENTO Y DESESTIMACIÓN DE LOS PLEITOS**

**Regla 39.1.      Desistimiento**

(a) *Por la parte demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya

desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

**Regla 39.2.    Desestimación**

(a)    Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

(b)    El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado

o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

(c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

**Regla 39.3.   Desistimiento y desestimación de reconvención, demanda contra coparte o demanda contra tercero**

Las disposiciones de la Regla 39 aplicarán al desistimiento y a la desestimación de cualquier reconvención, demanda contra coparte o demanda contra tercero. Un desistimiento por la parte reclamante solamente de acuerdo con la Regla 39.1(a), se hará antes de notificarse una alegación responsiva, o si no hay tal alegación, se hará antes de que se presente la prueba en el juicio.

**Regla 39.4. Costas u honorarios de abogado de pleitos anteriormente desistidos**

Si una parte demandante que ha desistido una vez de un pleito comienza otro basado en o que incluya la misma reclamación contra la misma parte demandada, el tribunal podrá dictar la orden que estime conveniente para el pago de las costas u honorarios de abogado del pleito desistido y podrá suspender los procedimientos en el nuevo pleito hasta tanto la parte demandante haya cumplido con dicha orden.

**REGLA 40. CITACIÓN**

**Regla 40.1. Forma**

Toda citación indicará el nombre del tribunal que la emite, la sala en la que está pendiente, el título del pleito y el número civil del caso. Ordenará a la persona o entidad a la que vaya dirigida que comparezca, ofrezca testimonio en vista, juicio o deposición, produzca o permita la inspección o copia de libros, documentos, información almacenada electrónicamente u objetos tangibles en la posesión, custodia o control de dicha persona o entidad o que permita la inspección de predios o propiedad bajo su posesión, custodia o control, en la fecha, la hora y el lugar allí especificados.

Un requerimiento para producir evidencia o permitir la inspección, podrá ser acumulado con un requerimiento para comparecer al tribunal para juicio o vista o para una deposición, o podrá ser expedido separadamente. Una citación para producir información almacenada electrónicamente especificará la forma o formas en que la información habrá de ser producida.

**Regla 40.2.   Expedición**

Se podrá expedir una citación por el Secretario o Secretaria del tribunal, a solicitud de parte, o por un abogado o abogada admitido(a) al ejercicio de la profesión que haya comparecido a representar a dicha parte, en los casos siguientes:

(a) para requerir la comparecencia a juicio o vista a la sala del tribunal en que el juicio o la vista esté señalado;

(b) para requerir la comparecencia para la toma de una deposición únicamente en el lugar donde resida, trabaje o realice personalmente sus negocios;

(c) para requerir la producción, inspección o copia de libros, documentos, información almacenada electrónicamente u objetos tangibles en la región judicial correspondiente a la sala en la que está pendiente el caso, sujeto a lo dispuesto en la Regla 31, y

(d) para requerir la inspección de predios o propiedad bajo la posesión, custodia o control de la persona citada en la fecha, la hora y el lugar especificados, sujeto a lo dispuesto en la Regla 31.

**Regla 40.3.      Diligenciamiento**

Una citación podrá ser diligenciada por el alguacil o alguacila, o por cualquier otra persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir y que no sea la parte, ni su abogado o abogada, ni sus parientes dentro del cuarto grado de consanguinidad o segundo de afinidad, ni tenga interés en el pleito. El diligenciamiento de la citación a la persona a quien vaya dirigida se hará mediante la entrega de ésta a dicha persona o conforme a lo dispuesto en la Regla 4.4 para el diligenciamiento personal del emplazamiento. En los casos en que la citación requiera la comparecencia, ésta deberá estar acompañada con un cheque o giro por la cantidad de las dietas y del millaje según autorizado por ley. Cuando la citación se expida a solicitud del Estado Libre Asociado de Puerto Rico, sus agencias, municipios o instrumentalidades, o de un(a) oficial de éstos, no será necesario ofrecer el pago de gastos de transportación ni dietas.

La citación será diligenciada con no menos de veinte (20) días de anticipación a la fecha de cumplimiento, con excepción de la citación que requiera la comparecencia a juicio o vista, la cual podrá ser diligenciada fuera de dicho término.

La prueba del diligenciamiento se hará mediante la presentación, en la Secretaría del tribunal, de una copia de la citación que contenga una declaración jurada, si fue diligenciada por persona particular, o mediante certificación si fue diligenciada por un alguacil o alguacila, haciendo constar la fecha, forma y manera en que se hizo con indicación del nombre de la persona o entidad a la que fue entregada.

**Regla 40.4. Protección de las personas sujetas a citación**

(a) La parte que solicite la expedición de una citación o el abogado o abogada que expida una citación deberá tomar las medidas que considere razonables para evitar imponerle una carga o unos gastos onerosos a la persona sujeta a la citación. El tribunal que emita la citación podrá imponer sanciones a la parte o al abogado o abogada que incumpla con este deber, las cuales podrán incluir pérdida de ingreso y honorarios de abogado.

(b) La persona a quien se le exija la producción de documentos y la inspección y copia de libros, documentos, información almacenada electrónicamente, objetos tangibles o de un lugar, no tiene que comparecer al lugar donde se realizará la inspección a menos que también se le exija comparecer para deposición, vista o juicio.

(c) La persona a quien va dirigida la citación podrá, dentro de los quince (15) días de haberle sido diligenciada, notificar por escrito al abogado o abogada designado(a) en la citación su objeción a la inspección o fotocopia de toda o parte de la información, o del lugar donde está localizada, o a la producción de información almacenada electrónicamente en la forma o formas requeridas, o a la inspección de un predio o propiedad. De haber objeción, la parte que notifica la citación no tendrá derecho a la inspección o producción de lo solicitado, aunque podrá oponerse y solicitar al tribunal, previa notificación a la persona citada, que dicte una orden concediendo la inspección o producción. El tribunal dictará la orden que corresponda y, en caso de que ordene la inspección o producción de lo solicitado, deberá proteger a cualquier persona que no sea parte u oficial de una parte, de cualquier gasto significativo que pueda surgir de la inspección, producción o fotocopia de la información.

(d) La persona que haya sido citada para prestar testimonio en una deposición podrá presentar su objeción dentro de los quince (15) días de diligenciada la citación.  Si la citación es a una vista o juicio, la objeción podrá presentarse en cualquier momento.

**Regla 40.5.     Deber de responder a una citación**

(a) La persona que responda a una citación para la producción de documentos deberá producirlos según los archive en el curso normal de su negocio, o deberá organizarlos e identificarlos en categorías según le sea solicitado.

(b)  Cuando la información sujeta a citación no se provee alegando que ésta es información privilegiada o que está sujeta a una orden protectora por ser material de preparación para el juicio, la alegación debe ser expresa y estar fundamentada en una descripción de la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos, que le permita a la parte que los solicita impugnar tal alegación. Esto no eximirá de producir aquellos documentos que no son objeto de la solicitud de orden protectora.

**Regla 40.6. Citación a testigos para la toma de deposiciones fuera de la jurisdicción**

Las personas testigos que se encuentren fuera de la jurisdicción serán citadas para la toma de una deposición mediante una comisión o suplicatoria dirigida a la autoridad judicial competente del lugar donde se encuentra la persona testigo. Su testimonio será tomado mediante una deposición según lo establecido en la Regla 25.2 y la transcripción de dicho testimonio podrá ser utilizada en sustitución del testimonio.

**Regla 40.7.    Citación innecesaria**

Una persona que esté presente en el tribunal o ante un(a) funcionario(a) judicial, podrá ser llamada a declarar lo mismo que si hubiera comparecido en virtud de citación.

**Regla 40.8.    Ocultación de testigos**

Si una persona testigo se oculta con el fin de eludir la entrega de una citación, el tribunal, previa presentación de una declaración jurada acreditativa de la ocultación de la persona testigo y de la pertinencia de su testimonio, podrá dictar una orden disponiendo que la citación sea diligenciada por el alguacil o alguacila, quien deberá cumplimentarla de conformidad, pudiendo al efecto allanar cualquier edificio o propiedad donde se encuentre escondido la persona testigo.

**Regla 40.9. Citación de personas recluidas en prisión**

El tribunal, previa presentación de una solicitud jurada acreditativa de la pertinencia del testimonio interesado, podrá ordenar la citación y comparecencia de una persona que se encuentre recluida en prisión con el fin de que preste declaración en un juicio, vista o deposición.

**Regla 40.10.    Desacato**

El dejar de obedecer, sin causa justificada, una citación debidamente diligenciada podrá ser considerado como desacato al tribunal.

**REGLA 41. COMISIONADOS O COMISIONADAS ESPECIALES**

**Regla 41.1. Nombramiento y compensación**

El tribunal en el que esté pendiente un pleito o procedimiento podrá nombrar un comisionado o comisionada especial en relación con dicho pleito o procedimiento. A los efectos de esta regla, la palabra *comisionado(a)* incluye un(a) árbitro(a), un(a) auditor(a) y un(a) examinador(a). El tribunal fijará los honorarios del comisionado o comisionada y éstos se cargarán a la parte que el tribunal ordene, o podrán satisfacerse de cualquier fondo o propiedad involucrada en el pleito, que esté bajo la custodia y gobierno del tribunal, en la forma en que éste disponga. El comisionado o comisionada no podrá retener su informe para asegurar el cobro de sus honorarios, pero cuando la parte a quien se ordene el pago no lo haga, después de notificada de la orden al efecto y dentro del plazo concedido por el tribunal, el comisionado o comisionada tendrá derecho a un mandamiento de ejecución contra dicha parte. Además, cuando una parte rehúse sin justa causa cumplir con la orden para el pago de los honorarios del (de la) comisionado(a), el tribunal podrá imponer sanciones conforme a la Regla 34.3.

**Regla 41.2. Encomienda**

El Tribunal Supremo y el Tribunal de Apelaciones podrán encomendar un asunto a un comisionado o comisionada en cualquier caso o procedimiento de jurisdicción original.

La encomienda de un asunto a un comisionado o comisionada en el Tribunal de Primera Instancia será la excepción y no la regla. No se encomendará el caso a un comisionado o comisionada en ningún pleito, salvo cuando estén involucradas cuestiones sobre cuentas y cómputos difíciles de daños o casos que involucren cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado. No se nombrará un comisionado o comisionada especial si una parte demuestra que el nombramiento ocasionaría una dilación innecesaria en los procedimientos o costos irrazonables.

**Regla 41.3.     Poderes**

La orden para encomendar un asunto a un comisionado o comisionada especificará con particularidad sus poderes y requerirá que informe sobre determinadas cuestiones litigiosas solamente, o que haga determinados actos, o que solamente reciba prueba y transmita el récord de la misma, y fijará un término razonable dentro del cual el

comisionado o comisionada deberá presentar su informe. Sujeto a las especificaciones y limitaciones establecidas en la orden, el comisionado o comisionada tendrá y ejercitará el poder de regular los procedimientos en toda vista celebrada ante él o ella, y de realizar cualquier acto y tomar cualquier medida que sea necesaria o adecuada para el cumplimiento eficiente de sus deberes bajo la orden. Podrá exigir que se produzca ante él o ella cualquier prueba sobre todos los asuntos comprendidos en la encomienda, incluso la producción de todos los libros, papeles, comprobantes, documentos y escritos pertinentes. Podrá decidir sobre la admisibilidad de prueba, a menos que se disponga otra cosa en la orden de encomienda, tendrá la facultad de juramentar personas testigos y examinarlas, de citar las partes en el pleito y de examinarlas bajo juramento. Cuando una parte así lo requiera, el comisionado o comisionada hará un récord de la prueba ofrecida y excluida del mismo modo y sujeto a las mismas limitaciones dispuestas en las Reglas de Evidencia.

## Regla 41.4.    Procedimiento

(a) *Reuniones.* Cuando se encomiende un asunto a un(a) comisionado(a), el Secretario o Secretaria le entregará inmediatamente una copia de la orden dictada al efecto. A menos que la orden disponga otra cosa, el comisionado o comisionada inmediatamente después de recibirla notificará a las partes, o a sus abogados o abogadas la fecha y el lugar para la primera reunión, que deberá celebrarse dentro de los veinte (20) días siguientes a la fecha de la orden del tribunal. Será obligación del comisionado o comisionada proceder a su encomienda con diligencia razonable. Previa notificación a las demás partes y al(a la) comisionado(a), cualquiera de ellas podrá solicitar del tribunal una orden para exigir al(a la) comisionado(a) que acelere los procedimientos y rinda su informe. Si una parte deja de comparecer en la fecha y el lugar designados, el comisionado o comisionada podrá proceder en su ausencia o a su discreción, posponer los procedimientos para otro día, notificándolo a la parte ausente.

(b) *Testigos.* Las partes podrán obtener la comparecencia de testigos ante el comisionado o comisionada mediante la expedición y notificación de citaciones conforme se dispone en la Regla 40. Una persona testigo que deje de comparecer o testificar sin excusa adecuada podrá ser castigada por desacato, y quedará sujeto a las consecuencias, penalidades y remedios provistos en las Reglas 34 y 40.

(c) *Estados de cuenta.* Cuando estén en controversia ante el comisionado o comisionada cuestiones sobre

cuentas, éste o ésta podrá prescribir la forma en que
dichas cuentas deberán someterse y en cualquier caso
adecuado podrá exigir o recibir en evidencia un estado de
cuentas preparado por un(a) contador(a) público o
contador(a) público autorizado(a) que sea llamado(a) como
testigo. Si una parte se opone a la admisión de
cualquiera de las partidas así sometidas o si se
demuestra que la forma del estado de cuentas es
insuficiente, el comisionado o comisionada podrá exigir
que se presente el estado de cuentas en otra forma o que
las cuentas o partidas específicas de éste se prueben
mediante examen oral o por medio de interrogatorios
escritos o en cualquier otra forma que ordene.

**Regla 41.5.    Informe**

(a) *Contenido y presentación.* El comisionado o
comisionada preparará un informe sobre todos los asuntos
encomendados por la orden del tribunal, y si se le exige
que haga determinaciones de hechos y conclusiones de
derecho, las expondrá en el informe, el cual presentará
en la Secretaría del tribunal en la fecha señalada en la
orden según lo dispuesto en la Regla 41.3; y, a menos que
de otro modo se disponga, acompañará una relación de los
procedimientos, un resumen de la prueba y los *exhibit*
originales.

(b) *Proyecto del informe.* Antes de presentar su
informe, el comisionado o comisionada podrá someter un
proyecto de éste a los abogados o abogadas de todas las
partes con el fin de recibir sus sugerencias. Al
presentar el informe, el Secretario o Secretaria lo
notificará inmediatamente a todas las partes.

(c) *Aprobación al informe*. En todos los casos, el
tribunal aceptará las determinaciones de hechos del
comisionado o comisionada, a menos que sean claramente
erróneas. Dentro de los veinte (20) días siguientes a la
notificación del informe o del término que disponga el
tribunal, cualquiera de las partes podrá notificar a las
otras sus objeciones por escrito a dicho informe. La
solicitud al tribunal para que tome la acción que proceda
con respecto al informe y a las objeciones a éste se hará
mediante moción y con notificación, según se dispone en
la Regla 67. El tribunal, después de oír a las partes,
podrá adoptar el informe, o modificarlo, o rechazarlo en
todo o en parte, o recibir evidencia adicional, o
devolverlo con instrucciones.

(d)      *Estipulación en cuanto a las determinaciones
de hechos.* El efecto del informe del comisionado o
comisionada será el mismo, hayan o no consentido las
partes a que el asunto sea encomendado a un(a)

comisionado(a), pero cuando las partes estipulen que las determinaciones de hechos del comisionado o comisionada sean finales, solamente se considerarán en lo sucesivo las cuestiones de derecho que surjan del informe.

## CAPÍTULO VII. SENTENCIAS Y RESOLUCIONES

## REGLA 42. SENTENCIA Y RESOLUCIÓN

## Regla 42.1. Sentencia y resolución; qué incluyen

Según se usa en estas reglas, el término "sentencia" incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. El término "resolución" incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial.

El término "sentencia", cuando es dictada por un tribunal de apelación, se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado. La determinación final del tribunal de apelación cuando éste deniega discrecionalmente el auto solicitado se denomina "resolución". La determinación final del tribunal de apelación cuando éste desestima por cualquier causa o archiva por desistimiento un recurso de apelación, se denomina "sentencia".

## Regla 42.2. Declaración de hechos probados y conclusiones de derecho

En todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. Al conceder o denegar *injunctions* interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos. Las determinaciones de hechos de un comisionado o comisionada, en tanto y en cuanto el tribunal las adopte, serán consideradas como determinaciones de hechos del tribunal.

No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:

(a) al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2;

(b) en casos de rebeldía;

(c) cuando las partes así lo estipulen, o

(d) cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estime.

En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.

**Regla 42.3. Sentencias sobre reclamaciones o partes múltiples**

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.

**Regla 42.4.    Remedio a concederse**

Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones. Sin embargo, una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia.

**REGLA 43.    ENMIENDAS O DETERMINACIONES INICIALES O ADICIONALES**

**Regla 43.1.    Enmiendas o determinaciones iniciales o adicionales**

No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera.   En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.

La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal.  El término para notificar será de cumplimiento estricto.

**Regla 43.2.    Interrupción de término para solicitar remedios posteriores a la sentencia**

La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales.

Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones

o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso.

## REGLA 44. COSTAS, HONORARIOS DE ABOGADO; INTERÉS LEGAL

## Regla 44.1. Las costas y honorarios de abogados

(a)      *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b)      *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o abogada y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.*    De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.

(c)      *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la

sala del Tribunal de Primera Instancia que decidió el
caso inicialmente y notificará a la parte contraria,
dentro del término jurisdiccional de diez (10) días
contados a partir de la devolución del mandato y conforme
a los criterios establecidos en el inciso (b) anterior,
una relación o memorándum de todas las partidas de gastos
y desembolsos necesarios incurridos para la tramitación
del recurso en el Tribunal de Apelaciones y en el
Tribunal Supremo, según corresponda. El memorándum de
costas se presentará bajo juramento de parte o mediante
certificación del abogado o abogada, y su impugnación se
formulará y resolverá en la misma forma prescrita en la
Regla 44.1(b). La resolución que emita el Tribunal de
Primera Instancia podrá revisarse según se dispone en el
inciso (b). La resolución que emita el Tribunal de
Apelaciones podrá revisarse mediante *certiorari* ante el
Tribunal Supremo.

Cuando se revoque la sentencia del Tribunal de
Primera Instancia, la parte a cuyo favor se dicte la
sentencia, presentará un memorándum de costas de
conformidad con el procedimiento y el término establecido
en este inciso e incluirá los gastos y desembolsos
incurridos tanto en el Tribunal de Primera Instancia como
en el Tribunal de Apelaciones y en el Tribunal Supremo.

(d) *Honorarios de abogado.* En caso que cualquier
parte o su abogado o abogada haya procedido con temeridad
o frivolidad, el tribunal deberá imponerle en su
sentencia al responsable el pago de una suma por concepto
de honorarios de abogado que el tribunal entienda
correspondan a tal conducta. En caso que el Estado Libre
Asociado de Puerto Rico, sus municipios, agencias o
instrumentalidades haya procedido con temeridad o
frivolidad, el tribunal deberá imponerle en su sentencia
una suma por concepto de honorarios de abogado, excepto
en los casos en que esté expresamente exento por ley del
pago de honorarios de abogado.

## Regla 44.2. Costas y sanciones interlocutorias

El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. El pago por tales conceptos se llevará a cabo por medios electrónicos o cualquier otro método o instrumento que el Juez Presidente o Jueza Presidenta del Tribunal Supremo adopte, en coordinación con el Secretario o Secretaria de Hacienda. Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados(as) ingresarán al Fondo Especial de la Rama Judicial creado mediante la Ley Núm. 235 de 12 de agosto de 1998, según enmendada, para ser utilizados de la forma y para los fines allí dispuestos.

Las sanciones económicas que el tribunal imponga al Estado Libre Asociado de Puerto Rico o sus agencias, corporaciones o instrumentalidades se concederán a favor de la parte contraria en el pleito.

## Regla 44.3. Interés legal

(a) Se incluirán intereses al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, y que esté en vigor al momento de dictarse la sentencia, en toda sentencia que ordena el pago de dinero, a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, incluyendo las costas y honorarios de abogado. El tipo de interés se hará constar en la sentencia.

La Junta fijará y revisará periódicamente la tasa de interés por sentencia, tomando en consideración el movimiento en el mercado y con el objetivo de desalentar la presentación de demandas frívolas, evitar la posposición irrazonable en el cumplimiento de las obligaciones existentes y estimular el pago de las sentencias en el menor tiempo posible.

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte

demandada sea el Estado Libre Asociado de Puerto Rico,
sus municipios, agencias, instrumentalidades o
funcionarios(as) en su carácter oficial. El tipo de
interés se hará constar en la sentencia.

**REGLA 45. LA REBELDÍA**

**Regla 45.1. Anotación**

Cuando una parte contra la cual se solicite una
sentencia que concede un remedio afirmativo haya dejado
de presentar alegaciones o de defenderse en otra forma
según se dispone en estas reglas, y este hecho se pruebe
mediante una declaración jurada o de otro modo, el
Secretario o Secretaria anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte,
podrá anotar la rebeldía a cualquier parte conforme a la
Regla 34.3(b)(3).

Dicha anotación tendrá el efecto de que se den por
admitidas las aseveraciones de las alegaciones
afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la
validez de una sentencia dictada en rebeldía.

**Regla 45.2. Sentencia**

Podrá dictarse sentencia en rebeldía en los casos
siguientes:

(a) *Por el Secretario o Secretaria.* Cuando la
reclamación de la parte demandante contra una parte
demandada sea por una suma líquida o por una suma que
pueda liquidarse mediante cómputo, el Secretario o
Secretaria, a solicitud de la parte demandante y al
presentársele declaración jurada de la cantidad adeudada,
dictará sentencia por dicha cantidad y las costas contra
la parte demandada cuando ésta haya sido declarada en
rebeldía, siempre que no se trate de un(a) menor o una
persona incapacitada.

(b) *Por el tribunal.* En todos los demás casos la
parte con derecho a una sentencia en rebeldía la
solicitará del tribunal, pero no se dictará sentencia en
rebeldía contra un(a) menor o una persona incapacitada a
menos que estén representados(as) por el padre, madre,
tutor(a), defensor(a) judicial u otro(a) representante
que haya comparecido en el pleito. Si para que el
tribunal pueda dictar sentencia o para ejecutarla se hace

necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

**Regla 45.3.    Facultad de dejar sin efecto una rebeldía**

El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2.

**Regla 45.4.    Quién puede solicitarla**

Las disposiciones de esta regla son aplicables ya sea la parte con derecho a la sentencia en rebeldía un(a) demandante, un(a) demandante contra tercero, un(a) demandante contra coparte o un(a) reconvencionista. En todos los casos la sentencia en rebeldía estará sujeta a las limitaciones de la Regla 42.4.

**Regla 45.5.  Sentencia contra el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios(as)**

En todo caso de cobro de dinero en el que se reclame al Estado Libre Asociado de Puerto Rico, a sus municipios, agencias, instrumentalidades o a un(a) funcionario(a) en su carácter oficial, no se dictará sentencia en rebeldía a menos que la parte reclamante pruebe a satisfacción del tribunal su reclamación o derecho al remedio que solicita.

**REGLA 46.  NOTIFICACIÓN Y REGISTRO DE SENTENCIAS**

Será deber del Secretario o Secretaria notificar a la brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. La sentencia no surtirá

efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo.

## CAPÍTULO VIII. PROCEDIMIENTOS POSTERIORES A LA SENTENCIA

## REGLA 47. RECONSIDERACIÓN

La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

**REGLA 48. NUEVO JUICIO**

**Regla 48.1. Motivos**

Se podrá ordenar la celebración de un nuevo juicio por cualquiera de los motivos siguientes:

(a) Cuando se descubra evidencia esencial la cual, a pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio.

(b) Cuando no sea posible preparar una exposición en forma narrativa de la evidencia u obtener una transcripción de los procedimientos.

(c) Cuando la justicia sustancial lo requiere. El tribunal podrá conceder un nuevo juicio a todas o cualesquiera de las partes y sobre todas o parte de las cuestiones litigiosas.

**Regla 48.2. Término para presentar la moción**

Una moción de nuevo juicio deberá ser presentada dentro de los quince (15) días de haberse archivado en los autos copia de la notificación de la sentencia, excepto que:

(a) Cuando esté basada en el descubrimiento de nueva evidencia, podrá ser presentada antes de la expiración del término para apelar o recurrir de la sentencia, previa notificación a la otra parte, la celebración de vista y la demostración de haberse ejercitado la debida diligencia.

(b) Cuando esté basada en la Regla 48.1(b), podrá presentarse dentro de un término de treinta (30) días después de conocida la imposibilidad de prepararla.

La constatación de este último hecho deberá ocurrir dentro de los treinta (30) días de notificada la sentencia.

**Regla 48.3. Término para notificar las declaraciones juradas**

Cuando una moción de nuevo juicio se base en declaraciones juradas, éstas se notificarán con la moción. La parte contraria tendrá quince (15) días después de notificada para, a su vez, notificar declaraciones juradas en oposición, cuyo término podrá prorrogarse por un período adicional que no excederá de quince (15) días después de haberse demostrado la

existencia de justa causa. El tribunal podrá permitir que se presenten declaraciones juradas en réplica.

## Regla 48.4. A iniciativa del tribunal

Dentro de los quince (15) días siguientes al registro de la sentencia el tribunal, a iniciativa propia, podrá ordenar un nuevo juicio por cualquiera de las razones por las cuales haya podido conceder un nuevo juicio a moción de parte y expondrá en la orden los fundamentos de la misma.

## REGLA 49. REMEDIOS CONTRA LAS SENTENCIAS U ÓRDENES

## Regla 49.1. Errores de forma

Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena. Durante la tramitación de una apelación o un recurso de *certiorari*, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación y, posteriormente, sólo podrán corregirse con el permiso del tribunal de apelación.

## Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de *certiorari* de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado y, si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso.

## REGLA 50.  ERRORES NO PERJUDICIALES

Ningún error en la admisión o exclusión de prueba y ningún error o defecto en cualquier decisión u orden, o en cualquier acto realizado u omitido por el tribunal o por cualquiera de las partes, dará lugar a la concesión

de un nuevo juicio o a que se deje sin efecto, modifique o de otro modo se altere una sentencia u orden a menos que el tribunal considere que la negativa a tomar tal acción resulta incompatible con la justicia sustancial. Durante el curso del procedimiento, el tribunal deberá hacer caso omiso de cualquier error o defecto en éste que no afecte los derechos sustanciales de las partes.


## REGLA 51.   EJECUCIÓN

### Regla 51.1. Cuándo procede

La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.


### Regla 51.2. Procedimiento en casos de sentencia en cobro de dinero

El procedimiento para ejecutar una sentencia u orden para el pago de una suma de dinero y para recobrar las costas concedidas por el tribunal será mediante un mandamiento de ejecución. El mandamiento de ejecución especificará los términos de la sentencia y la cantidad pendiente de pago. Todo mandamiento de ejecución será dirigido al alguacil o alguacila para ser entregado a la parte interesada. En todo caso de ejecución, incluso aquellos en los que se realice una venta judicial, el alguacil o alguacila entregará al Secretario o Secretaria el mandamiento debidamente diligenciado y cualquier sobrante que tenga en su poder dentro del término de quince (15) días a partir de la fecha en que se realice la ejecución. Se podrá expedir un mandamiento de ejecución en virtud de una o más sentencias y órdenes en el mismo pleito. El mandamiento de ejecución se expedirá bajo la firma del Secretario o Secretaria y el sello del tribunal.

En los casos en que el diligenciamiento del mandamiento de ejecución no satisfaga completamente la sentencia o éste sea infructuoso, no será necesario expedir un mandamiento adicional. El alguacil o alguacila tomará

inmediata constancia de cada diligenciamiento al dorso de la copia fiel y exacta del mandamiento. En los casos en que se satisfaga la totalidad de la sentencia mediante un solo diligenciamiento o cuando se trate del último diligenciamiento que satisfaga la sentencia, el alguacil o alguacila tomará constancia del diligenciamiento en el documento original del mandamiento de ejecución.

**Regla 51.3.    Procedimientos en casos de sentencias para realizar actos específicos; ejecución de hipotecas y otros gravámenes**

(a) Cuando una sentencia ordene a una parte transferir el dominio de terrenos y otorgar escrituras y otros documentos, o realizar cualquier otro acto específico, y dicha parte no cumpla tal orden dentro del término especificado, el tribunal podrá ordenar que otra persona por él designada realice el acto a expensas de la parte que incumple. Cuando el acto haya sido realizado de este modo, tendrá el mismo efecto que si se hubiese ejecutado por la parte.

Si es necesario, a solicitud de la parte con derecho al cumplimiento y previa orden del tribunal, el Secretario o Secretaria expedirá, además, un mandamiento de embargo contra los bienes de la parte que incumpla para obligarla al cumplimiento de la sentencia.

El tribunal podrá, en casos apropiados, procesar a dicha parte por desacato. Asimismo, en lugar de ordenar el traspaso de los bienes, podrá dictar sentencia despojando del título a una parte y transfiriéndolo a otra, y dicha sentencia tendrá el efecto de un traspaso de dominio ejecutado de acuerdo con la ley.

Cuando una orden o una sentencia disponga el traspaso de la posesión, la parte a cuyo favor se registre tendrá derecho a un mandamiento de ejecución previa solicitud al Secretario o Secretaria.

En todos los casos en que el tribunal ordene una venta judicial de bienes muebles o inmuebles, dicha orden tendrá la fuerza y efecto de un auto que dispone la entrega física de la posesión, debiendo consignarse así en el fallo u orden para que el(la) alguacil(a) u otro(a) funcionario(a) proceda a poner al(a la) comprador(a) en posesión de la propiedad vendida dentro del plazo de veinte (20) días desde la venta o la subasta, sin perjuicio de los derechos de terceros que no hayan intervenido en el procedimiento.

(b) Toda sentencia dictada en pleitos sobre ejecución de hipoteca y otros gravámenes ordenará que la

parte demandante recupere su crédito, intereses y costas mediante la venta de la finca sujeta al gravamen. Al efecto, se expedirá un mandamiento al alguacil o alguacila, para que lo entregue a la parte interesada, en el que se disponga que proceda a venderla para satisfacer la sentencia en la forma prescrita por la ley para la venta de propiedad bajo ejecución. Si no se encuentra la finca hipotecada o si el resultado de su venta resulta insuficiente para satisfacer la totalidad de la sentencia, el alguacil o alguacila procederá a recuperar el resto del dinero o el remanente del importe de la sentencia de cualquiera otra propiedad de la parte demandada, como en el caso de cualquiera otra ejecución ordinaria.

## Regla 51.4. Procedimientos suplementarios

El(La) acreedor(a) declarado(a) por sentencia, o su cesionario(a), podrá en auxilio de la sentencia o de su ejecución, interrogar a cualquier persona, incluso al(a la) deudor(a) declarado(a) por sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones. Si la deposición se realiza mediante preguntas escritas, la citación para la toma de la deposición podrá disponer que no es necesaria la comparecencia personal del(de la) deudor(a) o deponente en virtud de la citación, siempre que con anterioridad a la fecha fijada para la toma de la deposición, éste o ésta haga entrega al(a la) acreedor(a) por sentencia o a su abogado o abogada de sus contestaciones juradas a las preguntas escritas que se le hayan notificado. El tribunal podrá dictar cualquier orden que considere justa y necesaria para la ejecución de una sentencia y para salvaguardar los derechos del(de la) acreedor(a), del(de la) deudor(a) y de terceros en el proceso.

## Regla 51.5. Forma de hacerla efectiva

Si el mandamiento de ejecución se dirige contra la propiedad del(de la) deudor(a) declarado(a) por sentencia, requerirá del(de la) alguacil(a) o de la persona designada por el tribunal que haga efectiva la sentencia con intereses y costas en los bienes de dicho(a) deudor(a). Cuando hayan bienes pertenecientes al(a la) deudor(a) declarado(a) por sentencia cuyo valor sea mayor que la suma determinada en aquélla con las costas incluidas, el(la) alguacil(a) o la persona designada por el tribunal deberá embargar únicamente la parte de los bienes que indique el(la) deudor(a), siempre que éstos sean ampliamente suficientes para cubrir el importe de la sentencia, los intereses devengados y las costas devengadas.

El mandamiento de ejecución de una sentencia obtenida bajo el procedimiento sumario dispuesto por la Regla 60 no podrá ser efectuado en sábado, en domingo, en días feriados o fuera de horas laborables, salvo que se demuestre una necesidad imperiosa.

## Regla 51.6.   Mandamientos judiciales a favor y en contra de no litigantes

Cuando se dicte una orden a favor de una persona que no sea parte en el pleito, ésta podrá exigir su cumplimiento mediante el mismo procedimiento, como si fuera una de las partes. Cuando una persona que no sea parte en el pleito pueda ser obligada al cumplimiento de una orden, dicha persona estará sujeta al mismo procedimiento para obligarla a cumplir la orden, como si fuera una parte.

## Regla 51.7.    Ventas judiciales

(a) *Aviso de venta.* Antes de verificarse la venta de los bienes objeto de la ejecución, ésta deberá darse a la publicidad por espacio de dos (2) semanas mediante avisos por escrito visiblemente colocados en tres (3) sitios públicos del municipio en que ha de celebrarse dicha venta, tales como la alcaldía, el tribunal y la colecturía.

Dicho aviso será publicado, además, mediante edictos dos (2) veces en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, y por espacio de dos (2) semanas consecutivas, con un intervalo de por lo menos siete días entre ambas publicaciones. Copia del aviso será enviada al(a la) deudor(a) por sentencia y a su abogado o abogada vía correo certificado con acuse de recibo dentro de los primeros cinco (5) días de publicado el primer edicto, siempre que haya comparecido al pleito. Si el(la) deudor(a) por sentencia no comparece al pleito, la notificación será enviada vía correo certificado con acuse de recibo a la última dirección conocida.

En todos los casos en que se plantee que la parte promovente de un procedimiento de ejecución de sentencia no ha cumplido con alguno de los requisitos de esta regla, el tribunal, a solicitud de parte, celebrará una vista para resolver la controversia planteada. El aviso de venta describirá adecuadamente los bienes que se venderán y hará referencia sucintamente, además, a la sentencia que se satisfará mediante dicha venta, con expresión del sitio, el día y la hora en que se celebrará la venta. Si los bienes son susceptibles de deterioro, el

tribunal, a solicitud de parte, podrá reducir el término de publicación del aviso a menos de dos (2) semanas. Será nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada, sin perjuicio de la responsabilidad de la parte que promueva la venta sin cumplir con tal aviso.

(b) *Manera de hacer la venta.* La venta judicial de bienes en cumplimiento de una orden de ejecución podrá celebrarse después de catorce (14) días desde la primera publicación del edicto. Deberá efectuarse por subasta al mejor postor y tendrá lugar entre las nueve de la mañana (9 a.m.) y las cinco de la tarde (5 p.m.). Una vez que se vendan bienes suficientes para cumplir la orden de ejecución, no se podrán vender bienes adicionales. El(La) oficial que cumpla la orden, su delegado(a) u otro(a) funcionario(a) o empleado(a) de cualquier sala, no podrá comprar ni participar directa o indirectamente en la compra de los bienes objeto de la venta. Cuando la venta sea de propiedad mueble, susceptible de entrega manual, ésta deberá estar a la vista de los postores y venderse por lotes que tengan probabilidad de alcanzar los precios más elevados. Cuando la venta sea de propiedad inmueble, consistente de varias parcelas o lotes conocidos, deberán venderse separadamente, pero si alguna porción de dicha propiedad inmueble se reclama por una tercera persona y ésta exige que dicha porción se venda separadamente, deberá venderse en la forma exigida. El(La) deudor(a) declarado(a) por sentencia podrá determinar el orden para la venta de la propiedad mueble o inmueble cuando esté compuesta de objetos que puedan venderse con ventaja separadamente, o de varias parcelas o lotes conocidos, y el alguacil o alguacila deberá ceñirse a sus instrucciones.

(c) *Negativa del comprador o compradora a pagar.* Si un comprador o compradora se niega a pagar el importe de su postura por bienes que se le hayan adjudicado en una subasta celebrada en cumplimiento de una orden de ejecución, el(la) oficial podrá en cualquier tiempo vender otra vez la propiedad al mejor postor, y si resulta pérdida, la parte afectada podrá reclamar ante cualquier tribunal competente el importe de dicha pérdida al(a la) comprador(a) que se haya negado a pagar como queda dicho. Asimismo, el(la) oficial podrá rechazar, a su arbitrio, cualquier postura subsiguiente que dicho(a) comprador(a) haga. El(La) oficial sólo será responsable de la suma que se ofrezca por el(la) segundo(a) y subsiguiente comprador(a).

(d) *Acta de subasta y entrega de bienes.* Verificada la venta, el(la) oficial a cargo de ésta levantará un acta por escrito describiendo lo acontecido durante la subasta y la adjudicación en venta al mejor postor, quien

pagará el importe de la venta en dinero efectivo o en cheque certificado a la orden del(de la) oficial en cuestión. En casos extraordinarios, el tribunal podrá ordenar cualquier otra forma de pago, la que constará en el aviso. Si se trata de bienes muebles, el(la) oficial hará entrega al(a la) comprador(a) del bien vendido y, si éste o ésta lo solicita, le hará entrega de una copia del acta de subasta debidamente certificada por él o ella. Dicha copia certificada constituirá evidencia oficial del título del(de la) comprador(a) sobre el bien vendido subrogándole en los derechos del(de la) vendedor(a) sobre dicho bien. En caso de venta de propiedad inmueble, el(la) oficial encargado(a) de la venta otorgará escritura pública a favor del(de la) comprador(a) ante el notario o notaria que este(a) último(a) seleccione, abonando éste(a) el importe de tal escritura. Dicho otorgamiento constituye la transferencia real del dominio del inmueble de que se trate.

**Regla 51.8.  Derechos del comprador o compradora de ser ineficaz el título; renovación de la sentencia**

Si el(la) comprador(a) o su sucesor(a) en pública subasta judicial luego del pago, no obtiene el título o la posesión de la cosa adjudicada a causa de irregularidad en los procedimientos relativos a la venta, que ocasione su nulidad, o por razón de que la cosa vendida no esté sujeta a ejecución, podrá solicitar al tribunal el remedio que más le favorezca de los dispuestos en esta regla. El tribunal, a instancia de la parte interesada y previa notificación a todos(as) los(las) interesados(as) y celebración de vista, deberá:

(a) Ordenar y expedir un mandamiento contra el(la) acreedor(a) o los(las) acreedores(as) por sentencia por la suma que cada uno(a) de éstos(as) haya recibido de la ejecución, más el interés legal vigente, computados a partir de tal recibo y hasta la fecha de devolución.

(b) Reiterar la sentencia que dio origen a la subasta a favor del(de la) licitador(a) o licitadores(as) victoriosos(as) hasta la cantidad pagada en la venta judicial, con abono de intereses desde la fecha del pago al mismo tipo consignado en la sentencia. Desde esa misma fecha, la sentencia renovada tendrá la misma fuerza y efecto que la sentencia original. En caso de ejecución parcial de sentencia, el derecho a recobro del(de la) licitador(a) victorioso(a) sobre el(la) acreedor(a) por sentencia original tendrá prelación y será prioritario.

**Regla 51.9.   Procedimiento para exigir reintegro de los demás deudores o deudoras en la sentencia**

Cuando en un procedimiento de ejecución contra varias personas responsables solidariamente, una de ellas pague más de lo que proporcionalmente le corresponda, tendrá derecho a utilizar el pronunciamiento de la sentencia para obtener el reintegro o reembolso de lo que haya satisfecho en exceso, si dentro de los treinta (30) días de haber pagado, presenta al Secretario o Secretaria del tribunal en que se haya dictado la sentencia, evidencia del pago efectuado con la solicitud de reintegro o reembolso. Presentada dicha documentación, el Secretario o Secretaria deberá registrar ésta al margen del asiento del registro de la sentencia y, a solicitud de la parte interesada, expedirá mandamiento de ejecución contra los(las) otros(as) deudores(as) solidarios(as).

**Regla 51.10.   Gastos en ejecución**

Serán recobrables todos los gastos necesarios en que razonablemente incurra una parte para hacer efectiva la sentencia a su favor. La solicitud al efecto se presentará bajo juramento de parte o certificación del abogado o abogada dentro de los diez (10) días siguientes a la fecha en que se hizo efectiva la totalidad de la sentencia. Se consignará en la solicitud que, según el entender de la parte o del abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la ejecución de la sentencia. Cualquier parte que no esté conforme con los gastos reclamados, podrá impugnarlos en todo o en parte dentro del término de diez (10) días contados a partir de aquel en que se le notifique la solicitud de gastos en ejecución. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.*

De no presentar impugnación, el tribunal aprobará la solicitud de gastos y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlos.

**REGLA 52.  APELACIÓN, *CERTIORARI*, CERTIFICACIÓN Y OTROS PROCEDIMIENTOS PARA REVISAR SENTENCIAS Y RESOLUCIONES**

**Regla 52.1.    Procedimientos**

Todo procedimiento de apelación, *certiorari*, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.  Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

**Regla 52.2    Términos y efectos de la presentación de una apelación, un recurso de *certiorari* y un recurso de certificación**

(a) *Recursos de apelación.* Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

(b) *Recursos de certiorari.* Los recursos de *certiorari* al Tribunal de Apelaciones para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria o al Tribunal Supremo para revisar, discrecionalmente, las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, o las sentencias o resoluciones finales en recursos de *certiorari* en procedimientos de

jurisdicción voluntaria deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida.

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán ser presentados dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

(c) *Recursos de apelación o certiorari cuando el Estado Libre Asociado es parte.* En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no sea una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de *certiorari* para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de sesenta (60) días contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida.

Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

(d) *Recursos de certificación al Tribunal Supremo.* Mediante auto de certificación, a ser expedido discrecionalmente, *motu proprio* o a solicitud de parte, el Tribunal Supremo podrá traer inmediatamente ante sí para considerar y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, se planteen cuestiones noveles de derecho o se planteen cuestiones de alto interés público que incluyan

cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos de América.

También el recurso de certificación se formalizará cuando el Tribunal Supremo de Estados Unidos de América, un Tribunal de Circuito de Apelaciones de Estados Unidos de América, un Tribunal de Distrito de Estados Unidos de América o el más alto tribunal apelativo de cualquiera de los estados de Estados Unidos de América, tenga ante su consideración un caso en el cual surja cualquier asunto judicial en el que estén implicadas cuestiones de derecho puertorriqueño que puedan determinar el resultado del mismo y respecto al cual, en la opinión del tribunal solicitante, no existan precedentes claros en la jurisprudencia de este Tribunal.

(e) *Interrupción del término para apelar.* El transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

(1) Regla 43.1. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar, denegando o dictando sentencia enmendada ante una moción bajo la Regla 43.1 para enmendar o hacer determinaciones iniciales o adicionales.

(2) Regla 47. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47.

(3) Regla 48. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, denegando una moción de nuevo juicio bajo la Regla 48.

(4) En las apelaciones al Tribunal Supremo provenientes del Tribunal de Apelaciones, resolviendo definitivamente una moción de reconsideración.

(f) *Interrupción del término para presentar una solicitud de certiorari ante el Tribunal Supremo.* El transcurso del término para presentar ante el Tribunal Supremo una solicitud de *certiorari* de una sentencia o resolución final del Tribunal de Apelaciones se interrumpirá por la oportuna

presentación de una moción de reconsideración. El referido término comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Apelaciones resolviendo definitivamente la moción de reconsideración. Si la fecha de archivo en autos de copia de la notificación de la sentencia o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

(g) *Interrupción del término para presentar una solicitud de certiorari ante el Tribunal de Apelaciones.* El transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47.

(h) *A quién beneficia.* Cuando el término para apelar o presentar un recurso de *certiorari* sea interrumpido en virtud de estas reglas, la interrupción beneficiará a cualquier otra parte que se halle en el pleito.

## Regla 52.3      Suspensión de los procedimientos

(a)   Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia.

(b)    La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el tribunal recurrido, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación. La expedición del auto de *certiorari* suspenderá los procedimientos en el tribunal recurrido, salvo que el Tribunal de Apelaciones disponga lo contrario.

(c)    La   presentación   de   una   solicitud   de
certificación no interrumpirá los procedimientos ante
el Tribunal de Apelaciones o el Tribunal de Primera
Instancia, salvo que el Tribunal Supremo disponga lo
contrario, por iniciativa propia o a petición de
parte. En  cuanto  a  las  órdenes  de  entredicho
provisional e *injunction*, se estará a lo dispuesto en
la Regla 57.7.

(d)    No  se  suspenderán  los  efectos  de  una
decisión  apelada  o  recurrida,  salvo  una  orden  en
contrario  expedida  por  iniciativa  propia  o  a
solicitud de parte por el tribunal de apelación, que
incluya cualquiera de los remedios siguientes:

> (1)   Una   orden   de   *injunction*,   de
> *mandamus*  o de hacer o desistir.

> (2)   Una orden de pago de alimentos.

> (3)   Una   orden   sobre   custodia   o
> relaciones filiales.

## CAPÍTULO IX.   REMEDIOS PROVISIONALES, RECURSOS EXTRAORDINARIOS Y PROCEDIMIENTOS LEGALES ESPECIALES

## REGLA    53.    PROCEDIMIENTOS    ESPECIALES    Y    RECURSOS EXTRAORDINARIOS

Todos los procedimientos legales especiales, los
recursos   extraordinarios   y   cualesquiera   otros
procedimientos de naturaleza especial no incluidos en
las Reglas 54, 55, 56, 57, 58, 59 y 60 se tramitarán
en la forma prescrita en el estatuto correspondiente.
En todo aquello que no resulte incompatible ni esté
en  conflicto  con  las  disposiciones  de  dichos
estatutos  se  aplicarán  las  disposiciones  de  estas
reglas.

La  expedición  de  un  *injunction*  preliminar  se
regirá exclusivamente por lo dispuesto en la Regla 57
y en las leyes especiales aplicables en todo caso en
que el remedio principal solicitado sea un *injunction*
permanente.  A  su  vez,  en  el  contexto  de  un  pleito
cuyo  objeto  principal  no  sea  la  concesión  de  un
*injunction*,  la  expedición  de  una  orden  de  hacer  o
desistir  de  hacer  como  remedio  provisional  y
supletorio para asegurar la sentencia se regirá por
lo dispuesto en la Regla 56.

**REGLA 54.  *MANDAMUS***

El auto de *mandamus,* tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto.  Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente.  Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

**REGLA 55.   EXEQUÁTUR**

**Regla 55.1.   Exequátur; definición**

Se llama exequátur al procedimiento de convalidación y reconocimiento judicial de una sentencia de otra jurisdicción por los tribunales del foro donde se pretende hacer efectiva.  Su trámite puede ser *ex parte* u ordinario.

**Regla 55.2.   Alegaciones de la parte promovente**

La parte promovente presentará ante la sala correspondiente del Tribunal de Primera Instancia uno de los escritos siguientes:

(a) Demanda presentada contra todas las demás personas afectadas por la sentencia de otra jurisdicción cuya convalidación y reconocimiento se solicita.

(b) Solicitud *ex parte* suscrita bajo juramento por todas las personas afectadas por la sentencia de otra jurisdicción cuya convalidación y reconocimiento se solicita.

En todo caso en que puedan afectarse los intereses de menores o personas incapacitadas, deberá incluirse en la demanda o en la solicitud *ex parte* a la madre y padre con patria potestad o al(a la) tutor(a) del(de la) menor o persona incapacitada.

**Regla 55.3. Documentos que acompañan a las alegaciones**

La demanda o la solicitud *ex parte* deberá presentarse al tribunal acompañada de los documentos siguientes:

(a) Copia certificada, legible, completa y en cumplimiento con los requisitos de las Reglas de Evidencia de la sentencia cuya convalidación y reconocimiento se solicita.

(b) Traducción fiel y exacta al idioma español de la sentencia en caso de no haber sido redactada originalmente en el idioma español o en el idioma inglés.

**Regla 55.4.  Notificación**

En conformidad con las situaciones particulares de cada caso, además de notificar a las personas afectadas por la sentencia cuya convalidación y reconocimiento se solicita, conforme lo dispone la Regla 4, también deberá notificarse con copia de la demanda o de la solicitud *ex parte* a los(las) funcionarios(as) públicos que se refieren a continuación:

(a) Al Procurador o Procuradora de Asuntos de Familia, en todo caso en que puedan ser afectados los intereses de menores o de personas incapacitadas.

(b) Al Ministerio Público, en todo caso en que, a los fines de lograr su posterior inscripción en el Registro de la Propiedad, se solicite la convalidación de las sentencias a las cuales se refiere el Art. 45 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2208.

(c)  Al Secretario o Secretaria de Justicia de Puerto Rico, en todo caso en que, a juicio del tribunal, se trate un asunto de máximo interés público para que pueda comparecer en representación del Estado Libre Asociado de Puerto Rico si así lo desea.

**Regla 55.5.    Procedimiento**

El procedimiento se tramitará en la forma dispuesta en estas reglas.

El tribunal, luego de resolver los planteamientos de índole procesal que sean pertinentes, determinará si la sentencia de otra jurisdicción cumple con las normas siguientes:

(a) Si se trata de una sentencia de un estado de Estados Unidos de América o sus territorios:

(1) que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;

(2) que el tribunal que la emitió haya observado el debido proceso de ley, y

(3) que no haya sido obtenida mediante fraude.

(b) Si se trata de una sentencia dictada en otra jurisdicción que no sea un estado de Estados Unidos o sus territorios:

(1) que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma;

(2) que se haya dictado por un tribunal competente;

(3) que el tribunal que la emitió haya observado los principios básicos del debido proceso de ley;

(4) que el sistema bajo el cual fue dictada se distinga por su imparcialidad y por la ausencia de prejuicio contra las personas extranjeras;

(5) que no sea contraria al orden público;

(6) que no sea contraria a los principios básicos de justicia, y

(7) que no se haya obtenido mediante fraude.

## Regla 55.6.    Ejecución

La ejecución de la sentencia de otra jurisdicción reconocida y convalidada se tramitará en conformidad con las disposiciones del ordenamiento procesal vigente para la ejecución de las sentencias dictadas por los tribunales de Puerto Rico.

## REGLA 56.  REMEDIOS PROVISIONALES

## Regla 56.1.    Principios generales

En todo pleito antes o después de sentencia, por moción de la parte reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria

para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.

## Regla 56.2. Notificación

No se concederá, modificará, anulará, ni se tomará providencia alguna sobre un remedio provisional, sin notificar a la parte adversa y sin celebrar una vista, excepto según se dispone en las Reglas 56.4 y 56.5.

Cuando se solicite un remedio bajo esta regla antes de haber sido emplazada la parte promovida, la parte peticionaria deberá notificar a la parte adversa copia de la orden que señala la vista, así como copia de las alegaciones, de la moción de remedios provisionales y de cualquier documento que la apoye.

## Regla 56.3. Fianza

Un remedio provisional sin la prestación de fianza podrá concederse en cualquiera de los casos siguientes:

(a) si aparece de documentos públicos o privados, según definidos por ley y firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o

(b) cuando sea una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación, y a juicio del tribunal la demanda aduce hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo sea evidente o pueda demostrarse, y haya motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional la sentencia que pueda obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla, o

(c) si se gestiona el remedio después de la sentencia.

En caso de que el tribunal conceda el remedio provisional sin la prestación de fianza conforme lo dispuesto en esta regla, podrá excluir en su orden determinados bienes.

En todos los casos en que se exija una fianza bajo esta regla, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Una parte demandada o querellada podrá, sin embargo, retener la posesión de bienes muebles embargados por una parte demandante o reclamante prestando una fianza por la suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por la parte demandada de la suma embargada dejará sin efecto el embargo.

En toda fianza bajo esta regla el fiador o fiadora se somete a la jurisdicción del tribunal y designa irrevocablemente al Secretario o Secretaria del tribunal como su agente para recibir cualquier notificación, emplazamiento o escrito relacionado con su responsabilidad como tal fiador(a). Mediante moción podrá hacerse efectiva la responsabilidad del fiador o fiadora, sin que sea necesario instar un pleito independiente. La moción y cualquier notificación de la misma que el tribunal ordene podrán entregarse al Secretario o Secretaria del tribunal, quien remitirá inmediatamente por correo copias al fiador o fiadora, si conoce su dirección.

## Regla 56.4. Embargo o prohibición de enajenar

Si se cumple con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción de una parte reclamante, una orden de embargo o de prohibición de enajenar.

No se podrá expedir una orden de embargo o prohibición de enajenar sin previa notificación y vista, excepto que la parte reclamante demuestre tener un previo interés propietario sobre la cosa embargada, o la existencia de circunstancias extraordinarias o la probabilidad de prevalecer mediante prueba documental fehaciente que demuestre que la deuda es líquida, vencida y exigible.

Cualquier parte afectada por cualquier orden dictada sin notificación y vista, podrá presentar en cualquier tiempo una moción para que se modifique o anule la orden, y dicha moción se señalará para vista en la fecha más próxima posible y tendrá precedencia sobre todos los demás asuntos. A los propósitos de dicha vista, una notificación de dos días a la parte

que obtuvo la orden, o la notificación más corta que el tribunal prescriba, será suficiente.

En el caso de bienes inmuebles, tanto el embargo como la prohibición de enajenar se efectuarán anotándolos en el registro de la propiedad y notificándolos a la parte demandada. En el caso de bienes muebles, la orden se efectuará depositando los bienes de que se trate con el tribunal o con la persona designada por el tribunal bajo la responsabilidad de la parte reclamante. El tribunal podrá ordenar, a petición de cualquiera de las partes, la venta en pública subasta de los bienes fungibles cuyo embargo o prohibición de enajenar se haya decretado, consignándose el producto de su venta en la forma dispuesta por el tribunal.

La parte que solicite la designación de una persona como depositario(a) de los bienes a embargarse deberá acreditar su dirección y número de teléfono, si lo tiene tanto residencial como de empleo o negocio. El(La) depositario(a) designado(a) deberá notificar inmediatamente al tribunal, bajo el epígrafe del caso, cualquier cambio de dirección o número de teléfono, de sitio o condición de los bienes.

## Regla 56.5. Orden para hacer o desistir de hacer

No se concederá ninguna orden bajo esta Regla 56.5 para hacer o desistir de hacer cualquier acto específico, sin una notificación a la parte adversa, a menos que aparezca claramente de los hechos específicos acreditados por declaración jurada que la parte solicitante sufrirá perjuicios, daños o pérdidas irreparables, o que se demuestre la existencia de circunstancias extraordinarias o que tenga la probabilidad de prevalecer mediante prueba documental fehaciente, antes de notificarse y de celebrarse una vista sobre la solicitud. Dicha orden *ex parte* será efectiva al notificarse. Cualquier parte afectada podrá, en cualquier tiempo, presentar una moción para que se modifique o anule la orden y dicha moción se señalará para vista en la fecha más próxima posible, nunca más tarde de cinco (5) días de haberse presentado la moción, y tendrá precedencia sobre todos los demás asuntos. A los propósitos de dicha vista, una notificación de dos (2) días a la parte que obtuvo la orden, o la notificación más corta que el tribunal prescriba, será suficiente.

**Regla 56.6. Síndicos o Síndicas**

(a) No será nombrado ningún síndico o síndica, a menos que se demuestre que ningún otro remedio provisional resultará efectivo para asegurar la efectividad de la sentencia. Salvo que el tribunal lo ordene de otro modo, un(a) síndico(a) actuará según las reglas para la administración judicial de sucesiones.

(b) En aquellos casos en que haya de ser nombrado(a) un(a) síndico(a), dicho cargo no recaerá en ninguna parte, su abogado o abogada o persona interesada en el pleito, a menos que se haya presentado en el tribunal el consentimiento escrito de las partes afectadas.

(c) El tribunal podrá exigir una fianza al síndico o síndica para garantizar el fiel cumplimiento de su cargo y, en tal caso, el síndico o síndica no podrá entrar en funciones hasta tanto dicha fianza haya sido aprobada.

**Regla 56.7. Cancelación de la anotación preventiva de embargo**

El tribunal ante el cual se encuentra pendiente la acción tendrá la facultad para ordenar la cancelación de la anotación preventiva de embargo, previa la celebración de una vista y la prestación de una fianza en la cuantía que estime razonable, tomando en cuenta la probabilidad de prevalecer la parte actora, el valor de la propiedad o derecho concernido y las demás circunstancias del caso.

**Regla 56.8. Cumplimiento de una orden que concede un remedio provisional**

El tribunal podrá compeler el cumplimiento de una orden dictada bajo esta Regla 56 mediante su poder de desacato civil.

**REGLA 57. *INJUNCTIONS***

**Regla 57.1. Orden de entredicho provisional; notificación; audiencia; duración**

Una orden de entredicho provisional podrá ser dictada sin notificación previa a la parte adversa o a su abogado o abogada únicamente si:

(a) aparece claramente de los hechos expuestos en una declaración jurada o en la demanda jurada, que se causarán perjuicios, pérdidas o daños inmediatos e irreparables a la parte solicitante antes de que se pueda notificar y oír a la parte adversa o a su abogado o abogada, y

(b) si el abogado o abogada de la parte solicitante o ésta misma certifica por escrito al tribunal las diligencias que se hayan hecho, si alguna, para la notificación y las razones en que funda su solicitud para que no se requiera dicha notificación.

Toda orden de entredicho provisional concedida sin notificación previa llevará constancia de la fecha y la hora de su expedición; será archivada inmediatamente en la Secretaría del tribunal y registrada; en ella se definirá el perjuicio y se hará constar por qué el mismo es irreparable y la razón por la cual se expidió la orden sin notificación previa, y de acuerdo con sus términos expirará dentro de un período de tiempo después de ser registrada, que será fijado por el tribunal y no excederá de diez (10) días, a menos que sea prorrogada dentro del término así fijado por causa justa probada y por un período de tiempo igual, o a menos que la parte contra la cual se haya dictado la orden dé su consentimiento para que sea prorrogada por un período mayor. Las razones que haya para tal prórroga se harán constar en el récord. En caso de que se dicte una orden de entredicho provisional sin notificación previa, la moción para un auto de *injunction* preliminar será señalada para ser vista en la fecha más próxima que sea posible y tendrá preferencia sobre todos los demás asuntos, excepto aquellos que sean más antiguos y de la misma naturaleza. Cuando la moción sea llamada para vista, la parte que obtuvo la orden de entredicho provisional procederá con su solicitud de *injunction* preliminar y, si así no lo hace, el tribunal la dejará sin efecto. Con dos (2) días de aviso a la parte que obtuvo la orden de entredicho provisional, sin aviso o previo aviso por un término más corto a dicha parte según lo disponga el tribunal, la parte adversa podrá comparecer y solicitar la disolución o modificación de la orden, y en ese caso se procederá a oír y resolver la moción con toda la prontitud que requieran los fines de la justicia.

**Regla 57.2. *Injunction* preliminar**

(a) *Notificación.* No se expedirá ningún auto de *injunction* preliminar sin notificación previa a la parte adversa.

La notificación se hará del mismo modo a lo dispuesto en la Regla 4.4, entregándole a la parte adversa copia de la orden conjuntamente con copia de la petición de *injunction*. Dicha entrega tendrá el mismo efecto que la entrega y el diligenciamiento del emplazamiento bajo la Regla 4.4.

La prueba del diligenciamiento de la notificación se hará de la misma manera permitida para el diligenciamiento y enmienda al emplazamiento bajo las Reglas 4.6 y 4.7.

(b) *Consolidación de la vista con el juicio en sus méritos.* Antes o después de comenzada la vista para considerar una solicitud de *injunction* preliminar, el tribunal podrá ordenar que el juicio en sus méritos se consolide con dicha vista. Aun cuando no se ordene la consolidación, cualquier evidencia que sea admitida en la vista sobre la solicitud de *injunction* preliminar y que sea admisible en el juicio en sus méritos, pasará a formar parte del récord del caso y no tendrá que presentarse nuevamente el día del juicio. El tribunal, al emitir su resolución, dictará inmediatamente una orden, especificando los hechos que ha determinado como probados en dicha etapa y ordenando los procedimientos ulteriores que sean justos en el pleito.

**Regla 57.3. Criterios para expedir una orden de entredicho provisional o *injunction* preliminar**

Al decidir si expide una orden de entredicho provisional o *injunction* preliminar, el tribunal deberá considerar, entre otros, los siguientes:

(a) la naturaleza del daño a que está expuesto la parte peticionaria;

(b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;

(c) la probabilidad de que la parte promovente prevalezca;

(d) la probabilidad de que la causa se torne en académica;

(e) el impacto sobre el interés público del remedio que se solicita, y

(f) la diligencia y la buena fe con que ha obrado la parte peticionaria.

**Regla 57.4. Fianza**

No se dictará ninguna orden de entredicho ni de *injunction* preliminar excepto mediante la prestación de fianza por la parte solicitante, por la cantidad que el tribunal considere justa, para el pago de las costas y daños en que pueda incurrir o que haya sufrido cualquier parte que haya resultado indebidamente puesta en entredicho o restringida. La mencionada fianza no será requerida al Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades ni a ninguno(a) de sus funcionarios(as) en su carácter oficial.

En toda fianza bajo esta regla el fiador o fiadora se somete a la jurisdicción del tribunal y designa irrevocablemente al Secretario o Secretaria del tribunal como su agente para recibir cualquier notificación, emplazamiento o escrito relacionado con su responsabilidad como tal fiador(a). Mediante moción podrá hacerse efectiva la responsabilidad del fiador o fiadora, sin que sea necesario instar un pleito independiente. La moción y cualquier notificación de la misma que el tribunal ordene podrán entregarse al Secretario o Secretaria del tribunal, quien remitirá inmediatamente por correo copias al fiador o fiadora, si conoce su dirección.

**Regla 57.5. Forma y alcance de la orden de entredicho provisional y del *injunction* preliminar o permanente**

Toda orden que conceda un entredicho provisional o un *injunction* preliminar o permanente deberá expresar las razones para su expedición. Será redactada en términos específicos y describirá con detalle razonable, no mediante referencia a la demanda u otro documento, el acto o actos cuya realización se prohíbe. Será obligatoria solamente para las partes en la acción, sus oficiales, agentes, sirvientes(as), empleados(as) y abogados o abogadas y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación.

**Regla 57.6. Disputas obreras**

Esta Regla 57 no modifica en forma alguna la Ley Núm. 50 de agosto 4 de 1947, según enmendada, 29 L.P.R.A. secs. 101 a 107, que se refiere a la expedición de órdenes de entredicho e *injunctions* en casos que incluyan o surjan de una disputa obrera. Tampoco modifica las disposiciones de cualquier otra ley del Estado Libre Asociado de Puerto Rico sobre la expedición de órdenes de entredicho e *injunction* en pleitos que afecten a patronos(as) y empleados(as).

**Regla 57.7. *Injunction* pendiente la apelación, o *certiorari***

(a) Cuando una parte apele o recurra de una orden o sentencia que conceda, deje sin efecto o deniegue un *injunction*, el tribunal de instancia, en el ejercicio de su discreción, podrá suspender, modificar, restituir o conceder un *injunction* mientras se dilucida el recurso interpuesto bajo aquellos términos relativos a fianza y demás que estime adecuados para proteger los derechos de la parte contraria.

(b) Lo dispuesto en esta regla no restringe la facultad del tribunal de apelación o de uno(a) de sus jueces o juezas para paralizar los procedimientos mientras se dilucida el recurso interpuesto o para suspender, modificar, restituir o conceder un *injunction* mientras esté pendiente la apelación o *certiorari*, o para dictar cualquier orden adecuada para preservar el *status quo* o la efectividad de la sentencia que habrá de emitirse en su día. No obstante, cuando una parte recurra de una orden que deje sin efecto o deniegue un entredicho provisional, el tribunal de apelación sólo podrá emitir, mientras dilucida el recurso interpuesto, una orden provisional *ex parte* que no debe excederse del término de diez (10) días que caracteriza a dicho recurso extraordinario, salvo que el tribunal expresamente prorrogue dicho término en conformidad con la Regla 57.1.

**REGLA 58. EXPROPIACIÓN FORZOSA DE PROPIEDAD**

**Regla 58.1. Aplicabilidad de otras reglas**

Las Reglas de Procedimiento Civil gobernarán el procedimiento para la expropiación forzosa de propiedad mueble e inmueble, excepto en cuanto conflija con las disposiciones de esta regla o de una ley especial.

En aquellos casos en que la cuantía involucrada no exceda la dispuesta por la Regla 60, el tribunal podrá ordenar la simplificación de los procedimientos siguiendo sustancialmente los mecanismos procesales provistos en dicha regla.

## Regla 58.2. Acumulación de propiedades

La parte demandante podrá acumular en el mismo pleito una o más propiedades, ya sean del(de la) mismo(a) o distinto(a) dueño(a) y sea o no la expropiación para el mismo uso.

## Regla 58.3. Demanda; legajo de expropiación

(a) *Título.* La demanda contendrá un título según las disposiciones de la Regla 8.1, excepto que la parte demandante nombrará a la propiedad como "demandada" designándola generalmente por su clase, cantidad y presentación, e incluirá como parte demandada por lo menos uno(a) de los(las) dueños(as) de alguna parte de o interés en la propiedad.

(b) *Contenido.* La demanda contendrá una relación breve y sencilla de la autoridad bajo la cual se expropia, incluyendo la disposición de ley que confiere tal autoridad, el uso para el cual la propiedad habrá de adquirirse, una descripción de la propiedad suficiente para identificarla, los derechos que han de adquirirse y el tiempo por el que se han de adquirir y, en cuanto a cada propiedad, una designación de las partes demandadas que han sido acumuladas como dueñas de la misma o que tengan algún derecho sobre ella. También se solicitará al tribunal el término para la toma de posesión o la entrega material de la propiedad, y una orden para que proceda la inscripción registral del bien objeto de expropiación a favor de la parte peticionaria, libre de cargas y gravámenes. Al instituirse el pleito, la parte demandante solamente tendrá que acumular como partes demandadas aquellas personas que tengan o reclamen un derecho en la propiedad cuyos nombres a la sazón se conozcan, pero antes de cualquier vista para determinar la compensación que ha de pagarse por cada propiedad, la parte demandante acumulará como partes demandadas a todas las personas que tengan o reclamen un derecho en dicha propiedad, incluyendo los(las) dueños(as), ocupantes, arrendatarios(as), usufructuarios(as) y acreedores(as) hipotecarios(as), cuyos nombres puedan ser conocidos mediante diligencia razonable en el registro de la propiedad o cuyo interés pueda identificarse mediante visitas a la propiedad o de algún otro modo, tomando en consideración la

naturaleza y valor de los bienes que han de adquirirse. Se podrán acumular como partes demandadas a todas las demás bajo la designación de "Dueños(as) Desconocidos(as)". En caso de que la propiedad carezca de título posesorio o de dominio, deberá incluirse como parte demandada o partes demandadas a la persona o las personas que figuren como dueños(as) del inmueble en el recibo de contribución o en cualesquiera otras constancias demostrativas de títulos. Se emplazará en la forma dispuesta en la Regla 58.4 a todas las partes demandadas, ya sean nombradas como demandados(as) al tiempo de instituirse el pleito o sean acumuladas subsiguientemente, y una parte demandada podrá contestar en la forma dispuesta en la Regla 58.5. Mientras tanto, el tribunal podrá ordenar aquella distribución de un depósito que los hechos justifiquen.

(c)     *Legajo de expropiación*.     La demanda estará acompañada de los siguientes documentos que constituirán el legajo de expropiación:

(1)     El Exhibit A, en el que se identificarán concreta e individualmente los bienes muebles e inmuebles objeto de expropiación, los datos registrales si la finca consta inscrita en el Registro de la Propiedad, el número catastral de la finca en el Centro de Recaudación de Ingresos Municipales, las personas con interés en el procedimiento, la fijación de la suma de dinero estimada por la parte peticionaria como justa compensación de la propiedad que se pretende adquirir y la finalidad pública del procedimiento. También se identificarán y valorarán los bienes muebles que se encuentren en la propiedad objeto de expropiación, en caso de que la parte peticionaria también interese obtener la titularidad de éstos.

(2)     Una certificación expedida por el Registro de la Propiedad dentro de los tres (3) meses anteriores a la presentación de la demanda.

(3)     Una consulta de ubicación.

(4)     Un plano de mensura.

(5)     Un informe de valoración rendido por el(la) perito(a) tasador(a).

Además, deberá incluir una declaración para la adquisición y entrega material de la propiedad, que deberá contener y estar acompañada de lo siguiente:

(i) Una relación de la autoridad bajo la cual se pretende adquirir la propiedad y el uso público para el cual se pretende adquirir.

(ii) Una descripción de la propiedad que sea suficiente para identificarla.

(iii) Una relación del título o interés que se pretende adquirir de la propiedad para fines públicos.

(iv) Un proyecto de resolución.

(d) *Presentación.* Además de presentar la demanda en el tribunal, la parte demandante le dará al Secretario o Secretaria, por lo menos, una copia de la demanda para el uso de las partes demandadas y copias adicionales a petición del Secretario o Secretaria o de una parte demandada. Presentará, además, tres (3) copias del legajo de expropiación y de todos sus documentos, las cuales serán certificadas y notificadas al Centro de Recaudación de Ingresos Municipales y al Registro de la Propiedad.

## Regla 58.4. Emplazamiento

(a) *Entrega.* Al presentarse la demanda, la parte demandante entregará inmediatamente al Secretario o Secretaria los emplazamientos, juntos o separados, dirigidos a las partes demandadas nombradas o designadas en la demanda, para su expedición inmediata por el Secretario o Secretaria. Los emplazamientos adicionales dirigidos a partes demandadas subsiguientemente acumuladas, se entregarán del mismo modo.

La entrega de los emplazamientos y su diligenciamiento bajo esta regla tendrá el mismo efecto que la entrega y diligenciamiento del emplazamiento bajo la Regla 4.

(b) *Forma.* Cada emplazamiento expondrá el nombre del tribunal, el título del pleito, el nombre de la parte demandada a quien va dirigida, que el pleito es para la expropiación forzosa de propiedad, una descripción de la propiedad de la parte demandada suficiente para su identificación, el derecho a adquirirse, la autoridad para la expropiación, el uso para el cual se adquirirá la propiedad y que la parte demandada podrá entregar al abogado o abogada de la parte demandante una contestación dentro de los veinte (20) días después del diligenciamiento del emplazamiento o dentro de los treinta (30) días si fue emplazada por edictos. El emplazamiento

concluirá con el nombre del abogado o abogada de la parte demandante y una dirección donde pueda notificársele. No será necesario que el emplazamiento contenga una descripción de propiedad que no sea la que ha de adquirirse de las demandadas a quien va dirigida.

(c)     *Diligenciamiento*

(1)     *Diligenciamiento personal.* El diligenciamiento personal del emplazamiento con copia de la demanda y los anejos se efectuará en conformidad con las Reglas 4.3 y 4.4, a una parte demandada que resida dentro del Estado Libre Asociado de Puerto Rico o en Estados Unidos de América, sus territorios o posesiones insulares y cuya residencia sea conocida.

(2)     *Emplazamiento por edictos.* Al presentarse una declaración jurada de la persona diligenciante en la que detalle las gestiones realizadas para emplazar a la parte demandada personalmente dentro del Estado Libre Asociado de Puerto Rico, y que ésta no ha podido ser localizada después de una investigación diligente o que el lugar de su residencia queda fuera de Puerto Rico, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por edictos en un diario de circulación general en Puerto Rico, una vez por semana por no menos de tres (3) semanas sucesivas. A los diez (10) días de la publicación del último edicto, se enviará por correo con acuse de recibo una copia del emplazamiento y de la demanda a aquella parte demandada que no pueda ser notificada personalmente, según se dispone en esta regla, pero cuya dirección física o postal sea en ese momento conocida. Se podrá notificar a dueños(as) desconocidos(as) por edictos mediante una notificación dirigida a "Dueños(as) Desconocidos(as)".

El emplazamiento por edicto queda perfeccionado en la fecha de la última publicación. Se probará la publicación y el envío por correo mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) por el periódico acompañada de las copias impresas de los edictos publicados, haciéndose constar en las mismas el nombre del periódico y la fecha de publicación. Se presentará, además, el acuse de recibo de la parte demandada acompañado de un escrito que certifique el haberse depositado en el correo la copia del emplazamiento y de la demanda con sus anejos.

(d) *Término para el diligenciamiento.* El emplazamiento será diligenciado en el término de noventa (90) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edictos. Transcurrido dicho término sin que se hubiese diligenciado el emplazamiento, el tribunal deberá imponerle sanciones a la parte demandante, aunque no podrá desestimar el pleito.

(e) *Prueba del diligenciamiento; enmienda.* La prueba del diligenciamiento del emplazamiento y de la enmienda de éste y su diligenciamiento se hará de la misma manera permitida para el diligenciamiento y para la enmienda del emplazamiento bajo las Reglas 4.6 y 4.7.

Las partes emplazadas tendrán derecho a ser oídas con respecto al derecho que puedan tener a la compensación que se fije por el valor de la propiedad expropiada o a los daños que el procedimiento les ocasione.

La falta de notificación a una persona o entidad que tenga algún derecho o interés sobre la propiedad objeto de expropiación no afecta la jurisdicción del tribunal para transferir el título a la parte demandante, aunque le niega eficacia a la determinación de la compensación y permite su relitigación a todo aquel que no hubiese sido notificado. En estos casos, el tribunal podrá imponerle sanciones a la parte demandante por la falta de notificación oportuna.

## Regla 58.5. Comparecencia o contestación

Si una parte demandada no tiene objeción o defensa que interponer a la adquisición forzosa de su propiedad, podrá notificar su comparecencia designando la propiedad en la cual sostiene que tiene algún derecho. Subsiguientemente será notificada de todo procedimiento concerniente a esa propiedad. Si una parte demandada tiene alguna defensa u objeción a la adquisición de la propiedad, notificará su contestación dentro de veinte (20) días después de haber sido notificada de la expropiación o dentro de los treinta (30) días si fue emplazada por edictos.

La contestación identificará la propiedad en la cual la parte demandada sostiene que tiene un derecho, expondrá la naturaleza y el alcance de dicho derecho y expondrá todas sus defensas y objeciones a la adquisición de su propiedad. Una parte demandada renunciará a todas las defensas y objeciones que no sean así presentadas, pero en la vista de la cuestión de justa compensación haya o no comparecido o

contestado con anterioridad a dicha vista, podrá dicha parte demandada ofrecer evidencia en cuanto a la cuantía de la compensación que deba pagarse por su propiedad, y podrá participar en la distribución de la suma adjudicada.

## Regla 58.6. Enmienda a las alegaciones

La parte demandante podrá enmendar la demanda sin permiso del tribunal hasta que la parte demandada presente su primera comparecencia. Una vez comparece la parte demandada, deberá solicitar permiso al tribunal para enmendarla en cualquier momento antes de la vista de la cuestión de compensación, pero no se hará ninguna enmienda a menos que medie justa causa o que resulte en un desistimiento prohibido por la Regla 58.8. No será necesario que la parte demandante notifique una copia de una enmienda, pero notificará la presentación de la enmienda, según se dispone en la Regla 67, a cualquier parte que ha comparecido si la enmienda ha de surtir efecto en sus derechos y se notificará en la forma dispuesta en la Regla 58.4 a cualquier parte que no ha comparecido, si la enmienda ha de surtir efecto en sus derechos. La parte demandante proveerá al Secretario o Secretaria del tribunal para el uso de las partes demandadas por lo menos una copia de cada enmienda y proveerá copias adicionales a petición del Secretario o Secretaria o de una parte demandada. Una parte demandada podrá notificar su contestación a la alegación enmendada dentro del plazo permitido por la Regla 58.5 en la forma y manera y con el mismo efecto que dispone dicha regla.

## Regla 58.7. Sustitución de partes

Si una parte demandada muere, se incapacita o transfiere su derecho después de haber sido acumulada como parte, el tribunal podrá ordenar la sustitución de la parte apropiada mediante una moción y previa notificación de la vista. Si se ha de notificar la moción y la notificación de la vista a una persona que no sea en ese momento una parte, se diligenciará la notificación del modo dispuesto en la Regla 58.4(c).

## Regla 58.8. Desistimiento de pleitos

(a) *Como cuestión de derecho.* Si no se ha comenzado una vista para determinar la compensación que habrá de pagarse por una propiedad y la parte demandante no ha adquirido el título o cualquier otro derecho o no ha tomado posesión de la propiedad, la

parte demandante podrá desistir del pleito en cuanto a esa propiedad sin una orden del tribunal, mediante la presentación de una notificación de desistimiento en la cual expondrá una descripción breve de la propiedad con respecto a la cual se desiste del pleito.

(b) *Por estipulación.* Antes de registrarse una sentencia traspasando a la parte demandante el título o cualquier otro derecho en la propiedad a la posesión de la misma, se podrá desistir el pleito en todo o en parte sin orden del tribunal con respecto a cualquier propiedad mediante la presentación de una estipulación de desistimiento por la parte demandante y la parte demandada interesada; y si las partes así lo estipulan, el tribunal podrá dejar sin efecto cualquier sentencia que se haya registrado.

(c) *Por orden del tribunal.* En cualquier tiempo antes de haberse determinado y pagado la compensación por una propiedad y previa moción y vista, el tribunal permitirá a la parte demandante desistir del pleito bajo los términos y las condiciones que estime procedentes con respecto a esa propiedad, disponiéndose que el tribunal no ordenará el archivo del pleito en cuanto a cualquier parte de la propiedad de la cual la parte demandante ha tomado posesión o en la cual la parte demandante ha adquirido título u otro derecho, sin antes adjudicar una compensación justa por la posesión, el título u otros derechos así adquiridos.

(d) *Efecto.* Excepto en los casos en que la notificación, estipulación u orden del tribunal disponga lo contrario, todo desistimiento será sin perjuicio.

## Regla 58.9.  El depósito y su distribución

La parte demandante depositará con el tribunal cualquier dinero que exija la ley como una condición para el ejercicio del poder de expropiación forzosa, y aunque la ley no lo exija, podrá hacer un depósito en los casos en que el estatuto lo permita. En esos casos, el tribunal y los abogados o abogadas expeditarán todos los procedimientos, incluso aquellos para la distribución del dinero así depositado y para la determinación y pago de justa compensación. Si la compensación adjudicada finalmente a cualquier parte demandada excede la suma que se le haya pagado a dicha parte demandada al efectuar la distribución del depósito, el tribunal dictará sentencia contra la parte demandante y a favor de aquella parte demandada por dicha deficiencia. Si la compensación finalmente adjudicada

a cualquier parte demandada fuese menos que la suma que se le haya pagado, el tribunal dictará sentencia contra la parte demandada y a favor de la parte demandante por el exceso.

## REGLA 59. SENTENCIAS DECLARATORIAS

### Regla 59.1. Cuándo procede

El Tribunal de Primera Instancia tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro remedio. No se estimará como motivo suficiente para atacar un procedimiento o una acción el que se solicite una resolución o sentencia declaratoria. La declaración podrá ser en su forma y efectos, afirmativa o negativa, y tendrá la eficacia y el vigor de las sentencias o resoluciones definitivas. Independientemente de lo dispuesto en la Regla 37, el tribunal podrá ordenar una vista rápida de un pleito de sentencia declaratoria, dándole preferencia en el calendario.

### Regla 59.2. Quiénes pueden solicitarla; facultad de interpretación; ejercicio de las facultades

(a)  Toda persona interesada en una escritura, un testamento, un contrato escrito u otros documentos constitutivos de contrato, o cuyos derechos, estado u otras relaciones jurídicas fuesen afectados por un estatuto, una ordenanza municipal, un contrato o una franquicia, podrá solicitar una decisión sobre cualquier divergencia en la interpretación o validez de dichos estatutos, ordenanzas, contrato o franquicia, y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven. Un contrato podrá ser interpretado antes o después de haber sido infringido.

(b)  Los(Las) albaceas, administradores(as) judiciales, fideicomitentes, fideicomisarios(as), fiduciarios(as), tutores(as), acreedores(as), legatarios(as), herederos(as) o causahabientes que actúen en esas capacidades o en representación de otras personas interesadas, podrán pedir y obtener una declaración de derechos o de relaciones jurídicas, en todos los casos en que se administren fideicomisos, fundaciones, bienes de difuntos(as), menores incapacitados(as) o insolventes:

(1) para determinar sobre clases de acreedores(as), legatarios(as), herederos(as), causahabientes u otros(as); o

(2) para ordenar a los(las) albaceas, administradores(as) o fideicomisarios(as) que ejecuten o se abstengan de ejecutar cualquier acto determinado en su capacidad fiduciaria, o

(3) para determinar sobre cualquier cuestión que surja en la administración de los bienes o del fideicomiso, incluso las de interpretación de testamentos y otros documentos.

(c) La enumeración hecha en los incisos (a) y (b) de esta regla, no limita ni restringe el ejercicio de las facultades generales conferidas en la Regla 59.1, dentro de cualquier procedimiento en que se solicite un remedio declaratorio, siempre que una sentencia o decreto haya de poner fin a la controversia o despejar una incertidumbre.

## Regla 59.3. Discreción del tribunal

El tribunal podrá negarse a dar o a registrar una sentencia o decreto declaratorio cuando tal sentencia o decreto, de ser hecho o registrado, no haya de poner fin a la incertidumbre o controversia que originó el procedimiento.

## Regla 59.4. Remedios adicionales

Podrán concederse remedios adicionales fundados en una sentencia o decreto declaratorio, siempre que sean necesarios o adecuados. Se gestionarán los mismos mediante una solicitud dirigida a un tribunal con jurisdicción para conceder el remedio. Si la solicitud se considera suficiente, el tribunal requerirá a cualquier parte contraria cuyos derechos hayan sido adjudicados por una sentencia o decreto declaratorio para que comparezca dentro de un plazo razonable a mostrar causa por la cual no deban concederse inmediatamente los remedios adicionales solicitados.

## Regla 59.5. Partes

Cuando se solicite un remedio declaratorio deberán incluirse como partes todas aquellas personas que tengan o aleguen tener algún interés que pueda ser afectado por la declaración, y ninguna declaración perjudicará los derechos de personas que no sean partes en el procedimiento. En cualquier

procedimiento en que se discuta la validez de una ordenanza o franquicia municipal, el municipio correspondiente deberá ser incluido como parte, notificándose, además, al Secretario o Secretaria de Justicia en conformidad con lo dispuesto en la Regla 21.3.

## REGLA 60.    RECLAMACIONES DE $15,000 O MENOS

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil ($15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de los diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme lo dispuesto en la Regla 4 o por correo certificado con acuse de recibo.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas.

## CAPÍTULO X.   DISPOSICIONES GENERALES

**REGLA 61.   EL TRIBUNAL**

El tribunal se considerará siempre abierto, dentro del horario que fije el Tribunal Supremo, para los fines de presentar cualquier escrito, expedir mandamientos y devolverlos diligenciados y dictar cualquier orden pertinente.

**REGLA 62. LAS VISTAS Y LOS EXPEDIENTES**

**Regla 62.1. Vistas, órdenes en cámara y expedientes**

(a) Todas las vistas de los casos en sus méritos serán celebradas en un salón de sesiones del tribunal abierto al público, salvo que la naturaleza del procedimiento, la ley o el tribunal, a iniciativa propia o a instancia de parte, disponga lo contrario. Todos los otros actos o procedimientos podrán ser realizados o tramitados por un juez o jueza en su despacho, o en cualquier otro lugar, sin necesidad de la asistencia del Secretario o Secretaria u otros(as) funcionarios(as).

(b) La información sobre los expedientes de los casos que por ley o por el tribunal, a iniciativa propia o a solicitud de parte, se disponga su confidencialidad, así como las copias de éstos, podrán ser mostradas o entregadas sólo a personas con legítimo interés, o a otras personas mediante orden judicial y por causa justificada. Sólo se suministrarán, previa muestra de necesidad y con el permiso expreso del tribunal, a funcionarios(as) del Tribunal General de Justicia en sus gestiones oficiales y aquellas personas de acreditada reputación profesional o científica que prueben por escrito su interés en obtener información para la realización de sus labores oficiales, estudios o trabajos, y siempre bajo las condiciones que el juez o jueza estipule.

(c)     Serán personas con legítimo interés las siguientes:

(1) Las partes en el pleito y sus herederos o herederas.

(2) Los abogados o abogadas de las partes en el pleito.

(3) Los notarios o notarias que autoricen instrumentos públicos de cuya faz o

contenido surja que el documento judicial es un documento complementario al instrumento público otorgado por éstos o éstas, así como en aquellas circunstancias en las cuales a los notarios o notarias se les requiera copia del documento judicial para la subsanación de errores o faltas notificadas por el Registrador o Registradora de la Propiedad.

(4) Cualquier otra persona que una de las partes en el pleito haya autorizado mediante declaración jurada.

Las personas antes mencionadas no tendrán que presentar una solicitud al tribunal para que se les permita el acceso a los expedientes judiciales.

Las demás personas que quieran revisar los expedientes u obtener copia de los documentos que obran en éstos, tendrán que presentar una solicitud ante el tribunal mediante la cual demuestren las causas que justifican el examen de los mismos.

El Juez Presidente o Jueza Presidenta del Tribunal Supremo de Puerto Rico tomará aquellas medidas administrativas necesarias para dar cumplimiento a lo aquí expuesto.

## Regla 62.2. Sustitución de documentos perdidos

Si se pierde un escrito o documento que forme parte de los autos en un pleito o procedimiento, el tribunal podrá admitir la presentación y el uso de una copia en lugar del extraviado.

## REGLA 63.  INHIBICIÓN O RECUSACIÓN DEL JUEZ O JUEZA

## Regla 63.1. Cuándo ocurrirá

A iniciativa propia, o a recusación de parte, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:

(a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;

(i) cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

## Regla 63.2. Solicitud de recusación y procedimiento

(a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte

promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

(b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita el inciso de la Regla 63.1 de la (a) a la (i) aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

(c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

## REGLA 64. SUSTITUCIÓN DEL JUEZ O JUEZA

Si por razón de muerte, enfermedad, retiro o por cualquier otra razón, un juez o jueza no puede continuar entendiendo en un asunto, otro juez o jueza podrá actuar en su lugar, pero si de haber comenzado o concluido el juicio, se convence de que no puede desempeñar dichos deberes, sin la celebración de un nuevo juicio sobre todos o parte de los hechos o sin oír nuevamente a algún testigo, podrá tomar las medidas que sean necesarias para resolver el pleito.

## REGLA 65. LA SECRETARÍA

### Regla 65.1. Cuándo permanecerá abierta

Las oficinas de la Secretaría del tribunal permanecerán abiertas todos los días, durante las horas laborables, excepto los sábados, domingos y días de fiesta legal. Por regla u orden administrativa especial, se podrá disponer que permanezcan abiertas fuera del horario regular y en días de fiesta legal.

## Regla 65.2. Actuaciones de los Secretarios o Secretarias

(a) Todas las mociones y las solicitudes presentadas en la Secretaría del tribunal para la expedición de mandamientos, para anotar rebeldías o para dictar sentencias en rebeldía, y para otros procedimientos para los cuales no sea requerida la actuación u orden del juez o jueza, se atenderán y despacharán por el Secretario o Secretaria, pero la actuación de éste o ésta podrá, por causa justificada, ser suspendida, alterada o dejada sin efecto por el tribunal.

(b) Cuando estas reglas o cualquier ley especial requiera que el Secretario o Secretaria expida un mandamiento a base de una orden judicial, bastará con la expedición de una copia certificada de dicha orden. La orden así expedida tendrá todos los efectos legales del mandamiento.

(c) El Secretario o Secretaria no tendrá autoridad para rechazar documento alguno por incumplimiento con requisitos formales impuestos por estas reglas o por cualquier reglamento.

## Regla 65.3. Notificación de órdenes, resoluciones y sentencias

(a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

(c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta

o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que hayan sido emplazadas por edictos o que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.

(d)    El contenido del edicto deberá contar con la información siguiente:

(1) Título    ("Notificación    mediante Edicto")

(2) Sala del Tribunal de Primera Instancia

(3) Número del caso

(4) Nombre de la parte demandante

(5) Nombre de la parte demandada a ser notificada

(6) Naturaleza de la reclamación

(7) Fecha de expedición

(8) Término dentro del cual la persona así notificada tiene que revisar o apelar de la sentencia antes de que ésta advenga final y firme.

(e)   El Secretario o Secretaria hará constar en la copia de la constancia de la notificación que una a los autos originales la fecha y la forma en que fue efectuada la notificación y la persona o las personas notificadas.

Si la notificación se diligencia personalmente, entonces deberá unirse a los autos la certificación del(de la) alguacil(a) o del(de la) empleado(a) del tribunal que hizo la notificación o la declaración

jurada de la persona particular que acredite la diligencia.

(f) Cualquier parte podrá darse por notificada de cualquier orden, resolución o sentencia firmando en el original del documento y haciendo constar la fecha en que se ha dado por notificado.

## Regla 65.4. Documentos en que se estampará el sello

El sello del tribunal se estampará en los documentos siguientes: en un mandamiento, un emplazamiento, una citación u orden de arresto, y en la copia de cualquier documento o escrito que forme parte de un expediente u otro procedimiento del tribunal, y que sea certificada por el Secretario o Secretaria u otro(a) funcionario(a).

## REGLA 66.    REGISTRO   DE   PLEITOS,   PROCEDIMIENTOS   Y PROVIDENCIAS INTERLOCUTORIAS

Los Secretarios o Secretarias llevarán un "Registro de Pleitos, Procedimientos y Providencias Interlocutorias", en el que anotarán todos los pleitos, procedimientos y cualquier providencia interlocutoria de acuerdo con el reglamento establecido. Al registrarse un documento o sentencia se consignará la fecha en que se practique dicho registro.

## REGLA 67.   NOTIFICACIÓN Y PRESENTACIÓN DE ESCRITOS

## Regla 67.1. Notificación; cuándo se requiere

Toda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.

No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificará en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.5, para diligenciar emplazamientos.

## Regla 67.2. Forma de hacer la notificación

Siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. La notificación al abogado o abogada o a la parte se efectuará entregándole copia o remitiéndola por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. Si la dirección se desconoce, se notificará de ello al tribunal con copia del escrito de que se trate.

Entregar una copia conforme a esta regla significa ponerla en manos del abogado o abogada o de la parte, o dejarla en su oficina en poder de su secretario(a) o de otra persona a cargo de ésta. De no haber alguien encargado de la oficina, puede dejarla en algún sitio conspicuo de la misma, o si la oficina está cerrada o la persona a ser notificada no tiene oficina, dejándola en su domicilio o residencia habitual en poder de alguna persona que no sea menor de 18 años que resida allí. La notificación por correo quedará perfeccionada al ser depositada en el correo o al ser enviada vía fax o por correo electrónico.

## Regla 67.3. Certificación de la notificación

Cuando una orden que, por su naturaleza deba ser notificada por una parte o por su abogado o abogada a cualquier otra persona, deberá presentarse ante el tribunal la constancia de haber diligenciado dicha orden, dentro del término fijado por el tribunal, mediante una certificación acreditativa del cumplimiento con todos los requisitos establecidos en la orden, sujeto a lo establecido en la Regla 9.

## Regla 67.4. Presentación de escritos y documentos

Todo escrito posterior a la demanda se presentará en el tribunal, pero las deposiciones, los interrogatorios, los requerimientos de admisiones y las contestaciones a éstos, y las ofertas de sentencias no se presentarán hasta tanto sea necesaria su utilización en los procedimientos o su presentación sea ordenada por el tribunal a moción de parte o a instancia propia.

## Regla 67.5. Cómo se presentan los escritos

La presentación de alegaciones y otros escritos se hará en la Secretaría del tribunal. Sin embargo, el juez o jueza puede permitir que los escritos se le entreguen a él o ella, debiendo anotar en los escritos la fecha en que le fueron entregados e inmediatamente los remitirá a la Secretaría.

Una vez presentado en la Secretaría, nada impide que una parte, a través de su abogado o abogada también notifique copia del escrito al juez o jueza, en aquellos casos en que el escrito amerite o requiera una atención inmediata. Tal copia adicional se notificará al juez o jueza mediante su entrega a cualquier persona autorizada a recibirla en su despacho, por fax o por la vía electrónica, y en ésta se hará constar que la otra parte ha sido previamente advertida de la notificación de tal copia adicional al juez o jueza. En tal caso, la notificación del escrito a la otra parte se hará en la fecha y en la forma en que se le notificó al juez o jueza.

## REGLA 68. TÉRMINOS

## Regla 68.1. Cómo se computan

En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad.

## Regla 68.2.    Prórroga o reducción de términos

Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción

o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.

## Regla 68.3.    Plazo adicional cuando se notifica por correo

Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia.

Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a transcurrir a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

## REGLA 69. FIANZA

## Regla 69.1. Requisitos; fianza personal

En todos los casos en que debe constituirse una fianza personal, ésta se acompañará de una declaración escrita y jurada por un(a) fiador(a), en la que exprese ser residente de Puerto Rico, ser dueño(a) del inmueble ofrecido en garantía y tener bienes, con exclusión de toda propiedad exenta de ejecución, por el doble del valor de la cantidad especificada en la obligación después de cubiertas todas sus deudas y responsabilidades. Cuando se ofrezcan dos (2) o más fiadores(as) y su responsabilidad respectiva no alcance a cubrir el total de la fianza, éstos(as) deberán hacer constar además que, sumada la responsabilidad de todos(as), ésta equivale a la que hubiera constituido un(a) buen(a) fiador(a). En la declaración jurada se hará constar, además, la residencia del(de la) fiador(a) y contendrá una descripción suficiente para identificar los bienes con que cuenta para calificarle como tal fiador(a), un estimado del valor actual de dichos

bienes, los gravámenes sobre éstos con expresión de su importe, consten o no dichos gravámenes en el Registro de la Propiedad, cualquier otro compromiso de fianza que haya contraído el(la) fiador(a) y que esté pendiente, y cualquier otro impedimento en el libre uso y disfrute de la propiedad que se conozca por el o la declarante.

La prestación de una fianza personal o hipotecaria es suficiente autorización de los(las) fiadores(as) para que el tribunal ordene su anotación como un gravamen al Registrador o Registradora de la Propiedad en igual forma y según lo dispuesto en la Regla 56.7.

## Regla 69.2. Por corporaciones

Toda corporación organizada de acuerdo con las leyes de Puerto Rico o de cualquier estado de Estados Unidos de América, con el objeto de prestar fianzas o garantizar obligaciones exigidas por la ley, podrá constituirse en garantía y ser aceptada como tal, o como única y suficiente fiadora de dichas obligaciones. La fianza prestada estará sujeta a todas las responsabilidades y gozará de todos los derechos correspondientes a la fianza de persona natural siempre que dicha corporación haya cumplido con todos los requisitos de ley que rigen en Puerto Rico para la formación y operación de corporaciones dedicadas a esta clase de negocios.

## Regla 69.3. Depósito por el total de la fianza

Siempre que se requiera la prestación de una fianza, el tribunal podrá ordenar y aceptar que en su lugar se efectúe un depósito por el total de la fianza fijada.

## Regla 69.4. Hipotecaria

La fianza hipotecaria deberá constituirse sobre propiedad inmueble cuyo valor, libre de cargas o gravámenes, exceda en una tercera parte de la cuantía de la fianza exigida por el tribunal. El valor de dicha propiedad se acreditará con certificación de la tasación del valor en el mercado.

## Regla 69.5. De no residentes

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar

las costas, gastos y honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a)  se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

(b)  se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o

(c)  se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

**Regla 69.6. Cuándo no se exigirá**

No se exigirá prestación de fianza:

(a)  al Estado Libre Asociado de Puerto Rico, a sus funcionarios(as) en su carácter oficial, a las corporaciones públicas o a las corporaciones municipales;

(b)  a ninguna parte en un pleito de divorcio, de relaciones de familia o sobre bienes gananciales, a menos que el tribunal disponga lo contrario en casos meritorios;

(c)  en reclamaciones de alimentos cuando el tribunal así lo ordene, y

(d)  cuando se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación.

### Regla 69.7. Aceptación

Los Secretarios o Secretarias, alguaciles o alguacilas y demás funcionarios(as) del tribunal no podrán aceptar una fianza en ningún pleito o procedimiento, a menos que ésta haya sido aprobada por el juez o jueza de la sala ante la cual esté pendiente el pleito o procedimiento, salvo la fianza prestada bajo la Regla 69.3.

### Regla 69.8. Quiénes no podrán ser fiadores o fiadoras

Ningún funcionario o funcionaria del tribunal, incluyendo a los abogados o abogadas, podrá ser fiador o fiadora en ningún pleito o procedimiento.

### Regla 69.9. Cancelación de fianza

Si una parte que haya prestado fianza prevalece en la acción, el tribunal ordenará la cancelación de dicha fianza en su fallo definitivo.

### REGLA 70.  DENOMINACIÓN O SÚPLICA ERRÓNEA

Cualquier defecto en la denominación del pleito o en la súplica del remedio, no será óbice para que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba.

### REGLA 71. CASOS NO PREVISTOS POR ESTAS REGLAS

Cuando no se haya previsto un procedimiento específico en estas reglas, el tribunal podrá reglamentar su práctica en cualquier forma que no sea inconsistente con éstas o con cualquier disposición de ley aplicable.

### REGLA 72.  CLÁUSULA DEROGATORIA Y SALVEDADES

Por la presente se derogan las Reglas de Procedimiento Civil de 1979, según enmendadas.

No obstante, no se entenderán derogados aquellos artículos del Código de Enjuiciamiento Civil, edición de 1933, que quedaron vigentes en virtud de la Regla 72 de Procedimiento Civil de 1979.

Quedarán provisionalmente vigentes las siguientes disposiciones de ley hasta tanto sean de otro modo derogadas o modificadas por leyes especiales:

(1)   Artículos 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 249 y 252 del Código de Enjuiciamiento Civil, edición de 1933.

(2)   Sección 2 de la Ley Núm. 39 de 20 de abril de 1942.

(3)  Artículos 1 y 2 de la Ley Núm. 433 de 14 de mayo de 1951.

## REGLA 73.  VIGENCIA

Estas reglas comenzarán a regir el primero de julio de 2010.

**APÉNDICE DE FORMULARIOS**

**(Véase las Reglas 4, 4.3.1, 37 y 40)**


**Introducción**


1.  Los formularios se incluyen con el propósito de ilustrar la forma y el contenido que debe tener un Emplazamiento, una Notificación de Demanda y Solicitud de Renuncia al Emplazamiento, un Informe para el Manejo del Caso y una Citación, ya que éstos son medulares al procedimiento civil ordinario.


2.  En el Emplazamiento y en la Notificación de Demanda y Solicitud de Renuncia al Emplazamiento se expresará el nombre de la parte demandada que se emplaza.  En los demás escritos será suficiente con indicar el nombre de la primera parte y hacer una referencia adecuada a la existencia de partes adicionales.  Además, cualquier alegación, moción o escrito posterior deberá tener un encabezamiento similar al del Emplazamiento, a menos que una regla lo establezca de otra forma.  En esos casos se sustituirá la palabra "Emplazamiento" por el título del escrito correspondiente.


3.  Todo escrito deberá estar firmado por el(la) representante legal o por la parte cuando ésta no tenga abogado o abogada, conforme lo establece la Regla 9.1.

FORMULARIO 1

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Centro Judicial de _____
Sala _____

_____
Nombre de la(s) parte(s) demandante(s)

CASO NÚM. _____

v.

SALÓN NÚM. _____

_____
Nombre de la(s) parte(s) demandada(s)

ACCIÓN CIVIL DE _____
(materia o asunto)

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA,
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

_____
(nombre de la parte demandada que se emplaza)

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva a la demanda dentro de los veinte (20) días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento, notificando copia de la misma al(a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

_____
(nombre del(de la) abogado(a) de la parte demandante, o de la parte, si no tiene representación legal)

_____
(número de colegiado(a) si es abogado(a))

_____
(dirección)

_____
(número de teléfono; número de fax)

_____
(correo electrónico)

Expedido bajo mi firma y sello del Tribunal, hoy ____de_____de_____.

_____          _____
Secretario(a)                                                   Fecha

_____
Sub-Secretario(a)

**Caso núm.** _____

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO

Yo, _____, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el __de_____de_____, de la siguiente forma:

___Mediante entrega personal a la parte demandada en la siguiente dirección física: _____.

___Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:_____.

___Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física:_____.

___No se pudo diligenciar el emplazamiento personalmente debido a que_____ _____ _____ _____.

### COSTOS DEL DILIGENCIAMIENTO

### $_____

### DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en_____, Puerto Rico, hoy día __ de _____ de ____.


_____
(firma del(de la) emplazador(a))


_____
(dirección del(de la) emplazador(a))

AFFIDÁVIT NÚM. _____

        Jurado(a) y suscrito(a) ante mí por_____, de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer_____,
        *(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)*

En _____, Puerto Rico, hoy día __ de _____ de ____.


_____
NOTARIO(A) PÚBLICO

Estado Libre Asociado de Puerto Rico        **FORMULARIO 2**
Tribunal de Primera Instancia
Centro Judicial de _____
Sala _____

| | |
|---|---|
| _____<br>**Nombre de la(s) parte(s) demandante(s)**<br><br>**vs.**<br><br>_____<br>**Nombre de la(s) parte(s) demandada(s)** | **CASO NÚM.** _____<br><br>**SALÓN NÚM.**_____<br><br>**ACCIÓN CIVIL DE**_____<br>                              **(materia o asunto)** |

**NOTIFICACIÓN DE DEMANDA**
**Y SOLICITUD DE RENUNCIA AL EMPLAZAMIENTO**

A:        _____
(nombre de la parte demandada)

Dirección:_____

Por este medio le notifico que se ha presentado una demanda en contra de usted (o de la entidad que usted representa), en el caso de epígrafe. Le acompaño copia fiel y exacta de la demanda presentada, de la cual podrá obtener todos los detalles y pormenores de la mencionada reclamación. Además, de conformidad con lo dispuesto en la Regla 4.3.1 de las Reglas de Procedimiento Civil de Puerto Rico, le solicito su renuncia al procedimiento para el diligenciamiento personal del emplazamiento que fue expedido a su nombre, de manera que puedan evitarse los gastos que dicho procedimiento conlleva.

De aceptar la renuncia solicitada, deberá completar y firmar el dorso de esta solicitud y devolverla en el sobre pre dirigido que se incluye, dentro de los veinte (20) días siguientes a la fecha del depósito en el correo de esta solicitud o, dentro de los treinta (30) días siguientes a esa fecha si usted se encuentra fuera de Puerto Rico.

Una vez devuelva este documento debidamente cumplimentado y firmado por usted, entonces se presentará ante el tribunal y la acción procederá como si usted hubiese sido emplazado(a) en la fecha en que aceptó la renuncia. Usted deberá contestar la demanda dentro de los veinte (20) días siguientes a la fecha en que envió el documento debidamente cumplimentado o, dentro de los treinta (30) días siguientes a esa fecha si se encuentra fuera de Puerto Rico.

Si usted opta por no renunciar, entonces se procederán a realizar los trámites para emplazarlo(a) conforme lo dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico, y a solicitarle al tribunal que le imponga el pago de los gastos del diligenciamiento del emplazamiento dirigido a usted, incluyendo los gastos de honorarios de abogado. Sobre este asunto, favor leer la explicación que se encuentra al dorso.

Certifico haber enviado esta solicitud con una copia, con copia de la demanda y con un sobre pre dirigido, hoy _____ de_____ de _____.

_____
(nombre del(de la) representante legal o de la parte que se autorrepresenta)

_____
(firma del(de la) representante legal o de la parte que se autorrepresenta)

_____
(número de colegiado(a) del(de la) representante legal, si aplica)

_____
(dirección del(de la) representante legal o de la parte que se autorrepresenta)

_____
(dirección electrónica, si la tiene)

_____
(número de teléfono)        (número de fax)

---

**RENUNCIA AL DILIGENCIAMIENTO DEL EMPLAZAMIENTO**

A: _____
(nombre de la parte demandada)

Dirección:_____

      Yo, _____, parte demandada acuso recibo de esta Solicitud de Renuncia al Diligenciamiento del Emplazamiento y de una copia, que fueron enviadas por usted para el caso de epígrafe.  También acuso recibo de copia de la demanda presentada en el caso y de un sobre pre dirigido en el cual podré devolver este documento una vez firmado, sin ningún costo.

      Acepto economizar los costos del diligenciamiento del emplazamiento y del envío de una copia adicional de la demanda, por lo que renuncio al emplazamiento personal dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico.  Sin embargo, retengo el derecho a solicitar el traslado del caso a una sala con competencia, y a presentar todas las defensas u objeciones que puedan existir sobre la causa de acción o sobre la jurisdicción del tribunal, con excepción de aquellas defensas relacionadas con defectos en el emplazamiento o en el diligenciamiento de éste.

      Entiendo que el tribunal podría anotar la rebeldía si no le notifico una contestación a la demanda o la correspondiente moción, dentro de los veinte (20) días del envío de este documento o, dentro de los treinta (30) días de dicha fecha si me encuentro fuera de Puerto Rico.

      Enviada hoy _____ de _____ de _____.

_____<br>(firma de la parte demandada)

---

**Deber de evitar los gastos del diligenciamiento del emplazamiento**

      La Regla 4.3.1 de las Reglas de Procedimiento Civil de Puerto Rico requiere, salvo algunas excepciones, que la parte demandada evite los gastos del diligenciamiento del emplazamiento y de la demanda.  Por lo tanto, si la parte demandada no renuncia al diligenciamiento del emplazamiento luego de notificársele la acción en su contra y solicitársele dicha renuncia, entonces deberá asumir los gastos del diligenciamiento, a menos que demuestre justa causa.  No constituirá justa causa para rehusarse a renunciar al diligenciamiento del emplazamiento que la parte demandada considere que la demanda carece de méritos, o que se presentó en un tribunal sin competencia o sin jurisdicción sobre la materia, la persona o la propiedad.

      La parte demandada que renuncia al diligenciamiento del emplazamiento retiene todas las defensas y objeciones por lo que podrá presentarlas posteriormente, excepto aquéllas que están relacionadas con el emplazamiento o con el diligenciamiento del emplazamiento.  También podrá solicitar el traslado del caso a una sala con competencia, si lo estima procedente.

      La parte demandada que renuncia al diligenciamiento del emplazamiento deberá notificarle al(a la) representante legal de la parte demandante o a la parte demandante que se autorrepresenta, el correspondiente escrito contestando la demanda, y deberá presentarlo al tribunal dentro del término dispuesto en la solicitud de renuncia.  Al renunciar al diligenciamiento del emplazamiento, la parte demandada podría tener un término mayor para contestar la demanda que el término que hubiese tenido de haber sido emplazada en la fecha en que recibió la solicitud de renuncia al emplazamiento.  De no notificar una contestación o una moción dentro de dicho término, el tribunal podrá anotar la rebeldía y posteriormente dictar sentencia contra la parte demandada, o cualquier otro remedio, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Centro Judicial de _____
Sala _____

|  | CASO NÚM.: _____ |
|---|---|
| **V.** | Salón Núm. _____ |
| | Acción Civil de: _____ |
| Nombre de la Parte Demandada | Materia o Asunto |

## FORMULARIO DE INFORME PARA EL MANEJO DE CASO

**Instrucciones:**

- Favor de leer cuidadosamente el formulario y las instrucciones que aparecen en la última página. A los fines de este formulario, el concepto "documento" incluye cualquiera que esté archivado electrónicamente, cualquier compilación de información u objeto tangible.

- El Informe será presentado conjuntamente por las partes, dentro de los diez (10) días de celebrada la reunión entre los(las) abogados(as) para el manejo del caso que dispone la Regla 37.1 de las Reglas de Procedimiento Civil.

- Si durante el intervalo comprendido entre la fecha que se presentó el Informe y la fecha pautada para la Conferencia Inicial se logra resolver la(s) controversia(s) pertinente(s) al caso, favor de notificarlo inmediatamente al Tribunal.

### Parte A. Información General

Indique con una "x" si las partes han seleccionado alguno de los métodos alternos de solución de conflictos existentes en la Rama Judicial.

☐ Mediación   ☐ Evaluación Neutral   ☐ Arbitraje   ☐Otro: _____

### Parte B. Prueba Documental

1. Las partes se intercambiarán copia o descripción, por categoría y localización, de todo documento que se podría utilizar para sostener su reclamación o defensa.

   a. Documentos provistos por la parte demandante

| Título o nombre del documento u objeto | Descripción |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |

   b. Documentos provistos por la parte demandada

| Título o nombre del documento u objeto | Descripción |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |

Caso Núm. _____

2. De haber un contrato de seguro aplicable al caso, provea la siguiente información:

| Nombre de la Compañía Aseguradora y Número de Póliza | Nombre del (de la) Asegurado(a) | Límites de Cubierta |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

3. Indique cualquier tipo de documentación que haya sido requerida a la(s) otra(s) parte(s) y que no haya sido entregada o no esté disponible al momento de cumplimentar este formulario.

    a.   Documentos requeridos por la parte demandante

| Documento | Descripción | Localización |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

    b.   Documentos requeridos por la parte demandada

| Documento | Descripción | Localización |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## Parte C.  Prueba Testifical

1. Identifique a todas las personas testigos que tiene intención de traer al juicio, incluyendo, a la(s) parte(s).

    a.   Testigos de la parte demandante

| Nombre de la Persona Testigo | Dirección Residencial o Postal | Hechos Sobre los que va a Testificar |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

Caso Núm. _____

b. Testigos de la parte demandada

| Nombre de la Persona Testigo | Dirección Residencial o Postal | Hechos Sobre los que va a Testificar |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

2. Indique los nombres de las personas peritas, incluyendo los(las) peritos(as) de ocurrencia, que se han consultado y que se propone utilizar. *(Si necesita orientación sobre ello, indíquelo aquí para que entre en materia de análisis por el tribunal durante la Conferencia Inicial.)*

a. Personas Peritas de la parte demandante

| Nombre de la Persona Perita | Indique ("x") si la Persona Perita: | | Campo de Experiencia y Currículum Vítae | Indique ("x") si la persona perita rindió informe pericial | | Breve Resumen de la Opinión Pericial con Expresión de las Teorías, Hechos o Argumentos |
|---|---|---|---|---|---|---|
| | Fue Consultada | A Consultar | | Rindió | No Rindió | |
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

b. Personas Peritas de la parte demandada

| Nombre de la Persona Perita | Indique ("x") si la Persona Perita: | | Campo de Experiencia y Currículum Vítae | Indique ("x") si la persona perita rindió informe pericial | | Breve Resumen de la Opinión Pericial con Expresión de las Teorías, Hechos o Argumentos |
|---|---|---|---|---|---|---|
| | Fue Consultada | A Consultar | | Rindió | No Rindió | |
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

## Parte D. Prueba Sujeta a Descubrimiento

1. Indique el nombre, dirección y teléfono de toda persona que pueda tener información sobre prueba documental u objetos tangibles que se podría utilizar para sostener su reclamación o sus defensas.

a. Parte demandante

| Nombre | Dirección | Teléfono |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

Caso Núm. _____

b.  Parte demandada

| Nombre | Dirección | Teléfono |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

## Parte E.  Prueba Estipulada

Las partes indicarán la prueba estipulada que se está incluyendo y el propósito de la misma en este caso.

| Documento u Objeto | Propósito |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## Parte F.  Pleitos Relacionados

Las partes indicarán si existen pleitos que impliquen cuestiones de hecho y de derecho similares relacionados, directa o indirectamente con el presente, estén o no activos, y proveerán la siguiente información:

| Nombre(s) de la(s) parte(s) | Número de Caso | Sala del (TPI, TA o TS) |
|---|---|---|
| 1. | | |
| 2. | | |

## Parte G. Itinerario para el Descubrimiento de Prueba

a.  Envío y contestación de Interrogatorios

| Nombre de la Persona que Contestará el Interrogatorio | Parte que Enviará el Interrogatorio | Fecha Acordada para el Envío del Interrogatorio | Fecha Límite para el Envío del Interrogatorio |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

b.  Envío y contestación a los Requerimientos de Admisiones

| Nombre de la Persona que Contestará el Requerimiento | Parte que Enviará el Requerimiento | Fecha Acordada para el Envío del Requerimiento | Fecha Límite para el Envío del Requerimiento |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

Caso Núm. _____

c.   Toma de Deposiciones Pendientes

| Nombre del (de la) deponente | Parte que Tomará la Deposición | Lugar de la Deposición | Fecha de la deposición | Fecha Límite para la Toma de Deposición |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

d.   Producción de Documentos u Objetos Pendientes

| Documento u Objeto a Producir | Parte que lo Producirá | Lugar de Entrega | Fecha de Entrega | Fecha Límite para la Entrega |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**Parte H.  Fechas disponibles**

Dentro del término de sesenta (60) días establecido en la Regla 37.2 de Procedimiento Civil, las partes deberán indicar tres fechas disponibles en común para la celebración de la Conferencia Inicial, la Conferencia con Antelación al Juicio o el Juicio.

_____          _____          _____

*Certificamos que a nuestro mejor conocimiento y creencia la información que se ha provisto en el Informe es la correcta, y que en esta misma fecha las partes han sido notificadas y están de acuerdo con el contenido del mismo.*

Fecha: _____

| | |
|---|---|
| Nombre del(de la) abogado(a) de la parte demandante | Nombre del(de la) abogado(a) de la parte demandada |
| Firma del(de la) abogado(a) de la parte demandante | Firma del(de la) abogado(a) de la parte demandada |
| Número de Colegiado(a) | Número de Colegiado(a) |

**Instrucciones para completar el Formulario de Informe para el Manejo del Caso**

\* Este formulario contiene la información mínima que debe proveérsele al tribunal, las partes podrán añadir cualquier otra información adicional o acuerdo que hayan tomado.

\*\* En el caso de co-partes demandadas, terceros(as) demandados(as) o interventores(as), deberán añadirse los espacios correspondientes.

\*\*\* Se utilizarán los anejos que sean necesarios para completar en forma debida la información requerida en este Formulario.

**Parte A. Información General**

La pregunta 1 va dirigida a que las partes indiquen alguno de los métodos para la solución de conflictos a que será referido el caso, a tenor con lo dispuesto en el Reglamento de Métodos Alternos para la Solución de Conflictos, según enmendado, 4 L.P.R.A. Ap. XXIX, o del Manual de Normas y Procedimientos de los Centros de Mediación de Conflictos.

**Parte B. Prueba Documental**

La pregunta 1 va dirigida a que cada parte provea una descripción detallada de todo documento entregado por cada parte.

La pregunta 2 va dirigida a obtener información básica sobre la existencia de algún contrato de seguro que pueda ser responsable de satisfacer toda o parte de la sentencia que pueda dictarse en este caso.

La pregunta 3 va dirigida a que cada parte indique la prueba requerida a la otra parte, que no haya sido entregada al momento de presentar el Informe. Cada parte indicará el título del documento, una descripción y el lugar donde está localizado el documento.

**Parte C. Prueba Testifical**

La pregunta 1 va dirigida a conocer los nombres de las personas testigos que cada parte tiene intención de traer al juicio, con inclusión de las partes.

La pregunta 2 va dirigida a obtener los nombres de las personas peritas que cada parte pretende utilizar para el caso y las que cada parte haya consultado, en cuyo caso deberá incluirse el nombre de la persona perita consultada en los espacios provistos para la parte demandante y la parte demandada. Las partes también deberán incluir en este apartado los(las) peritos(as) de ocurrencia que se pretendan traer a juicio. Las partes además deberán describir el campo de experiencia e incluir el currículum vítae de cada persona perita. Se indicará además un breve resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que sostienen las mismas e indicar si la persona perita rindió un informe pericial. De necesitar una persona perita nombrada por el tribunal, las partes deberán informarlo mediante moción separada.

**Parte D. Prueba sujeta a descubrimiento**

La pregunta 1 va dirigida a que cada parte indique el nombre, dirección y teléfono de toda persona que pueda tener información descubrible sobre el caso.

**Parte E. Prueba estipulada**

La pregunta 1 va dirigida a obtener toda la prueba documental estipulada y conocer el propósito de la misma.

**Parte F. Pleitos relacionados**

En esta parte se identificarán los pleitos que impliquen cuestiones de hechos y de derecho similares al caso, para ello se indicarán los nombres de las partes, el número o números de caso, tanto en primera instancia como en las etapas apelativas, y la sala en la que el caso estuvo pendiente, sea un caso activo o inactivo.

**Parte G. Itinerario para el descubrimiento de prueba**

En esta parte se indicarán los interrogatorios, requerimientos de admisiones, deposiciones y requerimiento de documentos que quedan pendientes, luego de presentado el Informe para el Manejo del Caso. Es importante que las partes indiquen las fechas para: la toma de una deposición, el envío de un pliego de interrogatorio, de un requerimiento de admisiones o la entrega de unos documentos u objetos, como también las fechas límites en caso de que se incumpla con las fechas fijadas originalmente.

**Parte H. Fechas disponibles**

Las partes deberán indicar tres fechas disponibles en común, dentro del término de sesenta (60) días a partir de la presentación del Informe para el Manejo del Caso, para coordinar la celebración de la Conferencia Inicial, la Conferencia con Antelación al Juicio o el Juicio, según lo dispone la Regla 37.2 de Procedimiento Civil.

**FORMULARIO 4**

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Centro Judicial de _____
Sala _____

_____
nombre de la(s) parte(s) demandante(s)

v.

_____
nombre de la(s) parte(s) demandada(s)

CASO NÚM. _____

SALÓN NÚM. _____

ACCIÓN CIVIL DE _____
(materia o asunto)

A: _____
nombre de la persona citada

# CITACIÓN

☐ Usted deberá comparecer en el Tribunal de Primera Instancia de _____, en el lugar, fecha y hora indicada más adelante, para declarar como testigo en el caso de epígrafe.

Lugar de la toma del testimonio: _____
_____
_____

Fecha: _____

Hora: _____

☐ Usted deberá comparecer en el lugar, fecha y hora indicada más adelante, para la toma de una deposición en el caso de epígrafe.

Lugar de la toma de deposición: _____
_____
_____

Fecha: _____

Hora: _____

☐ Usted deberá producir y permitir la inspección y fotocopia del(de los) siguiente(s) documento(s) u objeto(s) en el lugar, fecha y hora indicada más adelante:

Documentos u objetos a ser inspeccionados: _____
_____

Lugar de la inspección: _____
_____
_____

Fecha: _____

Hora: _____

☐ Usted deberá producir y permitir la inspección del(de los) siguiente(s) lugar(es) en la fecha y hora indicada más adelante:

Lugar(es) de la inspección: _____
_____
_____

Fecha:_____

Hora: _____

Cualquier organización que no sea parte en este caso, que sea citada para la toma de una deposición, deberá designar uno(a) o más oficiales, directores(as), agentes gerenciales u otra persona que pueda consentir a testificar a nombre de ésta y deberá, por cada persona designada, indicar las materias sobre las cuales la persona testificará.

Nombre del (de la) oficial que expide la citación:
(si es abogado(a) indique la parte que representa)
_____

Fecha: _____

Dirección: _____

Núm. Colegiado(a) _____
Firma: _____
Tel.: _____

_____
_____

CASO NÚM. _____

---

PRUEBA DE LA NOTIFICACIÓN DE LA CITACIÓN

**Lugar: _____Fecha:_____**

**Entregada a: _____ (forma de entrega) _____**

**Entregada por: _____ (título) _____**

---

DECLARACIÓN DE LA PERSONA QUE NOTIFICÓ LA CITACIÓN

**Declaro, bajo pena de perjurio, que la información antes provista en la Prueba de la Notificación de la Citación es verdadera y correcta.**

En _____, Puerto Rico a ____de _____de_____.

_____
Nombre de la persona que notificó la citación

_____        _____
Firma de la persona que notificó la citación        Dirección de la persona que notificó la citación

### (Reglas de Procedimiento Civil concernientes a la citación)

**Regla 40.4 Protección de las personas sujetas a citación**

(a) La parte que solicite la expedición de una citación o el abogado o abogada que expida una citación deberá tomar las medidas que considere razonables para evitar imponerle una carga o unos gastos onerosos a la persona sujeta a la citación. El tribunal que emita la citación podrá imponer sanciones a la parte o al abogado o abogada que incumpla con este deber, las cuales podrán incluir pérdida de ingreso y honorarios de abogado.

(b) La persona a quien se le exija la producción de documentos y la inspección y copia de libros, documentos, información almacenada electrónicamente, objetos tangibles o de un lugar, no tiene que comparecer al lugar donde se realizará la inspección a menos que también se le exija comparecer para deposición, vista o juicio.

(c) La persona a quien va dirigida la citación podrá, dentro de los quince (15) días de haberle sido diligenciada, notificar por escrito al abogado o abogada designado(a) en la citación su objeción a la inspección o fotocopia de toda o parte de la información, o del lugar donde está localizada, o a la producción de información almacenada electrónicamente en la forma o formas requeridas, o a la inspección de un predio o propiedad. De haber objeción, la parte que notifica la citación no tendrá derecho a la inspección o producción de lo solicitado, aunque podrá oponerse y solicitar al tribunal, previa notificación a la persona citada, que dicte una orden concediendo la inspección o producción. El tribunal dictará la orden que corresponda y, en caso de que ordene la inspección o producción de lo solicitado, deberá proteger a cualquier persona que no sea parte u oficial de una parte, de cualquier gasto significativo que pueda surgir de la inspección, producción o fotocopia de la información.

(d) La persona que haya sido citada para prestar testimonio en una deposición podrá presentar su objeción dentro de los quince (15) días de diligenciada la citación. Si la citación es a una vista o juicio, la objeción podrá presentarse en cualquier momento.

**Regla 40.5.    Deber de responder a una citación**

(a) La persona que responda a una citación para la producción de documentos deberá producirlos según los archive en el curso normal de su negocio, o deberá organizarlos e identificarlos en categorías según le sea solicitado.

(b) Cuando la información sujeta a citación no se provee alegando que ésta es información privilegiada o que está sujeta a una orden protectora por ser material de preparación para el juicio, la alegación debe ser expresa y estar fundamentada en una descripción de la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos, que le permita a la parte que los solicita impugnar tal alegación. Esto no eximirá de producir aquellos documentos que no son objeto de la solicitud de orden protectora.

**Regla 40.10.    Desacato**

El dejar de obedecer, sin causa justificada, una citación debidamente diligenciada podrá ser considerado como desacato al tribunal.